## FORM FOR USE IN APPLICATIONS

## FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254

RECEIVED

_CHRISTOPHER MCCULLOUGH_
Name

2007 JAN -8  A 9: 40

_174909_
Prison Number

DEBRA P. HACKETT, CLK.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

_W. E. DONALDSON 100 WARRIOR LANE_
_BESSEMER, ALABAMA 35023_
Place of Confinement

United States District Court _MIDNE_ _____ District of _ALABAMA_

Case No. _3:07-CV-71-WHA_
(To be supplied by Clerk of U. S. District Court)

_CHRISTOPHER MCCULLOUGH_ _____ , PETITIONER
(Full Name)   (Include name under which you were convicted)

_DANZEL JONES - WARDEN_ _____ , RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person
having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF _ALABAMA_ _____

_____ , ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgement which imposed a sentence to be
served in the <u>future</u>, petitioner must fill in the name of the state where the
judgment was entered.  If petitioner has a sentence to be served in the <u>future</u>
under a federal judgment which he wishes to attack, he should file a motion
under 28 U.S.C. §2255, in the federal court which entered the judgment.)

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
## STATE CUSTODY

### INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the
petitioner under penalty of perjury.  Any false statement of a material fact
may serve as the basis for prosecution and conviction for perjury. All
questions must be answered concisely in the proper space on the form.

N955

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8½ x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition if fully completed, <u>the original and two copies * must be mailed to the Clerk of the United States District Court whose address is</u>:

P.O. Box 711
Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

**\*If you are proceeding <u>in forma pauperis</u>, only the original petition needs to be filed with the Court.**

PETITION

1. Name and location of court which entered the judgment of conviction under attack _CHAMBERS County  LAFAYETTE ALABAMA 36862_

2. Date of judgment of conviction _NOVEMBER 14,2003_

3. Length of sentence _40YEARS_ Sentencing Judge _RAY MARTIN_

4. Nature of offense or offenses for which you were convicted: _ATTEMPTED_
_BURGLARY 1ST DEGREE_ _____

_____

5. What was your plea?   (check one)
   (a) Not guilty  (✓)
   (b) Guilty       ( )
   (c) Nolo contendere  ( )
   If you entered a guilty plea to one count or indictment, and a not guilty
   plea to another count or indictment, give details: _____

   _____

   _____

6. Kind of trial:     (Check one)
   (a) Jury  (✓)
   (b) Judge only  ( )

7. Did you testify at the trial?  Yes  (✓)   No  ( )

8. Did you appeal from the judgment of conviction?   Yes  (✓)  No  ( )

9. If you did appeal, answer the following:
   (a) Name of court _COURT OF CRIMINAL APPEALS_
   (b) Result _AFFIRMED_
   (c) Date of result _____
   If you filed a second appeal or filed a petition for certeorari in the Supreme
   Court, give details: _____

   _____

   _____

10. Other than a direct appeal from the judgment of conviction and sentence,
    have you previously filed any petitions, applications, or motions with respect
    to this judgment in any court, state or federal?   Yes  (✓)   No  ( )

11. If your answer to 10 was "yes", give the following information:
    (a) (1) Name of court _CHAMBERS COUNTY CIRCUIT COURT_
        (2) Nature of proceeding _POST-CONVICTION RULE 32_

        (3) Grounds raised _PRODUCTION OF FALSE EVIDENCE, VERDICT_
        _CONTRARY TO LAW, INEFFECTIVE ASSISTANCE OF COUNSEL,_
        _CONVICTION OBTAINED BY A VIOLATION OF THE_
        _PRIVILEGE AGAINST SELF INCRIMINATION_

        _____

        (4) Did you receive an evidentiary hearing on your petition, application
            or motion?  Yes  ( )   No  (✓)
        (5) Result _DENIED_
        (6) Date of result _SEPTEMBER 26, 2005_

(b) As to any second petition, application or motion give the same information:

    (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

*N/A*

    (4) Did you receive an evidentiary hearing on your petition, application or motion?  Yes ( )    No ( )

    (5) Result _____ *N/A*

    (6) Date of result _____

(c) As to any third petition, application or motion, give the same information:

    (1) Name of Court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

*N/A*

    (4) Did you receive an evidentiary hearing on your petition, application or motion?  Yes ( )    No ( )

    (5) Result _____ *N/A*

    (6) Date of result _____

(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:

    (1) First petition, etc.          Yes ( )    No (✓)

    (2) Second petition, etc.      Yes ( )    No ( )

    (3) Third petition, etc.       Yes ( )    No ( )

(e) If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not: *I DID NOT RECIEVE ANY NOTICEFICATION THAT THIS PETITION WAS DISMISSED OR DENIED UNTIL DECEMBER, 2006 ON WHICH I HAD TO WRITE THE CIRCUIT CLERK CHARLES W. STORY FOR THIS INFORMATION*

(e)  If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

_____

_____

_____

_____

12.  State *concisely* every ground on which you claim that you are being held unlawfully.  Summarize *briefly* the *facts* supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION:    In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings.  Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them.  However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

**Do not check any of these listed grounds.  If you select one or more of these grounds for relief,** you must allege facts.  The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

**(a)**  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

**(b)**  Conviction obtained by use of coerced confession.

**(c)**  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

**(d)**  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

**(e)**  Conviction obtained by a violation of the privilege against self-incrimination.

**(f)**  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

**(g)**  Conviction obtained by a violation of the protection against double jeopardy.

**(h)**  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

**(i)**  Denial of effective assistance of counsel.

**(j)**  Denial of right of appeal.

A. Ground one: (C) CONVICTION OBTAINED BY USE OF EVIDENCE GAINED PURSUANT TO AN UNCONSTITUTIONAL SEARCH & SEIZURE

Supporting FACTS  (tell your story briefly without citing cases or law):
ON MARCH 19, 2002 MY VEHICLE WAS STOPPED BY A LANETT POLICE OFFICER ROBBIE BETTES ON WHICH IT WAS A 1998 LS MUSTANG. I WAS TOLD BY OFFICER BETTES THAT THE STOPPED ME WAS BECAUSE THE CO-DEFENDANT WAS SEEN LOOKING THROUGH A WINDOW IN POSSESSION OF A FIRE ARM. IN MY ARM REST LAYED A SKI-MASK ON WHICH I PLACED IN MY BACK POCKET TO SHOW THE OFFICER THAT I HAD NOTHING TO HIDE, AFTERWARDS SEVERAL LANETT POLICE SEARCHED MY VEHICLE SEVERAL TIMES WITHOUT OBTAINING A SEARCH WARRANT TO DO SO. AT JURY TRIAL ALL 3 WITNESS ACKNOWLEDGE THAT THEY NEVER DID SAID ANYTHING ABOUT A GUN ON THIS DAY.

B. Ground two: (E) CONVICTION OBTAINED BY A VIOLATION OF THE PRIVILEGE AGAINST SELF-INCRIMINATION

Supporting FACTS  (tell your story briefly without citing cases or law):
I TESTIFIED AT THIS TRIAL TO THE TRUTH OF THIS INCIDENT ON WHICH I STATED THAT THE CO-DEFENDENT WANTED TO DO SOMETHING ILLEGAL TO JOIN A GANG. I WAS THERE TO EYE WITNESS THE EVENT NOT TO PARTICIPATE. SO. I TESTIFIED THAT I HAD THE SKI-MASK ONLY TO REVEAL MY IDENTITY TO KEEP FROM BEING SEEN. AFTER THE CO-DEFENDENT BILLY NORRIS TOLD ME THAT HE SAW SOME ONE IN THE HOUSE I STOPPED HIM FROM DOING ANYTHING, THE BRIEFS ENCLOSED WILL EXPLAIN EVERY THING.

C. Ground three: (F) CONVICTION OBTAINED BY THE UNCONSTITUTIONAL FAILURE OF THE PROSECUTION TO DISCLOSE FAVORABLE EVIDENCE TO DEFENDANT

Supporting FACTS  (tell your story briefly without citing cases or law):
THE DISTRICT ATTORNEY BILL CISENBY DID ADMIT FALSE EVIDENCE TO WHY A BLUE SKI-MASK ON WHICH HE PRODUCED AT THIS JURY TRIAL TO STRENGTHEN THE PROSECUTION CASE AGAINST ME. THIS DISTRICT ATTORNEY OFFICE POSSESS A VIDEO TAPE TO WHICH DISPLAYS THAT THE LANETT POLICE OFFICERS DID LET ME WALK AWAY WITH THIS SKI-MASK ON WHICH I DISPOSED OF ONCE I GOT TO THE LANETT POLICE DEPARTMENT. THEY DID NOT DISCLOSE AT THIS TRIAL OF THE FAVORABLE EVIDENCE TO THE DEFENDANT OF NO D.N.A. SAMPLES OF A HAIR FROM THE SKI-MASK AND NO FINGER PRINTS ON EITHER OF THESE GUNS. AND THE CO-DEFENDANT WITHDRAWN GUILTY PLEA,



D. Ground four: (3) DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

Supporting FACTS (tell your story briefly without citing cases or law): ATTORNEY KYLA GROSS KELIM SHOWED INEFFECTIVENESS AT THIS JURY TRIAL BECAUSE I REQUESTED THAT THE JURY SEE THE VIDEOTAPE OF THE STOPPING OF MY MUSTANG IN WHICH WOULD HAVE DISCLOSED THAT I INDEED WALKED OFF WITH THE SKI-MASK IN MY BACK POCKET AND WAS PLACED INSIDE OF A LANETT POLICE DEPARTMENT PATROL CAR ON WHICH I TOOK THE SKI MASK OUT OF MY BACK POCKET AND PLACED DOWN MY PANTS LEG UNTIL I GOT TO THE LANETT POLICE DEPARTMENT THEN DISPOSED OF IT. SHE SAID THAT SHE DIDN'T WANT THE JURY TO SEE THE GUNS IN THE CAR BUT WANTED ME TO STIPULATE THAT THEY FOUND THEM IN MY CAR, SHE ALLOWED THIS FALSE EVIDENCE TO HAVE WEIGHT.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, wither state or federal, as to the judgment under attack?    Yes ( )  No ( )

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing STEVE MORRES UPSTAIRS COLDWELL BUILDING WEDOWEE, ALABAMA 36278 596 1st AVENUE S.E.
(b) At arraignment and plea ____ // _____ P.O. BOX 814
(c) At trial ____ // ____
(d) At sentencing ____ // ____
(e) On appeal RONALD SLEDGE  VALLEY, ALABAMA 3854

(f) In any post-conviction proceeding _CHRISTOPHER MCCULLOUGH PRO SE_

(g) On appeal from any adverse ruling in a post-conviction proceeding: _____
_____ N/A _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ( )    No (✓)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes (✓)    No ( )

(a) If so, give name and location of court which imposed sentence to be served in the future: _CHAMBERS COUNTY CIRCUIT COURT_ _20 YEARS, 25 YEARS_

(b) And give date and length of sentence to be served in the future: _____
_20 YEARS, 25 YEARS_

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes (✓)    No ( )

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on _DECEMBER 2, 2006_ .
(date)

_Christopher C. McCullough_
Signature of Petitioner

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT
STATE OF ALABAMA

RECEIVED

CHRISTOPHER McCULLOUGH, #174909 * CR. NO. 03-1103

2007 JAN -8  A 9:41

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

PETITIONER,        * TRIAL COURT
                   * CASE NO: CC-2002-318
    VS.
STATE OF ALABAMA,
                   *
        RESPONDENT,    *    3:07CV26-mcf
                   *
    INITIAL BRIEF OF PETITIONER
    ORAL ARGUMENT REQUESTED

CHRISTOPHER McCULLOUGH
W.E. DONALDSON    #174909
100 WARRIOR LANE
BESSEMER, ALABAMA 35023

        PRO'SE

STATEMENT REGARDING ORAL ARGUMENT

ORAL ARGUMENT IS RESPECTFULLY REQUESTED.
THE FACTUAL AND LEGAL ARGUMENTS
PRESENTED IN THE BRIEFS AND RECORDS
AND THE DECISIONAL PROCESS WOULD
BE SIGNIFICALLY AIDED BY ORAL
ARGUMENT

1.

# TABLE OF CONTENTS

PAGE NO'S

STATEMENT REGARDING ORAL ARGUMENT . . . I.

TABLE OF CONTENTS . . . . . . . . . . . . II.

TABLE OF AUTHORITIES . . . . . . . . . III, IV

STATEMENT OF THE CASE . . . . . . . . . . . PAGE 1.

STATEMENT OF ISSUES PRESENTED . . . . PAGE 2.
FOR REVIEW

STATEMENT OF FACTS . . . . . . . . . . PAGE 3.

SUMMARY OF ARGUMENT . . . . . . . . . . PAGE 4.

ARGUMENT . . . . . . . . . . . . . PAGES 5-21.

I. VERDICT WAS CONTRARY TO THE LAW . . . PAGES 5-8.
AND THE WEIGHT OF THE EVIDENCE

II. ADMISSION OF FALSE EVIDENCE . . . . PAGE 8.

III. TRIAL JUDGE GAVE IMPROPER . . . . . PAGES 8-11.
JURY CHARGE, REFUSE TO ANSWER
JURY'S QUESTIONS, REFUSED TO GIVE
REQUESTED JURY CHARGE, AND VIOLATED
HIS DISCRETION AT MY SENTENCE
HEARING.

IV. ILLEGAL SEARCH AND SEIZURE . . . . PAGES 11-13.
OF VEHICLE

V. CONFLICTED TESTIMONY OF . . . . . . PAGES 5-7.
STATE WITNESS'S

VI. PRIVILEGE AGAINST SELF- . . . . . PAGES 13-16.
INCRIMINATION

VII. INEFFECTIVE ASSISTANCE OF . . . . PAGES 17-19.
COUNSEL

VIII. THE VALUE OF A WAIVER OF RIGHTS. PAGES
FORM                                  20-21.

CONCLUSION . . . . . . . . PAGE 22.
CERTIFICATE OF SERVICE . . . . . . PAGE 23.

PAGE II.

# TABLE OF AUTHORIZTIES

**AUTHORITY:**                                    **PAGE NO'S:**

## CASES:

GRAYSON V. STATE 675 So. 2D 516
   (ALA. CRIM. APP. 1995) . . . . . . . PAGE 17.

BEDWELL V. STATE 710 So. 2D 493
   (ALA. CRIM. APP. 1997) . . . . . . . . . PAGE 12

JONES V. STATE 555 So. 2D 333
   (ALA. CRIM. APP. 1989) . . . . . . . . PAGE 10.

MOBLEY V. STATE 563 So. 2D 29
   (ALA. CRIM. APP. 1990) . . . . . . . . . PAGE 7.

WATKINS V. STATE 497 So. 2D 194
   (ALA. CRIM. APP. 1985) . . . . . . PAGE 16.
              AFFIRMED

DILL V. STATE 717 So. 2D 6
   (ALA. CRIM. APP. 1994) . . . . . . . PAGE 16.

GIBSON V. STATE 555 So. 2D 784
   (ALA. CRIM. APP. 1989) . . . . . PAGE 21.

DEUTCSH V. STATE 610 So. 2D 1212
   (ALA. CRIM. APP. 1992) . . . . . . PAGE 10.

WOODS V. STATE 485 So. 2D 1243
   (ALA. CRIM. APP. 1986) . . . . . . . PAGE 9.

EX PARTE G.G. 601 So. 2D 890
      (ALA 1992) . . . . . . . . . . PAGE 14.

PRANTL V. STATE 462 So. 2D 781
   (ALA. CRIM. APP. 1984) . . . . PAGE 14.

JONES V. STATE 481 So. 2D 1183 . . . . PAGE 15.
   (ALA. CRIM. APP. 1985.

III

# TABLE OF AUTHORITIES (CONTINUED)

AUTHORITY:                                    PAGE NO's:

CASES:

HUGGINS V. STATE 41 ALA. APP. 548
  142 SO. 2D 915 CERT. DENIED. . . . . . PAGE 15.

HOLLINS V. STATE 415 SO 2D 1249
(ALA. CRIM. APP. 1982). . . . . . PAGE 15.

MANIGONE V. STATE 740 SO 2D 444. . . PAGE 16.

RUFFIN V. STATE 513 SO 2D 63
(ALA. CRIM. APP. 1987). . . . . . . . . . . PAGE 16

BROADHEAD V. STATE 24, ALA APP. 516
139 SO 115 (1932). . . . . . . . . . . . PAGE 15.

HOOKS V. STATE 534 SO 2D 329
  (ALA. CRIM. APP. 1987). . . . . . . . . PAGE 10.

GUTHRIE V. STATE 616 SO 2D 914. . . . PAGE 19.

EX PARTE HARDLEY 766 SO 2D 154 1999
  ALA. LEXIS 337 (ALA 1999). . . . . . . . . PAGES.

      STATUES AND OTHER AUTHORITIES:
  ALA. CODE § 13A-4-2 . . . . . . . . . . PAGE 14, 16
  ALA. CODE § 13.A-5-47. . . . . . . . . PAGE 10.
  ALA. RULES OF COURT 26.9 (2002). . . . PAGE 10.

ADDED AUTHORITY:                  IVEY V. STATE
CASES!                            709 SO. 2D 502 (ALA. CRIM. APP. 1997.)
EX PARTE BESSELAAR V. STATE            PAGE 12.
600 SO. 2D 978, 979 (ALA 1982) PAGE   TOMLIN V. STATE
BENEFIELD V. STATE PAGE 19.   19.   591 SO. 2D 550
583 SO 2D 1370 (ALA CRIM. APP. 1991).   (ALA. CRIM. APP. 1991). PAGE 18.
SHIPMAN V. STATE PAGE 12.         MICHIE'S CRIMINAL CODE
291 ALA 484, 282 SO. 2D 700    ANNOTATED (2003) PAGE 29
WEAVER V. STATE        IV       BEASLEY LYLES JR. V. STATE 709 SO. 2D 1335
710 SO. 2D 480 PAGE 20.          (ALA. CRIM. APP. 1997.) PAGE 12.

# STATEMENT OF THE CASE

ON OR ABOUT AUGUST 5, 2002 I WAS INDICTED BY THE CHAMBERS COUNTY GRAND JURY FOR THE CHARGE OF ATTEMPTED BURGLARY 1ST DEGREE WITH A WEAPON IN MY POSSESSION.

I WENT TO JURY TRIAL ON NOVEMBER 13nd & 14th 07 2003 AND WAS FOUND GUILTY AS THE INDICTMENT CHARGED AND SENTENCED TO FORTY YEARS IMPRISONMENT.

AT SENTENCING JUDGE RAY MARTIN DID VIOLATE HIS JUDICIAL DISCRETION.

AT THIS JURY TRIAL ON NOVEMBER 13th AND 14th 07 2003 HE VIOLATED HIS JUDICIAL DISCRETION BY GIVING IMPROPER JURY CHARGE TO THE JURY AND REFUSED TO GIVE THE REQUESTED JURY CHARGES.

JUDGE RAY MARTIN DID VIOLATE HIS JUDICIAL DISCRETION BY REFUSING TO RESPOND TO THE JURY'S 2 QUESTIONS WHEN THEY SHOWED DIFFICULTY ON DECIDING THE EVIDENCE.

DISTRICT ATTORNEY BILL LISENBY DID ADMIT FALSE EVIDENCE AT THIS JURY TRIAL TO WIT; A BLUE SKI MASK.

CASE WAS AFFIRMED BY THE COURT OF CRIMINAL APPEALS. CERT. DENIED TO ALABAMA SUPREME COURT. THEN I FILED POST-CONVICTION RULE 32 TO CHAMBERS COUNTY CIRCUIT ON MARCH 29, 04 ON WHICH IT WAS DENIED ON SEPTEMBER 26 2005 ON WHICH IN THE 18 MONTH TIME SPAN THE JUDGE DID NOT GIVE ME A EVIDENTIARY HEARING AS I REQUESTED

PAGE 1

# STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

I. VERDICT WAS CONTRARY TO THE LAW AND THE WEIGHT OF THE EVIDENCE.

II. ADMISSION OF FALSE EVIDENCE.

III. TRIAL JUDGE GAVE IMPROPER JURY CHARGE, REFUSED TO ANSWER JURYS QUESTIONS, REFUSED TO GIVE REQUESTED JURY CHARGE, AND VIOLATED HIS DISCRETION AT MY SENTENCE HEARING.

IV. ILLEGAL SEARCH AND SEIZURE OF VEHICLE.

V. CONFLICTED TESTIMONY OF STATE WITNESS'S.

VI. PRIVILEGE AGAINST SELF-INCRIMINATION

VII. INEFFECTIVE ASSISTANCE OF COUNSEL.

VIII. THE VALUE OF A WAIVER OF RIGHTS FORM.

PAGE 2.

# STATEMENT OF FACTS

I WAS CONVICTED OF ATTEMPTED BURGLARY 1ST DEGREE
ON NOVEMBER 13TH AND 14TH 2003. PRIOR TO THE
JURYS VERDICT BEING CONTRARY TO LAW AND TO
THE WEIGHT OF THE EVIDENCE AN DIRECT
APPEAL FOLLOWED ON WHICH WAS AFFIRMED
BY THE COURT OF CRIMINAL APPEALS AND
CERTIORARI WAS DENIED BY ALABAMA
SUPREME COURT. POST-CONVICTION RULE 32
WAS FILED AND I PROCEEDED AS PRO SE
ON MARCH 19, 2004 AND IT WAS DISMISSED
ON SEPTEMBER 25, 2005 WITHOUT EVIDENTIARY
HEARING. SEVERAL ISSUES WAS RAISED ON
THIS POST-CONVICTION PETITION WHICH WAS
WARRANTED FOR EVIDIENTIARY HEARING.
I DID NOT RECIEVE NOTIFICATION OF
DISMALL UNTIL DECEMBER 2006 AFTER
I WROTE THE CIRCUIT CLERK FOR
UPDATE STATUS.

PAGE 13.

# SUMMARY OF ARGUMENT

THE JURYS VERDICT WAS CONTRARY TO LAW
AND THE EVIDENCE.
STATE DID NOT PROVE THAT I WAS IN
POSSESSION OF A WEAPON WHEN THIS
ALLEGED CRIME TOOK PLACE.
TRIAL JUDGE VIOLATED HIS DISCRETION
TWICE DURING THE PHASE OF THIS
JURY TRIAL. DISTRICT ATTORNEY
SUBMITTED OR ADMITTED FALSE EVIDENCE
CONFLICTED TESTIMONY BY WITNESS'S FOR
THE STATE. PRIVILEGE AGAINST
SELF-INCRIMINATION INEFFECTIVE
ASSISTANT OF COUNSEL AND THE
VALUE OF AN WAIVER OF RIGHTS FORM.

PAGE 4.

# ARGUMENT

## STANDARD OF REVIEW

CORROBORATION WAS INSUFFICIENT WHERE, BUT FOR ACCOMPLICES TESTIMONY AND THE DEPUTY'S HEARSAY REFERENCES TO THE OTHER ACCOMPLICES STATEMENTS, THERE WAS NO EVIDENCE TENDING TO CONNECT DEFENDANT WITH THE COMMISSION OF THE CRIME; THE EVIDENCE UPON WHICH DEFENDANT WAS CONVICTED EMANATED MERELY FROM THE BARE STATEMENTS OF THE ACCOMPLICES.

EX PARTE HARDLEY, 766 So. 2D 154 (1999)
ALA. LEXIS 337 (ALA. 1999).

**I.** VERDICT WAS CONTRARY TO LAW AND THE WEIGHT OF THE EVIDENCE.

THIS COURT WILL REVIEW THE ISSUE OF WHETHER THE JURY'S VERDICT WAS CONTRARY TO LAW IF DEFENDANT CAN DISCLOSE THAT THE WEIGHT OF THE EVIDENCE WAS IN HIS FAVOR. DEFENDANT CONTENDS THAT AT THIS JURY TRIAL ON NOVEMBER 13TH AND 14TH OF 2003 THAT THERE WAS COMPLETE CONFLICT REGARDING THE WITNESSES TESTIMONY FOR THE STATE, AND ONE OF THE STATEMENTS THE STATE WITNESS MADE ON THE DAY OF THE INCIDENT. AT THIS JURY TRIAL MRS. PEARL TRAMMELL THE HIRED HELP TESTIFIED AT THIS TRIAL RIGHT BEFORE MRS. JUDITH GRAGGS DID MRS. PEARL TRAMMELL'S STATEMENT SAID THAT SHE WAS POSITIONED IN THE BACK OF THE HOUSE WHERE SHE WAS FOLDING SOME CLOTHES ON WHICH SHE SAW A VERY TALL BLACK MALE WITH A BANDANNA AROUND HIS FACE LOOKING INTO A WINDOW.

PAGE 5

AND SHE ALSO STATES AFTER SHE SAW THIS ONE
MAN SHE NOTIFIED THE GRAGGS IMMEDIATELY.
AFTERWARDS SHE STATED THAT SHE AND JUDITH GRAGG
WENT TO A BEDROOM ALSO LOCATED AT THE BACK OF
THE HOUSE AND SAW SOMEONE RUNNING IN THE GRAGGS
BACK YARD. AT TRIAL MRS. TRAMMELL TESTIMONY
GOES AS FOLLOWS : SHE PROCLAIMS THAT SHE WAS
AT THE BACK OF THE HOUSE FOLDING CLOTHES
WHEN SHE SAW A VERY TALL BLACK MAN LOOKING
INSIDE A BACK WINDOW AND THAT SHE SAW
ANOTHER MAN WITH A SKI-MASK AT THE FRONT
OF THE HOUSE. THIS TESTIMONY ALONE IS CONTRADICTORY
BECAUSE IF SHE WAS POSITIONED IN THE BACK OF
THE HOUSE IT WAS SIMPLY IMPOSSIBLE FOR HER TO
VIEW THE SIDE OR THE FRONT OF THIS VERY LARGE
HOUSE. THEN SHE GOES ON TO SAY THAT SHE AND
MRS. JUDITH GRAGG BOTH WENT INSIDE OF A
BEDROOM TO LOOK OUT A WINDOW AND THEY BOTH
SAW TWO MEN RUNNING TOWARD THE BARN IN THE
BACK YARD. SHE TESTIFIED THAT THEY WERE
STANDING SIDE BY SIDE WHEN THIS ACT OCCURRED.
MRS. JUDITH GRAGG THEN CAME TO THE WITNESS
STAND TO TESTIFY RIGHT AFTER MRS. PEARL TRAMMELL
AND SPECIFICALLY STATED UNDER OATH THAT SHE
WAS NOT GOING TO LIE AND TESTIFIED THAT WHY
SHE AND MRS. TRAMMELL WERE LOOKING OUT THIS
BEDROOM WINDOW SHE SAW ONE MAN RUN THROUGH HER
BACKYARD AND DESCRIBED EXACTLY ON WHAT HE WAS
WEARING ON THIS DAY. SHE SAID THAT THE MAN
THAT SHE SAW WAS VERY TALL AND HAD ON A WHITE
T-SHIRT AND BLUE JEANS WHICH SHE DESCRIBED ON
WHAT BILLY NORRIS HAD ON THIS DAY TO THE EXACT
COMPACITY. SHE TESTIFIED THAT HE WAS THE
ONLY PERSON THAT SHE SAW ON HER PROPERTY.
MRS. TRAMMELL WAS ASKED BY DEFENSE ATTORNEY ON
WHAT I WAS WEARING SHE PROCLAIMED THAT SHE
DID NOT REMEMBER.

MR. MIKE GRAGGS THEN TESTIFIED AND STATED THAT HE DID NOT SEE ANY ONE ON HIS PROPERTY AND THAT HE WENT SOLELY BY WHAT HIS WIFE HAD TOLD HIM. MORE CONTRADICTION IS THAT BOTH WOMEN TESTIFIED THAT THEY WERE LOOKING OUT THE SAME WINDOW AT THE SAME TIME BUT MRS. JUDITH GRAGG WHO IS THE OWNER OF THIS HOUSE SAYS THAT SHE SAW ONE MAN ON HER PROPERTY AND MRS. PEARL TRAMMELL WHO WAS THE HIRED HELP STATED THAT SHE SAW TWO MEN. I STAND TO CHALLENGE THAT AT THIS JURY TRIAL MRS. JUDITH GRAGG TESTIMONY SHOULD HAVE OUT WEIGHED MRS. PEARL TRAMMELL TESTIMONY ON WHICH WAS IN MY FAVOR. THIS ALONE SHOWS THAT THE JURYS VERDICT WAS SUPPORTED BY INSUFFICIENT EVIDENCE.

THE JURY IS SUPPOSED TO COLLATE AND APPRAISE THE INDEPENDENT EVIDENCE AGAINST EACH DEFENDANT SOLELY UPON THE DEFENDANTS OWN ACTS. MOBLEY V. STATE, 563 SO. 2D 9 (ALA. CRIM. APP. 1990), AND THE UNDISPUTED TESTIMONY OF ALL WITNESS THAT STATES THAT ON MARCH 19, 2002 DAY OF THIS INCIDENT, THAT NO ONE SAW ANY GUN OR SAID ANYTHING ABOUT ANY ONE HAVING A GUN. THIS TESTIMONY OF THREE OF THE STATE WITNESS'S ON WHICH WERE THE PEOPLE WHO OCCUPIED THIS RESIDENCE ON THE DAY OF ALLEGED CRIME ELIMINATED ANY USE OF A WEAPON INVOLVED IN THIS ALLEGED CRIME. THE ALABAMA LAW IS WELL SETTLED THAT IF A DEFENDANT IS ACCUSED OF COMMITTING A CRIME WITH A WEAPON AND ALL THE EVIDENCE TEND TO SHOW THAT IT WAS DONE WITHOUT A WEAPON THERE IS A FATAL VARIANCE BECAUSE THE GUN CONSTITUTES THE SERIOUSNESS OF THE CHARGE, MICHIES CRIMINAL CODE ANNOTATED (2003).

PAGE 7.

THERE FOR THE JURY MADE AN INCOMPETENT
DECISION ON FINDING ME GUILTY AS THE
INDICTMENT CHARGED SOLELY BASED ON
INSUFFICIENT EVIDENCE. IF ALL THE EVIDENCE
SHOWS THAT NO WEAPON WAS USED TO COMMIT
THIS ALLEGED CRIME THEN THE JURY COULD NOT
FIND ME GUILTY OF COMMITTING THIS
OFFENSE WITH A WEAPON. THERE FORE THE STATUE
OF THIS CRIME IS DEDUCTED FROM CLASS A TO
CLASS C ON WHICH ATTEPTED BURGLARY 3RD DEGREE
IS KNOWN OR CONSIDERED AS CRIMINAL TRESPASS
1ST DEGREE WHICH IS AN CLASS A MISDEMEANOR.
THERE FORE THE JURY WAS IN COMPETENT AND
WAS WITHOUT JURISDICTION TO PASS SUCH VERDICT.

## II. ADMISSION OF FALSE EVIDENCE

I THE DEFENDENT CONTEND THAT THE
DISTRICT ATTORNEY BILL LISENBY DID
WILLINGLY ADMIT FALSE EVIDENCE TO
WIT A BLUE SKI MASK ON WHICH THE LANETT
POLICE DEPARTMENT OFFICERS NEVER TOOK OFF
ME AT THIS STOP. THE VIDEO TAPE OF THIS
STOP DISGLOSES THAT I WALKED AWAY WITH
THIS SKI-MASK AND DISPOSED OF IT AT
THE LANETT POLICE DEPARTMENT.
THE ONLY THING ON WHICH MADE ME A
PARTY TO THIS CRIME WAS THE SKI-MASK
ON WHICH THEY NEVERED TOOK FROM ME.
SO THE SKI-MASK THAT HE PRESENTED AT
THIS JURY TRIAL WAS FALSE EVIDENCE.
THIS VIDEO TAPE WILL DEFINITELY SHOW THIS

PAGE 8.

## III. TRIAL JUDGE GAVE IMPROPER JURY CHARGE, REFUSED TO ANSWER JURYS QUESTIONS, REFUSED TO GIVE REQUESTED JURY CHARGE, AND VIOLATED HIS DISCRETION AT MY SENTENCING HEARING

I THE DEFENDANT DO HEREBY CONTEND THAT JUDGE RAY MARTIN GAVE ERRONEOUS INSTRUCTIONS TO THE JURY REGARDING THE OFFENSE OF ATTEMPTED BURGLARY 2ND DEGREE. I CONTEST THAT THIS JURY CHARGE WAS ERRONEOUS AND IMPROPER BECAUSE AFTER ALL THE EVIDENCE WAS PRESENTED BY THE STATE AND DEFENDANT IT SHOWED THAT NO WEAPON WAS INVOLVED IN THIS ALLEGED CRIME. SO BY NO WEAPON BEING USED TO COMMITT THIS ALLEGED CRIME IT CONSTITUTED AND WARRANTED FOR A LESSER INCLUDED OFFENSE, 14TH AMENDMENT STATES THAT NO STATE SHALL DEPRIVE ANY PERSON OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW. DUE PROCESS REQUIRES THAT A LESSER INCLUDED OFFENSE INSTRUCTION BE GIVEN ONLY WHEN THE EVIDENCE WARRANTS SUCH AN INSTRUCTION WOODS V. STATE, 485 SO. 2D 1243 (ALA. CRIM. APP. 1986). AT THIS JURY TRIAL THE EVIDENCE DEFINITELY WARRANTED A LESSER INCLUDED OFFENSE OF ATTEMPTED BURGLARY 3RD DEGREE WHICH IS CONSIDERED AS AN ACT OF CRIMINAL TRESPASSING AN CLASS A MISDEMEANOR. JUDGE RAY MARTIN GAVE THE JURY WHICH IS NOT A LESSER INCLUDED OFFENSE OF ATTEMPTED BURGLARY 1ST DEGREE. (SEE MICHIES CRIMINAL CODE ANNOTATED 2003). THIS IS REVERSIBLE ERROR PREJUDICIAL. ALSO THE JURY SHOW DIFFICULTY CONTEMPLATING OVER THE EVIDENCE ON WHICH THEY ASKED JUDGE RAY MARTIN FOR HIS HELP THEY POSED TO QUESTIONS TO HIM TO SPECIFY THEIR DIFFICULTIES. ① WAS THERE ANY FINGER PRINTS ON THE GUN. ② DID HE HAVE A CHANCE TO WRITE HIS OWN STATEMENT.

PAGE 9.

HIS RESPONSE WAS QUOTE-UNQUOTE (I AM NOT GOING
TO ANSWER ANY OF YOUR QUESTIONS, YOU HEARD ALL OF THE
EVIDENCE YOUR SELFS YOU MUST DECIDE ON THE EVIDENCE
THAT YOU HEARD.)
A TRIAL JUDGE HAS SOME OBLIGATION TO MAKE
REASONABLE EFFORTS TO ANSWER A QUESTION FROM
THE JURY
WHEN A JURY EXPLICIT ITS DIFFICULTY AT TRIAL
A TRIAL JUDGE SHOULD CLEAR THEM AWAY WITH
CONCRETE ACCURACY.
DEUTCSH V. STATE, 610 SO. 2D 1212 (ALA. CRIM. APP. 1992).
ALSO AT SENTENCING HEARING JUDGE RAY MARTIN
DID VIOLATE HIS DISCRETION BY VIOLATING THE
RULES OF COURT RULE 26.9 (U AFFORD THE DEFENDANT
AN OPPURTUNITY TO MAKE A STATEMENT IN HIS OWN
BE HALF BEFORE IMPOSING SENTENCE.
HE ALSO VIOLATED HIS DISCRETION ON THE GROUNDS
OF THE JUDGE DID NOT ASK THE COURT GENERALLY
IF THERE WAS ANYTHING FURTHER FROM ANYBODY.
THIS IS A PROPER ALLOCUTION.
JONES V. STATE, 555 SO. 2D 333 (ALA. CRIM. APP. 1989).
AND BY REVIEWING ALL THE EVIDENCE
AT THIS JURY TRIAL HE KNEW THAT THE
CO-DEFENDANT WAS NOT CORROBORATED THIS
CONSTITUTES THE FOLLOWING AUTHORITY
ALTHOUGH JURYS DECISION CONCERNING
SENTENCE IS TO BE GIVEN CONSIDERATION
BY THE TRIAL JUDGE, HE MAY ACCEPT OR REJECT
THAT VERDICT.
HOOKS V. STATE, 534 SO. 2D 329 (ALA. CRIM. APP. 1987)
[13A-5-47] (C.) BEFORE IMPOSING SENTENCE THE
                 TRIAL COURT SHALL PERMIT THE PARTIES
                 TO PRESENT ARGUMENTS CONCERNING
                 THE EXISTENCE OF AGGRAVATING AND
                 MITIGATING CIRCUMSTANCES AND THE
                 PROPER SENTENCE IMPOSED IN THE CASE.

PAGE 10.

IT IS APPARENT THAT THE JURY'S VERDICT IS CLEARLY DIVERGENT FROM THE EVIDENCE AND THE LAW AND AGAINST THE GREAT WEIGHT AND PREPONDERANCE OF THE EVIDENCE.

## IV. ILLEGAL SEARCH AND SEIZURE OF VEHICLE

FOURTH AMENDMENT: THE RIGHT OF THE PEOPLE TO BE SECURE IN THEIR PERSONS, HOUSES, PAPERS, AND EFFECTS AGAINST UNREASONABLE SEARCHES AND SEIZURES SHALL NOT BE VIOLATED, AND NO WARRANTS SHALL ISSUE, BUT UPON PROBABLE CAUSE, SUPPORTED BY OATH OR AFFIRMATION AND PARTICULARLY DESCRIBING THE PLACE TO BE SEARCHED AND THE PERSONS OR THINGS TO BE SEIZED.

ON MARCH 19, 2002 OFFICER ROBBIE BETTES OF THE LANETT POLICE DEPARTMENT STOP MY MUSTANG IN A CEMETARY ABOUT 200 YARDS FROM THE ALLEGED RESIDENCE ON WHICH HE PROCLAIMED THAT THE PASSENGER OF MY VEHICLE BILLY NORRIS WAS SEEN HOLDING A GUN LOOKING THROUGH A WINDOW. SO DID SEVERAL MORE OFFICERS STATE THIS SAME ALLEGATION. THAT IS THE REASON THEY SEARCHED MY AUTOMOBILE, THEY SEARCHED EVERY PORTION OF THIS VEHICLE WHICH INCLUDES: THE ARMREST, GLOVE COMPARTMENT, UP UNDER ALL SEATS, INSIDE OF THE 2 DOORS, ALL OF THE TRUNK AREA, INSIDE FACTORY RIMS AND TIRES, THE ENGINE, AND FINALLY BEHIND THE BACK PASSENGER SEATS. ON NOVEMBER 13TH AND 14TH I WENT TO JURY TRIAL ON WHICH ALL THREE WITNESS'S DISCLOSED THAT NEITHER ONE OF THEM SAW A GUN OR SAID ANYTHING ABOUT ANY ONE HAD A GUN. I CONTEND THAT THESE OFFICERS MADE A FALSE ALLEGATION TO SEARCH MY AUTOMOBILE. THIS IS WHAT THEY USED AS AUTHORIZATION TO OVER RIDE ANY CONSENT THAT I HAD TO SEARCH THIS CAR.

IF MY MEMORY SERVES ME RIGHT THIS ILLEGAL SEARCH LAST AT LEAST AN HOUR OR SO ON WHICH I HAD STATED QUOTE-UNQUOTE [HOW MANY TIMES ARE YALL GOING TO SEARCH MY CAR.] THIS WHEN AN OFFICER KNEELED DOWN BESIDE BILLY NORRIS AND STARTED TALKING THEN AFTER ABOUT 2 OR 3 MINUTES THE OFFICER STOOD UP AND TOLD DT. RICHARD CARTER SOMETHING. THEN THE OFFICER PICKED BILLY NORRIS OFF OF THE GROUND AND WALKED HIM TO A PATROL CAR AND PLACED HIM IN THE BACK SEAT. THEN AN POLICE OFFICER PICKED ME UP AND THEY ASKED ME IF I WAS SURE THAT NO GUNS WERE IN MY VEHICLE I TOLD THEM QUOTE-UNQUOTE [I DO NOT HAVE ANY GUNS IN MY CAR AND THEIR BETTER NOT BE ANY GUNS IN MY CAR.] THATS WHEN A OFFICER WALKED ME TO THE SAME CAR WITH THE SKI MASK IN MY BACK POCKET AND PLACED ME IN THE SAME PATROL CAR IN THE BACK SEAT BESIDE BILLY NORRIS THIS CAR WAS SOME DISTANCE FROM MY MUSTANG ON WHICH AFTER THEY PLACED ME IN THE PATROL CAR IS WHEN THEY SAID THAT THEY FOUND THE WEAPONS. I STAND TO CHALLENGE THIS ISSUE IN THIS HABEAS CORPUS BECAUSE POSSESSION OF A SKI-MASK ONLY CREATES SUSPICION

MERE SUSPICION ALONE IS NOT SUFFICIENT BASIS FOR FINDING OF "PROBABLE CAUSE." IVEY V. STATE 709 So. 2D 502 (ALA CRIM. APP. 1997)

IN DETERMINING WHETHER THERE IS PROBABLE CAUSE TO SEARCH, FACT THAT CONTRABAND WAS ULTIMATELY DISCOVERED CANNOT BE CONSIDERED TO SUPPLY PROBABLE CAUSE. SHIPMAN V. STATE, 291 ALA 484, 282 So. 2D 700

THIS IS MERITORIOUS TO ESTABLISH THE FACT THAT I DID HAVE AN LEGITIMATE EXPECTATION OF PRIVACY IN THE AREA SEARCHED.


PAGE 12.

FACT THAT POLICE OFFICER, WHILE MOVING SUSPECTS VEHICLE FROM AREA WHERE IT WAS ILLEGALLY PARKED, OBSERVED PISTOL IN FLOOR BOARD OF VEHICLE DID NOT PROVIDE OFFICER WITH PROBABLE CAUSE TO SEARCH VEHICLE, EVEN THOUGH SUSPECT HAD PRIOR FELONY CONVICTIONS FOR SELLING CONTROLLED SUBSTANCE AND PERSONS CONVICTED OF CERTAIN VIOLENT CRIMES WERE PROHIBITED BY STATUE FROM POSESSING PISTOL; SUSPECTS CONVICTION WAS NOT CRIME OF VIOLENCE AND HIS POSSESSION OF PISTOL WAS THEREFORE NOT ILLEGAL. BEASLEY LYKES JR. V. STATE
709 So. 2D 1335 (ALA. CRIM. APP. 1997.)
I HAD ONE PRIOR FELONY BEFORE THEY CONDUCTED THIS ILLEGAL SEARCH AND SEIZURE TOWIT:
1993 RECIEVING STOLEN PROPERTY 2ND DEGREE CLASS C FELONY!

**V. CONFLICTED TESTIMONY OF STATE WITNESS'S**
SEE PAGES 5, 6, AND 7 OF BRIEFS


**VI. PRIVILEG AGAINST SELF-INCRIMINATION**
FIFTH AMENDMENT. SPECIFICALLY STATES THAT NO DEFENDANT SHALL BE COMPELLED IN ANY CRIMINAL CASE TO BE A WITNESS AGAINST HIMSELF.
I TESTIFIED AT THIS TRIAL THAT I WAS NEAR THE GRAGGS PROPERTY AND ONLY ENTERED THEIR LAND TO STOP THE CO-DEFENDANT BILLY MORRIS FROM COMMITTING ANY CRIME DUE TO THE PRESCENCE OF MRS. PEARL TRAMMELL AND THAT IS THE REASON THAT NO CRIME WAS COMMITTED.


PAGE 13.

NEITHER ONE OF US DID NOT ATTEMPT TO
BURGLARIZE THIS RESIDENCE AT ANY
TIME ON MARCH 19, 2002. I ALSO TESTIFIED
TO THE TRUTH THAT I ONLY WAS THERE
TO OBSERVE BILLY NORRES COMMITT
AN SIMPLE CRIMINAL ACT FOR
VERIFICATION TO STREET MEMBERS
ON WHICH HE WANTED TO JOIN.
BUT WHEN HE TOLD ME THAT SOMEONE
WAS PRESENT IN THE HOUSE I CALLED
IT OFF. ON WHICH THE LAW IS WELL SETTLED
THAT THIS CONSTITUTES ABANDONMENT
FROM ALL EFFORTS. [13A-4-2]
ANOTHER TACK IS AS LONG AS DEFENDANTS ACTS
ARE EQUIVOCAL IT CANNOT BE SAID THAT HE
HAS AN INTENT TO COMMITT A CRIME, AS LONG
AS THIS QUALITY OF EQUIVOCATION REMAINS
THERE IS NO ATTEMPT. [13A-4-2]

MERE PRESENCE OF AN INDIVIDUAL AT THE
TIME AND PLACE OF A CRIME DOES NOT MAKE
HIM A PARTY TO THAT CRIME
EX PARTE G.G., 601 SO. 2D 890 (ALA. 1992)

WHERE IT WAS APPARENT THAT THE
STATE PROVED APPELLANT WAS PRESENT
AT THE SCENE, BUT FAILED TO PROVE
THAT APPELLANT WAS THERE TO
ASSIST ANYONE PRESENT TO COMMITT
A BURGLARY, WHILE AIDING AND ABETTING
WAS AN ISSUE FOR THE JURY TO DECIDE,
THERE WAS NOT ENOUGH EVIDENCE
PRESENTED BY THE STATE IN THE CASE
FOR THE MATTER TO GO TO THE JURY,
AND APPELLANTS MOTION TO EXCLUDE
SHOULD HAVE BEEN GRANTED
PRANTL V. STATE, 462 SO. 2D 781 (ALA. CREM. APP 1984)

PAGE 14.

REMOTE PREPARATORY ACTS REASONABLY IN A CHAIN OF CAUSATION DO NOT CONSTITUTE AN ATTEMPT. HUGGINS V. STATE, 41 ALA. APP. 548, 142 So. 2D 915 CERT. DENIED 273 ALA. 708, 145 So. 2D 918 (1962.)

SOME AUTHORITIES HELD THAT WHERE THERE WAS INSUFFICIENT OR UNSUITABLE MEANS EMPLOYED BY THE DEFENDANT SO THAT THE INTENDED CRIME COULD NOT BE WHOLLY COMPLETED, OR, OTHERWISE THERE WAS IMPOSSIBILITY OF ACHIEVEMENT, THERE CAN BE NO LIABILITY FOR AN ATTEMPT TO COMMIT SUCH CRIME.

WHERE THERE WAS NO EVIDENCE OF DEFENDANTS FAILURE TO CONSUMMATE THE CRIME OF BURGLARY IN THE THIRD DEGREE, WHICH WAS A NECESSARY ELEMENT OF ATTEMPT, THE CHARGE OF ATTEMPT WAS NOT NECESSARY OR PROPER. HOLLINS. V. STATE, 415 So. 2D 1249 (ALA CREM. APP. 1982.)

COURT HELD THAT MERE PRESENCE AT THE SCENE WAS INSUFFICIENT TO PROVE APPELLANTS GUILT UNDER A THEORY OF COMPLICITY. JONES V. STATE, 481 So. 2D 1183 (ALA. CRIM. APP. 1985.)

IN ORDER THAT THERE MAY BE AN ATTEMPT TO COMMIT A CRIME WHETHER STATUTORY OR COMMON LAW, THERE MUST BE SOME OVERT ACT IN PART EXECUTION OF THE INTENT TO COMMIT THE CRIME, BUT WHICH FALLS SHORT OF THE COMPLETED CRIME; THE DIFFERENCE BETWEEN ATTEMPT AND COMMISSION BEING THAT THE ACTOR STEP FAILS TO PRODUCE THE RESULT INTENDED. BROADHEAD V. STATE, 24 ALA. APP. 576, 139 So. 115 (1932.)

PAGE 15

SINCE THE EVIDENCE CREATED MERELY A
SUSPICION OF GUILT, IT WAS WHOLLY INSUFFICIENT
TO SUPPORT A CONVICTION. RUFFIN V. STATE,
513 So. 2D. 63 (ALA. CRIM. APP. 1987)

AN ATTEMPT NECESSARILY LIES SOMEWHERE
BETWEEN MERE INTENT, WHICH ALONE IS NOT
PUNISHABLE AND THE COMPLETED OFFENSE
[13A-4-2]

"COURTS FAILURE TO GIVE THE CHARGE ON THE
LESSER INCLUDED OFFENSES" THE TRIAL COURT
COMMITTED ERROR PREJUDICIAL TO DEFENDANT
IN NOT INSTRUCTING THE JURY AS TO THE
LESSER INCLUDED OFFENSES MATKINS V. STATE
497 So. 2D. 194 (ALA. CRIM. APP. 1985.) A FFO.

INSTRUCTION THAT DEFENDANTS MERE PRESENCE
AT CRIME SCENE WAS NOT COMPLICITY ADEQUATELY
COVERED THE DEFENDANTS REQUESTED CHARGE
THAT MERE KNOWLEDGE OF THE CRIME WAS NOT
SUFFICIENT TO SHOW COMPLICITY
MANIGON EV. STATE, 740 So. 2D. 444

THE APPELLANT ARGUES, INTER ALIA, THAT THIS
CAUSE SHOULD BE REMANDED TO THE CIRCUIT COURT
FOR AN EVIDENTIARY HEARING ON HIS
CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL
THE STATE AGREES DILL V. STATE 717 So. 206
(ALA. CRIM. APP. 1998.)

PAGE 16.

# VII. INEFFECTIVE ASSISTANCE OF COUNSEL

I STAND TO VERIFY THAT MY TRIAL COUNSEL WAS INEFFECTIVE AT TRIAL AND ON APPEAL. FIRST OF ALL SHE ALLOWED THE STATE TO INTRODUCE FALSE EVIDENCE TO WIT: A SKI MASK ON WHICH I HAD TOLD HER THAT THE LANETT POLICE OFFICERS DID NOT TAKE THIS SKI MASK FROM ME AND THE VIDEO TAPE WOULD SHOW THIS SHE PROCLAIMED THAT SHE DID NOT WANT THE JURY TO SEE THE GUNS IN MY MUSTANG AND TO FIND OUT THAT THEY WERE STOLEN IN ANOTHER BURGLARY. TO MY RECOLLECTION THE MOTION OF LIMINE ACCURATELY COVERED THIS AREA OF CONCERN THEREFORE WE HAD A HEATED DEBATE ON THIS ISSUE ON WHICH SHE REFUSED MY REQUEST AND OPPOSED OF IT EVERY TIME THAT I BROUGHT IT UP. THIS ARGUMENT WENT ON FOR A COUPLE OF HOURS OF SHE AND I DEBATING ON WHICH WAS MORE IMPORTANT REVEALING THE ADMISSON OF FALSE EVIDENCE OR HIDING THE SPECIFIC PLACE WHERE TWO GUNS CAME FROM. THIS ALONE SHOWS THAT THIS COUNSEL KYLA HELIM GROFF WAS DEFICIENT AND SUCH PERFORMANCE PREJUDICED MY DEFENSIVE STANZE AT TRIAL.
SHE ALSO LOST MY APPEAL.
IN CASES IN WHICH TRIAL COUNSEL ALSO SERVED AS APPELLATE COUNSEL ARE COGNIZABLE IN A PETITION UNDER THIS RULE.
GRAYSON V. STATE 675 So.2D 516 (ALA.CRIM.APP. 1995)
BEDWELL V. STATE 710 So 2D 493 (1992)

PAGE 12

SHE ALSO WAS INEFFECTIVE AT OTHER PHASES OF THIS TRIAL. I REQUESTED HER TO OBJECT TO THE CO-DEFENDANTS ADMISSION OF HIS GUILTY PLEA AS HE TESTIFIED THAT HE ACCEPTED THE TIME THAT HE WAS GIVEN WITH NO PROBLEM. AND ASKED HER TO CROSS-EXAMINE BY ADMITTING HIS WITHDRAWAL OF GUILTY PLEA AS A SOLID DEFENSE SHE ALSO OPPOSED ME ON THAT. ADMISSION OF A CO-DEFENDANTS GUILTY PLEA WILL SUBSTANTIALLY AFFECT THE DEFENDANTS RIGHT TO A FAIR TRIAL IN THAT THE JURY MAY REGARD THE ISSUE OF THE REMAINING DEFENDANTS GUILT AS SETTLED AND THAT THE TRIAL IS A MERE FORMALITY THEREFORE, REVERSIBLE ERROR WAS COMMITTED WHERE THE STATE ASKED A WITNESS WHETHER A CO-DEFENDANT WAS ON DEATH ROW AND THE COURT FAILED TO GIVE A SUFFICIENT LIMITING INSTRUCTION TOMLIN V. STATE, 591 So. 2D 550 (ALA. CRIM. APP. 1991)

I ALSO ASKED HER TO OBJECT TO THE DISTRICT ATTORNEY BILL LISENBY CLOSING ARGUMENT ON WHICH HE STATED FORCIBLY THAT HE BELIEVED THE CO-DEFENDANT TESTIMONY. SHE ONCE AGAIN OPPOSED ME AND I BELIEVE THAT FOR HIM TO STATE SUCH WORDS, HAD A POWERFUL IMPACT ON THE JURY ON WHICH PREJUDICED ME AT THE END OF THIS TRIAL. THIS WAS PART OF HER DEFICIENT PERFORMANCE.

PAGE 18.

REMARKS OF THE PROSECUTOR, VOUCHING FOR THE CREDIBILITY OF THE STATES WITNESS, HELD CLEARLY ERRONEOUS WHERE HE STATED IN THE STRONGEST LANGUAGE, HIS PERSONAL BELIEF IN THE WITNESS CREDIBILITY. COMMENTS OF THE PROSECUTOR, TAKEN AS A WHOLE, COULD REASONABLY HAVE LED THE JURY TO BELIEVE THAT THE PROSECUTOR POSSESSED ADDITIONAL REASONS FOR KNOWING THAT THE STATES WITNESS TESTIFIED TRUTHFULLY, REASONS NOT KNOWN TO THE JURY. GUTHRIE V. STATE 616 So. 2D 914

WHERE DEFENDANT IS REPRESENTED AT TRIAL AND ON APPEAL BY SAME COUNSEL, CLAIMS OF INEFFECTIVE ASSISTANT OF COUNSEL ARE COGNIZABLE IN PETITION FOR POST-CONVICTION RELIEF. PROPERLY RAISED. EX PARTE BESSELAAR 600 SO. 2D 978, 979 (ALA. 1992.)

MERITORIOUS ALLEGATIONS WARRANT EITHER AN EVIDENTIARY HEARING OR AN ADEQUATE EXPLANATION FOR THEIR DENIAL. BENEFIELD V. STATE, 583 SO. 2D 1370 (ALA. CRIM. APP. 1991.)

PAGE 19.

# VIII. THE VALUE OF A WAIVER OF RIGHTS FORM.

I CHRISTOPHER McCULLOUGH STAND TO CHALLENGE THE CRITERIA FOR SIGNING SUCH FORM TO THE DEGREE OF PROPER PROSPECTIVENESS OF ENLIGHTMENT. MEANING TO WIT: IF YOU ALLOW YOURSELF TO BE QUESTION BY DETECTIVES DOES NOT MEAN THAT YOU AUTOMATICALLY MADE A STATEMENT. THIS BELIEF IS IN TOTAL CONFLICT ON WHICH THIS FORM STATES YOU APPROVE OF THEM TO QUESTION YOU ON KNOWING THAT YOUR RIGHTS SPECIFICALLY STATE THAT YOU CAN STOP ANSWERING QUESTIONS OR STOP THIS INTERROGATION AT ANY GIVEN TIME. THIS IS THE PROPER TECHNIQUE OF AN DEFENDANT WHO WAIVES SUCH RIGHTS AND IN LIGHT AN UNSIGNED STATEMENT SUBMITTED BY A DETECTIVE IS CONTRADICTORY TO THESE STANDARDS. THEY PROCLAIMED THAT THE STATEMENT WAS TRUE AND CORRECT BUT I DID NOT SIGN ENDORSE OR VERIFY TO SUCH ALLEGATIONS ON WHICH I FORCEBLY STAND TO CHALLENGE THIS ACT, THAT CORPUS DELICTI HAS NOT BEEN ESTABLISHED.

VALID WAIVER OF MIRANDA RIGHTS CANNOT BE ESTABLISHED BY SHOWING MERELY THAT THE ACCUSED RESPONDED TO POLICE-INITIATED INTERROGATION EVEN AFTER BEING ADVISED OF HIS OR HER RIGHTS, WEAVER v. STATE 710 So. 2D 480

PAGE 22.

MEMORANDA PREPARED BY THE INVESTIGATING
OFFICER ARE NOT ACTUALLY STATEMENTS AS
DEFINED IN EX PARTE PATE AND ARE
SPECIFICALLY EXCLUDED FROM DISCOVERY.
GIBSON V. STATE, 555 SO 2D 784 (ALA. CRIM. APP. 1989.)

PAGE 21.

# CONCLUSION

I THE DEFENDANT IN THIS CASE DID HEREBY BY BRING PROPER CHALLENGE TO THIS CHARGE BY POST CONVICTION RULE 32 ON WHICH WAS DENIED SOME 18 MONTHS AFTER FILING. NO EVIDIENTIARY HEARING WAS HELD TO DETERMINE THE ISSUES ON THE FACE OF THIS PETITION ON WHICH WERE MERITOROUS AND WOULD HAVE GRANTED PETITIONER RELIEF.

THE TRIAL COURT COMMITTED REVERSIBLE ERROR THROUGHOUT THIS WHOLE SERIES OF EVENTS

THE VERDICT WAS CONTRARY TO LAW, THE TRIAL JUDGE VIOLATED HIS DISCRETION AT TRIAL AND SETENCING, STATE ADMITTED FALSE EVIDENCE ON WHICH THIS GROUND ALONE CONSTITUTE AUTOMATIC ACQUITTAL ON WHICH THIS IS THE MOST DISPUTIVE ISSUE IN THIS PETITION THEREFORE AN EVIDIENTIARY HEARING WAS APPROPRIATE IN THIS MATTER. THE COURT OF CRIMINAL APPEALS STATES THAT I GAVE SELF-INCRIMINATION TESTIMONY AT TRIAL.

THERE FORE IN THIS WRIT OF HABEAS CORPUS I SEEK FULL RELIEF OF IMMEDIATE ACQUITTAL OF THE SAID CHARGE.

ORAL ARGUMENT IS REQUESTED

PAGE 22.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE THIS DATE SERVED AN EXACT SAME COPY OF THE FOREGOING BRIEF AND ARGUMENT TO THE : CLERK OF THE UNITED STATES DISTRICT MIDDLE DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711
POSTAGE PREPAID ON THIS THE 28TH DAY OF DECEMBER 2006.

PURSUANT TO RULE 34(A):
I HAVE DEMANDED ORAL ARGUMENT AND HAVE SO INDICATED ON THE COVER OF MY BRIEF.

SIGNATURE, Christopher C. McCullough

CHRISTOPHER C. McCULLOUGH
PRO'SE

PAGE 23.