IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

CHRISTOPHER MCCULLOUGH,          *
#174 909
     Petitioner,                    *

     v.                             *          3:07-CV-71-WHA
                                            (WO)
DANIEL JONES, WARDEN, *et al.*,   *

     Respondents.                   *

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Chris McCullough on December 28, 2006. Petitioner challenges his November 14, 2003 conviction for first degree attempted burglary entered against him by the Circuit Court for Chambers County, Alabama. On January 15, 2004 the trial court sentenced Petitioner to 40 years imprisonment as a habitual offender.

The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on September 24, 2004. Petitioner did not file an application for rehearing or seek certiorari review in the Alabama Supreme Court. By operation of law, Petitioner's conviction became final on October 27, 2004.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28

U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1]  Respondents contend that because Petitioner's conviction became final in 2004- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  Respondents concede that Petitioner filed a state post-conviction petition on July 27, 2005.  They maintain, however, that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Petitioner filing the present federal habeas petition.  (Doc. No. 8, pgs. 8-13.); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335. n.4 (11th Cir. 2001). Upon review of the pleadings filed in this case and applicable case law, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the pertinent period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.  Petitioner was convicted of attempted first degree burglary in the Circuit Court for Chambers County, Alabama, on November 14, 2003.  He filed a direct appeal.  The Alabama Court of Criminal appeals affirmed Petitioner's conviction on September 24, 2004 and issued a certificate of judgment on October 13, 2004. Since Petitioner did not seek further relief from the Alabama Supreme Court, he was not entitled

---

[1]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

to file a petition for certiorari with the United States Supreme Court and the time for seeking review of the 2003 attempted first degree burglary conviction, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court -- fourteen (14) days from the issuance of the certificate of judgment.[2]  Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court).  Thus, Petitioner's attempted first degree burglary conviction became final on October 27, 2004 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date. (Doc. No. 8, Exhs. 1B-1E.)

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  The court finds that the limitation period ran for 267 days after Petitioner's conviction became final until he filed a Rule 32 petition in the trial court on July 21, 2005.[3]

---

[2]Respondents' contention that Petitioner's conviction became final on October 13, 2004 upon issuance of the Alabama Court of Criminal Appeals' certificate of judgment fails to take into account the fourteen days within which Petitioner could have filed a petition for writ of certiorari.  Upon expiration of the fourteen days within which Petitioner could have filed a petition for writ of certiorari after the appellate court's issuance of a certificate of judgment, his conviction became final.

[3]Although the Clerk stamped the post-conviction petition as being filed on July 27, 2005, and Petitioner indicated in the petition that it was mailed from the institution on July 20, 2005, it is clear that he still had the petition in his possession on July 21, 2005 which is the date he signed his petition under oath before a Notary Public.  The court, therefore, construes July 21, 2005 as the date Petitioner filed his Rule 32

On November 17, 2005 the trial court denied the Rule 32 petition. Petitioner did not appeal the trial court's decision and, therefore, the limitation period began to run again on December 29, 2005, 42 days after the trial court entered its decision as this is the last day Petitioner could appeal that ruling. *See* Rule 4(b), *Alabama Rules of Appellate Procedure*. (Doc. No. 8, Exhs. 2A-2E.) Thus, as of the aforementioned date, Petitioner had 98 days of the applicable limitation period remaining within which to file a federal habeas petition. The court, therefore, concludes that the time allowed Petitioner for the filing of a federal habeas petition expired on April 6, 2006. Petitioner filed his federal habeas application on December 28, 2006 - 266 days or eight months and 22 days after the limitation period had expired.

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant § 2254 petition. In light of the foregoing, it is

ORDERED that on or before March 14, 2007 Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

---

petition with the trial court. *See Houston v. Lack*, 487 U.S. 266, 271-272 (1988). (*See* Doc. No. 8,  Exhibit 2A at 7, 11.)

DONE, this 22nd day of February 2007.

_____/s/Susan Russ Walker_____
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE