IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2007 MAR 12 A 9:42
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CHRISTOPHER McCULLOUGH,
#174909
    PETITIONER,

VS.                                 CASE NO: 3:07-CV-71-WHA

DANIEL JONES, WARDEN
    RESPONDENT,

## RESPONSE TO MAGISTRATE ORDER

COMES NOW THE PETITIONER HIS ANSWER IN COMPLIANCE TO SAID ORDER, HEREBY GIVES LEGITIMATE REASONS FOR HIS CONTINUATION OF PURSUING HABEAS CORPUS REVIEW IN FEDERAL COURT.

THE PETITIONER CONTENDS THAT THE ISSUES ARE ADEQUATE ENOUGH TO DESERVE ENCOURAGEMENT TO PROCEED FURTHER.

PETITIONER STANDS TO CHALLENGE SUCH DEFAULT BECAUSE OF THE TRIAL COURT NEGLECTING TO AWARE PETITIONER OF SUCH DISMISSAL OF HIS POST-CONVICTION RULE 32 ON WHICH ANY FINAL JUDGEMENT BY TRIAL JUDGE SHOULD BE MADE BY WAY OF WRITTEN ORDER AND THE CIRCUIT CLERK SHALL ISSUE SAID ORDER TO ALL PARTIES INVOLVED IN THE CASE INCLUDING PETITIONER. FAILURE TO DISCLOSE SUCH VALUEABLE INFORMATION IS AN DIRECT VIOLATION OF MY CONSTITUTIONAL RIGHTS UP UNDER THE 5TH, 14TH AMENDMENTS WHICH GUARANTEES ME DUE PROCESS OF LAW AND I CANNOT BE DEPRIVED OF SUCH RIGHT.

BY FAILING TO AWARE PETITIONER OF SAID ORDER, CAUSED PETITIONER TO BE PREJUDICED BY NOT ALLOWING ME THE RIGHT TO AN DIRECT APPEAL OF THE TRIAL COURTS DECISION TO THE COURT OF CRIMINAL APPEALS. I COULD HAVE DISPUTED ANY AND ALL ISSUES DISMISSED BY TRIAL COURT OF THIS POST-CONVICTION RULE 32.

TRIAL COURT WAS REQUIRED TO SPECIFY REASON OR REASONS FOR ITS DISMISSAL AS TO EACH CLAIM RAISED IN PETITION FOR POST-CONVICTION RELIEF, WHETHER BASED ON PROCEDURE OR ON THE MERITS. RULES OF CRIMINAL PROCEDURE 32. HARPER v. STATE, 676 So.2d 949 (ALA.CRIM. APP. 1998)

Page 27

Accordingly, because the Appellant presented an allegation that, if true, entitles him to relief, the trial court erred in summarily dismissing this claim. Ex Parte Boatwright 471 So. 2d 1257 (Ala. 1985) See also Ex Parte Dunn, 514 So. 2d 1300 (Ala. 1989.)

I further contend that the State Courts made unreasonable decisions dealing with this charge which was clearly divergent from the evidence and the law and against the great weight and preponderance of the evidence.

The Court of Criminal Appeals made an affirmation on imaginative measures of what they proclaimed on what they would think of what could of happen instead of what did happen. This was very unreasonable and prejudiced Petitioner of his actual innocence of said charge. They further prejudiced Petitioner by using the actions of the Co-Defendant showing anxiety to commit such act as to they contend the non-signed statement they prepared for me states that I denied for him to do so and proclaimed that I firmly stop this from occurring. On which the State Courts used this statement as an proportion not as a whole. The State Courts also prejudiced the Petitioner by allowing the Co-Defendant to read his statement at trial after he gave conflicting and contradicting testimony. They lead the witness throughout this trial.

ANOTHER UNREASONABLE DECISION THE STATE COURTS MADE WAS THE DETERMINATION OF A WEAPON USED TO CORROBORATE THE CO-DEFENT THEY NEEDED A WITNESS TO CORROBORATE THIS THEY DID NOT DO. THIS IS WHAT CONSTITUTE THE SERIOUSNESS OF THIS CHARGE. I WAS ACCUSED OF HAVING THIS GUN ON THIS OCCASSION AND ON SEVERAL OTHER OCCASSION BARE HANDED AND THE WEAPONS WAS SENT TO THE A.B.I. IN MONTGOMERY, ALABAMA ON WHICH THEY DID AN ANALYSIS AND ACKNOWLEDGE THAT NO FINGERPRINTS WERE NOT EFFECTED. THIS WAS NOT PRESENTED AT TRIAL ON WHICH PREJUDICED THE PETITIONER ON WHICH WAS ONE OF TWO QUESTIONS DELIVERED BY THE JURY. I COULD NOT BE FOUND GUILTY OF POSSESSING A WEAPON BY THE CO-DEFENDANTS WORD ALONE BUT I WAS. WITHOUT THIS WEAPON THIS CHARGE AUTOMATICALLY DROPS TO THIRD DEGREE. SO I CONTEND THAT NO REASONABLE JUROR WOULD HAVE CONVICTED ME OF THIS OFFENSE WHO CONTAINS THE PROPER KNOWLEDGE OF LAW CONTAINING THIS SAID CHARGE.

THE RELIABLE EVIDENCE SHOWS THAT THERE WAS NO ATTEMPT TO COMMITT THE CRIME OF BURGLARY THAN MERE INTENT ON THE CO-DEFENDANT PART. REMOTE PREPAROTORY ACTS REASONABLY IN A CHAIN OF CAUSATION DO NOT CONSTITUTE AN ATTEMPT. HUGGINS V. STATE SO.2D 918 (1962.)

COURT HELD THAT MERE PRESENCE AT THE SCENE WAS INSUFFICIENT TO PROVE APPELLANT'S GUILT UNDER A THEORY OF COMPLICITY. JONES V. STATE, 481 SO.2D 1183 (ALA. CRIM. APP. 1985.)

I ALSO CONTEND THAT MY CONSTITUTIONAL RIGHT UP UNDER THE 5TH AMENDMENT FOR SELF-INCRIMINATION HAS BEEN VIOLATED BY ME ACKNOWLEDGING THAT I WAS THERE TO EYEWITNESS THIS CRIME BUT STOP IT. THE ONLY WAY THEY PROCLAIMED THAT I WAS PRESENT ON THIS LAND WAS MY TESTIMONY. 5TH AMENDMENT STATES THAT NOR SHALL ANY PERSON BE COMPELLED IN ANY CRIMINAL CASE TO BE A WITNESS AGAINST HIMSELF. THIS TESTIMONY ACCUMULATES MY PRESENCE ON THIS DAY.

I ALSO CONTEND THAT I HAD INEFFECTIVE ASSISTANCE OF COUNSEL UP UNDER THE 6TH AMENDMENT ON WHICH KYLA HELING GROFF LOST THIS TRIAL AND APPEAL AND DID NOT DISPUTE THE CORROBORATE EVIDENCE AT TRIAL. SHE DID NOT PRESERVE THIS RIGHT FOR ME ON APPEAL BECAUSE THE COURT OF CRIMINAL APPEALS STATED THAT I DID NOT PRESERVE THIS RIGHT FOR REVIEW ON APPEAL BECAUSE MRS. GROFF DID NOT DISPUTE THE CORROBORATE EVIDENCE UNTIL SHE FILED A MOTION FOR NEW TRIAL. THIS SHOWS THAT HER STRATEGY AT TRIAL WAS WELL BELOW THE EXPECTATIONS OF THE LAW AND WAS VERY DEFICIENT. AND IT IS MANDATORY FOR ME TO STATE THAT NO COMPETENT ATTORNEY WOULD MADE SUCH AN INCONSIDERATE DECISION. THIS PREJUDICED PETITIONER FROM ATTACKING THE ISSUE OF CORROBARMENTS FOR CO-DEFENDANT TESTIMONY ON DIRECT APPEAL. THIS IS A MATERIAL DISTINGUISHABLE FACT.

RESPECTFULLY

Signature: Christopher C. McCullough
Christopher C. McCullough
PRO 'SE

## CERTIFICATE OF SERVICE

I HEREBY DO CERTIFY THAT ON THIS 5TH DAY OF MARCH, 2007, I HAVE SENT AN EXACT SAME, COPY OF THE FOREGOING TO TROY KING ATTORNEY GENERAL ALABAMA STATE HOUSE 11 SOUTH UNION MONTGOMERY, AL 36130-0152 BY PLACING THE SAME IN THE UNITED STATES POSTAL SERVICE POSTAGE PAID BY PLACING THE SAME IN THE MAIL IN AN UNITED STATES POST OFFICE.

RESPECTFULLY,
Signature: Christopher C. McCullough
Christopher C. McCullough
PRO 'SE

ADDRESS OF COUNSEL
Christopher McCullough #174909
R-#06 CELL W.E. DONALDSON
100 WARRIOR LANE BESSEMER, ALABAMA 35023

CHRISTOPHER MCCULLOUGH #174909 R-it-06 cell
W.E. DONALDSON 100 WARRIOR LANE
BESSEMER, ALABAMA 35023

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711

