**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER MCCULLOUGH,** | ) | |
| | ) | |
| **PETITIONER,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 3:07-CV-71-WHA** |
| | ) | |
| **DANIEL JONES, WARDEN, et al.,** | ) | |
| | ) | |
| **RESPONDENTS.** | ) | |

**RESPONDENTS' SUPPLEMENTAL ANSWER REGARDING PETITIONER'S EQUITABLE TOLLING CLAIM**

Come now the Respondents, by and through the Attorney General for the State of Alabama, and, pursuant to this Court's March 15, 2007 and April 13, 2007 orders, hereby respectfully submit this Supplemental Answer to address Petitioner Christopher McCullough's contention that he is entitled to equitable tolling.

McCullough has failed to show that he is entitled to equitable tolling to excuse the untimely filing of his habeas petition challenging his November 14, 2003 Chambers County Circuit Court conviction of attempted first degree burglary and its corresponding sentence (Chambers County Circuit Court CC-02-318).[1]

---

[1] The Respondents have attached affidavits from Donaldson Correctional Facility Mail Clerk Jamie Oliver and Chambers County Circuit Court Clerk Charles W. Story as Exhibits A and B to this Supplemental Answer. Due to the relationship of the equitable tolling issues in McCullough's habeas petition in this case and in McCullough v. Jones, Case No. 3:07-CV-26-MEF, the instant Supplemental

## ARGUMENT

### McCullough Is Not Entitled To Equitable Tolling Under The Circumstances Of This Case.

1. As discussed in the Respondents' February 20, 2007 answer, McCullough filed his habeas petition 279 days outside of the AEDPA one-year limitation period after allowing for statutory tolling. Doc. 8, p. 12. To summarize the pertinent events leading to the instant habeas petition, the following is a timeline of McCullough's proceedings in state court regarding his attempted burglary conviction, and his filing of his habeas petition in this Court (as demonstrated by the Respondents' exhibits submitted in the aforementioned February 20, 2007 answer):

Conviction/sentencing/direct appeal proceedings:

November 14, 2003: Attempted burglary conviction

January 15, 2004: Sentencing

September 24, 2004: Alabama Court of Criminal Appeals's affirmance of attempted burglary conviction and sentence on direct appeal

October 13, 2004: Alabama Court of Criminal Appeals's certificate of judgment on direct appeal

Ala.R.Crim.P. Rule 32 postconviction proceedings:

July 20, 2005: Date on which McCullough asserted that he mailed his Ala.R.Crim.P. Rule 32 petition

---

Answer is similar to the Supplemental Answer also filed in McCullough v. Jones, Case No. 3:07-CV-26-MEF on today's date.

November 17, 2005: Trial court's judgment denying the Rule 32 petition.

Federal habeas proceedings:

December 28, 2006: Filing of the instant federal habeas petition in this Court.

2. As previously shown by the Respondents, see Doc. 8, pp. 8-14, unless McCullough can show that he is entitled to equitable tolling to excuse the untimely filing of his petition by 279 days, his petition is due to be dismissed as filed outside of the one year AEDPA limitation period. McCullough has claimed that he did not receive notice of the trial court's November 17, 2005 dismissal of his Rule 32 petition until December 1, 2006, and that he received this information at this time after writing a letter to the Chambers County Circuit Clerk. Docs. 1, 13. This purported lack of notice is his basis for equitable tolling. Id.

3. Donaldson Correctional Facility Mail Clerk Jamie Oliver has reviewed the facility's records to determine whether McCullough received legal mail from the Chambers County Circuit Court on or about November 17, 2005. See Ex. A. She has testified that she found no such records. Id. However, Oliver also found no record to indicate that McCullough received legal mail from the Chambers County Circuit Court on or about December 1, 2006. Id.

4. Chambers County Circuit Court Clerk Charles W. Story has reviewed the Clerk's Office records to determine whether his office sent McCullough a copy of

the November 17, 2005 order, or later sent him information regarding the Rule 32 petition. See Ex. B. While it sends orders to all parties by United States Mail, the Clerk's Office does not maintain records to demonstrate that a specific order was mailed; it also does not maintain copies of inmates' requests for information or its responses to such requests. Id. The Clerk's Office thus does not hold a record specifically demonstrating that the November 17, 2005 order was mailed to McCullough, or that McCullough requested information, or that it mailed information to McCullough. Id. While he has previously responded to a written request for information by McCullough at some time in the past, Story does not recall sending information to McCullough regarding this Rule 32 petition. Id. In addition, to Story's knowledge, McCullough has not attempted to contact the Clerk's Office to inquire regarding the disposition of the Rule 32 petition by other means, such as by telephone or personal visit by a family member or friend. Id.

5. Even though the Respondents have been unable to offer records to specifically show that McCullough was mailed a copy of the November 17, 2005 judgment, see Exs. A, B, McCullough has still not met the heavy burden required to demonstrate that present here are the "rare and exceptional" circumstances to entitle him to the "extraordinary remedy" of equitable tolling. Arthur v. Allen, 452 F. 3d 1234, 1253 (11th Cir. 2006); Steed v. Head, 219 F. 3d 1298, 1300 (11th Cir. 2000). McCullough's bare claim that he is entitled to equitable tolling because

he did not receive notice of the November 17, 2005 judgment until December 1, 2006, after he wrote to the Circuit Clerk's Office to obtain this information -- as he claimed, "I did not receive any notification that this petition was dismissed or denied until December 1, 2006 on which I had to write the circuit clerk Charles W. Story for this information" (Doc. 1) -- even if taken as true, without more, cannot suffice to meet his burden.

6. As initially discussed in the Respondents' February 20, 2007 Answer, while "[a] lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas petition[,]" Drew v. Department of Corrections, 297 F. 3d 1278, 1288 (11th Cir. 2002), McCullough has made no such showing to justify equitable tolling.

7. In Drew, the Eleventh Circuit Court of Appeals held that a petitioner was not entitled to equitable tolling where he had written to the state trial court to inquire regarding the status of his post-conviction petition sixteen months after its filing. Except for a mail log, the petitioner "provide[d] no additional information about his alleged attempts, including copies of the letters, the dates on which they were sent, or any description of their contents." 297 F. 3d at 1289. The Court of Appeals further noted that the petitioner did not "claim to have taken any steps

other than writing letters, such as calling the Clerk's office by telephone or seeking help from people with the ability to go to the court personally[.]" Id. The Court of Appeals held that, "[i]n the absence of any showing of his own diligence, Drew cannot be entitled to the rare and extraordinary remedy of equitable tolling." Id.

8. Similar to Drew, McCullough has provided no copy of any correspondence with the Chambers County Circuit Clerk or the date(s) and information allegedly sought, and has not alleged, much less shown, that he attempted to contact the Circuit Clerk's office in another manner such as by telephone, or through outside assistance, in order to attempt to ascertain the status of his case. As noted above, Chambers County Circuit Clerk Charles W. Story has no knowledge that McCullough has attempted to do so. See Exhibit B. McCullough also does not allege that he was given personal assurances that he would be notified of the order by the Clerk's Office. As the Eleventh Circuit Court of Appeals recently observed in Ilarion v Crosby, 179 Fed. Appx. 653, 654 (11th Cir. 2006) (unpublished opinion)[2], that court has "held only once in a published opinion that equitable tolling applied to the AEDPA's one year statute of limitation." In that lone case -- Knight v. Schofield, 292 F. 3d 709 (11th Cir.2002) -- the Court of Appeals held that a habeas petitioner "was entitled to equitable

[2]As this Court is aware, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." Eleventh Circuit Rule 36-2.

tolling because he was assured by a state court that it would contact him as soon as a decision was made concerning the final disposition of his appeal, and the court inadvertently sent notice of the decision to the wrong person." Ilarion, 179 Fed. Appx. at 654, citing Knight, 292 F. 3d at 710. The petitioner showed due diligence in continuing to monitor the status of his case, having asked the court clerk "when he could expect a ruling[,]" and later again contacting the court to inquire about the status of his case. Knight, 292 F. 3d at 710. The Court of Appeals in Knight noted that its holding stood on the particular facts before it:

> We should note that not in every case will a prisoner be entitled to equitable tolling until he receives notice. Each case turns on its own facts. In this case Knight was assured that the court would contact him, then demonstrated diligence in pursuing information when it did not do so. These facts show that Knight is entitled to equitable tolling until March 4, 1998, the day he received notice of the final denial of the Georgia Supreme Court.

292 F. 3d at 711.

9. McCullough has failed to show that he has met the high standards required for a successful equitable tolling claim signified by Drew and Knight. See also Williams v. State of Florida, No. 06-13393 2007 WL 843789, at *3 (11th Cir. Mar. 21, 2007) (unpublished opinion) (citing Drew and Knight, and holding that petitioner was not entitled to equitable tolling: "[u]nlike the petitioner in Knight, Williams did not receive a personal assurance that he would be contacted at the conclusion of his case...[w]hile Williams's filing his habeas petition four

days after learning of the state court of appeals' mandate affirming his resentencing is evidence of some degree of diligence, we do not find that the district court clearly erred in finding that Williams failed to act diligently."); Logreira v. Secretary for the Dept. of Corrections, 161 Fed. Appx. 902 (11th Cir. 2006) (unpublished opinion) (citing Drew and Knight, and holding that petitioner was not entitled to equitable tolling: "unlike in Knight, here there was no personal assurance indicating that Logreira would be contacted at the conclusion of his case...Moreover, while Logreira provided evidence of his repeated attempts to contact the Florida appellate court through mail, he did not show that he took any steps, other than mailing letters, to gain information concerning his petition.")

## CONCLUSION

For the foregoing reasons, and for those reasons previously asserted in the Respondents' February 20, 2007 Answer, this Court should dismiss McCullough's petition for writ of habeas corpus.

Respectfully submitted,

Troy King(KIN047)
Attorney General
By:

/s/Marc A. Starrett
Marc A. Starrett
Assistant Attorney General
ID #STARM1168

**EXHIBITS**

Exhibit A: Affidavit of Donaldson Correctional Facility Mail Clerk Jamie Oliver

Exhibit B: Affidavit of Chambers County Circuit Court Clerk Charles W. Story

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 1st day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document with all exhibits to the following non-CM/ECF participant:

CHRISTOPHER MCCULLOUGH, AIS # 174909
Inmate, Donaldson Correctional Facility
100 Warrior Lane
Bessemer, Alabama 35023

/s/Marc A. Starrett
Marc A. Starrett (STARM1168)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: MStarrett@AGO.State.Al.US

ADDRRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300

260750

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

**CHRISTOPHER MCCULLOUGH,)**
**)**
**PETITIONER, )**
**)**
**vs. ) CASE NO. 3:07-CV-71-WHA**
**)**
**DANIEL JONES, WARDEN, et al., )**
**)**
**RESPONDENTS. )**

**AFFIDAVIT OF DONALDSON CORRECTIONAL FACILITY MAIL CLERK JAMIE OLIVER**

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Jamie Oliver, who, being both known to me and first duly sworn, deposes and states under oath as follows:

My name is Jamie Oliver, and I am employed as an administrative support assistant at Donaldson Correctional Facility, Bessemer, Alabama. As part of my duties, I administer the mail room that processes outgoing and incoming mail for the Facility's inmates. I am over twenty-one (21) years of age.

Christopher McCullough, AIS # 174909, is an inmate of the State of Alabama Department of Corrections currently incarcerated at the Donaldson Correctional Facility.



I have reviewed the mail room's records to determine whether McCullough received legal mail from the Chambers County Circuit Court on or about November 17, 2005. I reviewed the records from November 17, 2005 to approximately two weeks after that date. I found no records indicating that McCullough received legal mail from the Chambers County Circuit Court during that period.

I have also reviewed the mail room's records to determine whether McCullough received legal mail from the Chambers County Circuit Court on or about December 1, 2006. I reviewed the records from December 1, 2006 to approximately two weeks after that date. I found no records indicating that McCullough received legal mail from the Chambers County Circuit Court during that period.

Further affiant sayeth not.

Signed on this the 24th day of April, 2007.

Jamie Oliver
**JAMIE OLIVER**

Sworn and subscribed before me on this the 19th day of April, 2007.

Patricia H. Parsons
**NOTARY PUBLIC**

**SEAL**

My commission expires: 5/31/2008

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MCCULLOUGH, | ) | |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| vs. | ) | CASE NOS. 3:07-CV-71-WHA; |
| | ) | 3:07-CV-26-MEF |
| DANIEL JONES, WARDEN, et al., | ) | |
| | ) | |
| RESPONDENTS. | ) | |

**AFFIDAVIT OF CHAMBERS COUNTY CIRCUIT CLERK CHARLES W. STORY**

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Charles W. Story, who, being both known to me and first duly sworn, deposes and states under oath as follows:

1. My name is Charles W. Story, and I am the duly elected Circuit Clerk of Chambers County. As part of my duties, I am responsible for the administrative recordkeeping of the Chambers County Circuit Court. I have reviewed the Circuit Clerk's Office records of Christopher McCullough's case files for the purpose of executing this affidavit. I am over twenty-one (21) years of age.



2. It is the policy and practice of the Chambers County Circuit Clerk's Office to maintain records of all trial court orders pertaining to circuit court cases, and to timely deliver the circuit court's orders to parties. Orders in cases are delivered by United States Mail to all parties, including incarcerated inmates. The Circuit Clerk's Office does not, however, maintain records that document or demonstrate that a specific order was mailed, nor does it maintain copies of inmates' requests for information or its responses to such requests.

3. In reviewing Christopher McCullough's case files in State v. McCullough, CC-02-318.61, I found that the Chambers County Circuit Clerk's Office file holds a "hard copy" of the Circuit Court's November 17, 2005 order denying McCullough's Ala.R.Crim.P. Rule 32 petition. As with any other order in this Clerk's Office, however, there is no record specifically demonstrating that the order was mailed to McCullough at his place of incarceration.

4. In reviewing McCullough's case files in State v. McCullough, CC-02-189.60, I was unable to locate a "hard copy" order in the Chamber

County Circuit Clerks' Office file to demonstrate that the Circuit Court denied McCullough's Ala.R.Crim.P. Rule 32 petition on September 26, 2005. However, Alacourt.com computer database records, entered onto the Alacourt.com database by this Office, demonstrate that the petition was denied on September 26, 2005. As above, there is no record specifically demonstrating that the September 26, 2005 order was mailed to McCullough at his place of incarceration.

5. The Clerk's Office possesses no record that McCullough wrote to request information regarding these Rule 32 petitions, nor does it possess a record demonstrating that it sent McCullough such information on or about December 1, 2006 as he claims. As noted above, the Clerk's Office does not maintain records of incoming requests for information or the Office's responses to such requests. While I have responded to a written request for information by McCullough at some time in the past, I have no independent recollection that I or a member of my staff responded to such a request by McCullough regarding these Rule 32 petitions. To my knowledge, McCullough has not telephoned the Clerk's Office to inquire regarding the

disposition of these Rule 32 petitions, and has not sent family members or others to personally check on these Rule 32 petitions.

Further affiant sayeth not.

Signed on this the 24 day of April, 2007.

**CHARLES W. STORY**

Sworn and subscribed before me on this the 24 day of April, 2007.

**NOTARY PUBLIC**

**SEAL**

My commission expires: 12/20/2007