IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CHRISTOPHER McCULLOUGH, *
PETITIONER * CASE NO'
V. * 3:07-CV-71-WHA
STATE OF ALABAMA, *
RESPONDENT, *
*

AFFIDAVIT OF CHRISTOPHER McCULLOUGH

STATE OF ALABAMA }
COUNTY OF JEFFERSON }
}

BEFORE ME, THE UNDERSIGNED AUTHORITY AND NOTARY PUBLIC IN AND FOR SAID COUNTY AND STATE AT LARGE, PERSONALLY APPEARED CHRISTOPHER McCULLOUGH, WHO BEING KNOWN TO ME AND BEING BY ME FIRST DULY SWORN ON OATH DEPOSES AND SAYS AS FOLLOWS:

(1.) MY NAME IS CHRISTOPHER McCULLOUGH. I AM OVER NINETEEN AND COMPETENT TO MAKE THIS STATEMENT.

EXHIBIT (A.)

**Charles W. Story**
**Circuit Clerk**
Chambers County Courthouse
LaFayette, AL 36862

MONTGOMERY AL 361
28 NOV 2006 PM 2 L

United

5-004

PAGE 2,

(EXHIBIT B,)

35023/7299

Double side

EXHIBIT (C.)

Dear M[illegible]

[illegible]

Con[illegible] my [illegible]

I [illegible].

My [illegible]

[illegible] set

[illegible]

[illegible]

[illegible] all my [illegible]

[illegible]

[illegible] 60 [illegible].

I [illegible]

[illegible]

[illegible]

[illegible] Picture [illegible]

[illegible].

[illegible]

[illegible]

[illegible]

ON 8-8-06 you filed A Rule 32 IN CC 02-304.60. No Ruling As of yet.

IN CC 02 318.60 your petition WAS filed on 3-29-04 And denied on 9-26-05.

IN CC 02 318.61 Denied on 9-26-05

(EXHIBIT C)

Christopher M. [illegible]
174909 3-69 cell
W.E. Donaldson 100 Warrior Ln.
Bessemer, AL. 35023

AS AN RESPONSE TO JAMIE OLIVER AND MR. CHARLES STORY AFFIDAVITS I SUBMITT THIS EXHIBIT TO VERIFY MY AFFIDAVIT AND ALLEGATION OF THE TIME FRAME THAT I SENT LEGAL MAIL TO THE CHAMBERS COUNTY CIRCUIT CLERK CHARLES W. STORY AND RECIEVED IT THROUGH THE DONALDSON CORRECTIONAL FACILITY MAIL ROOM. THIS LETTER THAT I RECIEVED WAS STAMPED DATED NOVEMBER 28, 2006 WHEN IT REACHED MONTGOMERY, ALABAMA AND WHEN IT GOT TO THE DONALDSON CORRECTIONAL FACILITY I RECEIVED IT ON DECEMBER 1, 2006 THE LETTER INSIDE WILL BE VERIFIED AS EXHIBIT (C.) THIS DISCLOSES THAT I DID RECEIVE SUCH INFORMATION FROM CHARLES W. STORY CIRCUIT CLERK OF CHAMBERS COUNTY AND THE REASON THAT IT IS NOT ON RECORD IS THAT HE SENT HIS RESPONSE TO MY LETTER ON BACK OF THE SAME LETTER THAT I HAD SENT HIM. I DO VERIFY THAT THE CASE NUMBERS AND INFORMATION WITH THEM ARE MR. CHARLES W. STORY HANDWRITINGS SO IS MY NAME AND PRISON ADDRESS IS IN HIS HANDWRITING

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | |
| | ) | |
| VS. | ) | CASE NO. CC-02-318 |
| | ) | |
| CHRISTOPHER McCULLOUGH | ) | |

**ORDER**

After consideration of submissions from State and Defense, Defendant's Petition For Relief From Conviction Or Sentence is DENIED.

Let a copy of this Order issue to the defendant and the District Attorneys Office.

Signed this the 17th day of November, 2005.

Ray D. Martin

RAY D. MARTIN
CIRCUIT JUDGE

FILED IN OFFICE THIS
NOV 17 2005
CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

(EXHIBIT D.)

PAGE (3.)

EXHIBIT
2E

C. McCullough DA

I HAVE REPEATEDLY TRIED TO NOT ONLY GET THE RESULTS OF THESE POST-CONVICTION RULE 32'S BUT ALSO WENT TO EXTREME MEASURES TO MAKE THEM ANSWER THEM AND TO GET THE RESULTS.

THE LAW STATES THAT IN THE RULES OF COURT THE DISTRICT ATTORNEY HAS 30 DAYS TO RESPOND TO AN POST-CONVICTION RULE 32 AFTER NOTIFICATION OF ITS BEEN FILED.

THE LAW ALSO STATES THAT IF THE CIRCUIT COURT REFUSES TO RESPOND TO AN POST-CONVICTION RULE 32 THEN PETITIONER SHOULD BE GRANTED THE RELIEF SOUGHT.

AND WHEN SUCH ALLEGATIONS IF TRUE, COULD BRING THE PETITIONER RELIEF SOUGHT AN EVIDENTIARY HEARING MUST BE HELD.

(EXHIBIT D.) COMES FROM THE ATTORNEY GENERAL'S ANSWER THE SAID ORDER THE PETITIONER SUPPOSE TO HAVE RECEIVED AROUND NOVEMBER 17 2005, REASON FOR DISCLOSING IS THAT I DO VERIFY THAT I NEVER RECEIVED THIS ORDER AND THE INFORMATION THAT MR. CHARLES STORY SUBMITTED IN HIS AFFIDAVIT AND MY LETTER ARE THE WRONG DATE TO THE DECISION OF THIS ORDER AT LEAST ONE OF THE TWO CASES WHICH I FURTHER PUSH MY ISSUES FOR PROCEDURAL DEFAULT.

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

**CR-04-1241**

Ex parte Christopher McCullough (In re: State of Alabama vs. Christopher McCullough) (Chambers Circuit Court: CC02-318.60)

## ORDER

A motion to be granted relief for post conviction Rule 32 was filed on March 25, 2005. The Court of Criminal Appeals is treating the motion as a petition for writ of mandamus. The Court of Criminal Appeals ORDERS that the petitioner in this cause be and the same is hereby given 14 days from the date of this order to file a certificate of service with this Court evidencing his/her compliance with the service requirements of Rule 21(a) of the Alabama Rules of Appellate Procedure. Rule 21(a) requires that the petitioner serve the respondent judge or judges and all parties to the action in the trial court with a copy of the petition. The petitioner's certificate of service shall indicate the name and address of each person served with a copy of the petition, as well as the date and manner of such service.

Lastly, the petitioner is hereby placed on notice that in the event this Court has not "received" a certificate of service that conforms to the directives in this order within the 14-day period herein allowed, this petition shall be dismissed for non-compliance with Rule 21(a), Alabama Rules of Appellate Procedure.

**Done this the 29th day of March, 2005.**

[signature]

**H. W. "Bucky" McMillan, Presiding Judge**
**Court of Criminal Appeals**

cc: Hon. Howard F. Bryan, IV, Circuit Judge
Hon. Charles W. Story, Circuit Clerk
Christopher McCullough, Pro Se
Hon. Troy King, Attorney General
Hon. E. Paul Jones, District Attorney

PAGE (4)

(EXHIBIT E)

# SUPREME COURT OF ALABAMA

Robert G. Esdale
Clerk
Lynn Knight
Assistant Clerk

Office of the Clerk
300 Dexter Avenue
Montgomery, AL 36104-3741
(334) 242-4609

**1041059**

Ex parte Christopher McCullough. PETITION FOR WRIT OF MANDAMUS: CRIMINAL (In re: Christopher McCullough, alias v. State of Alabama) (Chambers Circuit Court: CC02-318; Criminal Appeals : CR-03-1103).

**NOTICE**

You are hereby notified that your case has been docketed. Future correspondence should refer to the above Supreme Court case number. The petition for writ of mandamus was filed with the Supreme Court on 04/14/2005

**AMENDMENTS TO THE RULES OF APPELLATE PROCEDURE**

Counsel and parties should review recent amendments to the Alabama Rules of Appellate Procedure.

Appellate Mediation: On July 17, 2003, the Supreme Court of Alabama adopted Rule 55, Alabama Rules of Appellate Procedure, which provides for appellate mediation of civil cases. On January 6, 2004, the Supreme Court of Alabama adopted the Alabama Appellate Mediation Rules. The rules can be accessed at http://www.judicial.state.al.us. Any counseled civil case may be referred to appellate mediation by the Appellate Mediation Administrator.

Form Requirements for Documents filed with the Court: The rules amendments, effective June 1, 2002, may be found in the advance sheets of the Southern Reporter dated December 20, 2001, and in the volume of the Alabama Reporter containing cases from 798 - 804 So.2d.

Please note that one recent rule amendment requires that briefs be set in Courier New 13. See Rule 32(a)(5), Ala. R. App. P., as amended. This paragraph is typed in Courier New 13.

Petitions for Writ of Certiorari: Major changes have been made to Rules 39 and 40, governing petitions for writ for writ of certiorari and applications for rehearing. PLEASE FAMILIARIZE YOURSELF WITH THESE CHANGES. See, Douglas Inge Johnstone, The Two Most Common Fatal Defects in Petitions for Writs of Certiorari, 64 Ala. Lawyer 3 (May 2003) and Celeste Sabel, Forget Everything You Knew About Alabama Certiorari Practice, 64 Ala. Lawyer 6 (September 2003).

(EXHIBIT 7) PAGE 9

# SUPREME COURT OF ALABAMA

Robert G. Esdale
Clerk
Lynn Knight
Assistant Clerk

Office of the Clerk
300 Dexter Avenue
Montgomery, AL 36104-3741
(334) 242-4609

**1041123**

Ex parte Christopher McCullough. PETITION FOR WRIT OF MANDAMUS: CRIMINAL (In re: State of Alabama vs. Christopher McCullough) (Chambers Circuit Court: CC02-318.60; Criminal Appeals : CR-04-1241).

**NOTICE**

You are hereby notified that your case has been docketed. Future correspondence should refer to the above Supreme Court case number. The petition for writ of mandamus was filed with the Supreme Court on 04/29/2005

**AMENDMENTS TO THE RULES OF APPELLATE PROCEDURE**

Counsel and parties should review recent amendments to the Alabama Rules of Appellate Procedure.

Appellate Mediation: On July 17, 2003, the Supreme Court of Alabama adopted Rule 55, Alabama Rules of Appellate Procedure, which provides for appellate mediation of civil cases. On January 6, 2004, the Supreme Court of Alabama adopted the Alabama Appellate Mediation Rules. The rules can be accessed at http://www.judicial.state.al.us. Any counseled civil case may be referred to appellate mediation by the Appellate Mediation Administrator.

Form Requirements for Documents filed with the Court: The rules amendments, effective June 1, 2002, may be found in the advance sheets of the Southern Reporter dated December 20, 2001, and in the volume of the Alabama Reporter containing cases from 798 - 804 So.2d.

Please note that one recent rule amendment requires that briefs be set in Courier New 13. See Rule 32(a)(5), Ala. R. App. P., as amended. This paragraph is typed in Courier New 13.

Petitions for Writ of Certiorari: Major changes have been made to Rules 39 and 40, governing petitions for writ for writ of certiorari and applications for rehearing. PLEASE FAMILIARIZE YOURSELF WITH THESE CHANGES. See, Douglas Inge Johnstone, The Two Most Common Fatal Defects in Petitions for Writs of Certiorari, 64 Ala. Lawyer 3 (May 2003) and Celeste Sabel, Forget Everything You Knew About Alabama Certiorari Practice, 64 Ala. Lawyer 6 (September 2003).

(EXHIBIT-(G)) PAGE (4)

IN THE SUPREME COURT OF ALABAMA
May 11, 2005

1041059

Ex parte Christopher McCullough. PETITION FOR WRIT OF MANDAMUS: CRIMINAL (In re: Christopher McCullough, alias v. State of Alabama) (Chambers Circuit Court: CC02-318; Criminal Appeals: CR-03-1103).

ORDER

The petition of Christopher McCullough for a writ of mandamus to be directed to the Alabama Court of Criminal Appeals having been duly filed and submitted to the Court,

IT IS ORDERED that the petition for writ of mandamus is denied.

Nabers, C.J., and Lyons, Woodall, Smith, and Parker, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.
Witness my hand this 11th day of May, 20 05

Robert G. Esdale, Sr.
Clerk, Supreme Court of Alabama

(EXHIBIT H) PAGE (4)

I SUBMIT EXHIBITS E AND F,G,H, THESE EXHIBITS THAT UNDER EXTREME MEASURES I DID ASSCERTAIN THE STATUS OF THESE POST-CONVICTION RULE 32'S BY THE TRIAL COURT DENYING TO EVEN ANSWER THE POST-CONVICTION RULE 32'S I THE SAID PETITIONER CHRISTOPHER MCCULLOUGH TO MOVE FOR WRIT OF MANDAMUS TO THE COURT OF CRIMINAL APPEALS TO BE GRANTED RELIEF FROM SUCH POST CONVICTIONS BECAUSE THE CIRCUIT COURT WITHIN A YEAR TIME HAD NOT EVEN RESPONDED TO THESE POST-CONVICTIONS RULE 32'S PETITIONS SO I WENT TO THE HIGHER COURT FOR RELIEF AFTER BEING DENIED IN THE COURT OF CRIMINAL APPEALS EXHIBIT (F.) VERIFIES THAT I REQUESTED THE ALABAMA SUPREME COURT FOR THE SAME RELIEF FROM POST-CONVICTION RULE 32'S BECAUSE THE CIRCUIT COURT WOULD NOT RESPOND APRIL 14, 2005.

APRIL 29, 2005 EXHIBIT (G.) WAS ALSO FILED TO THE ALABAMA SUPREME COURT TO DIRECT THE COURT OF CRIMINAL APPEALS TO MAKE THE CHAMBERS COUNTY CIRCUIT COURT TO ANSWER THE TWO POST CONVICTION RULE 32'S I HAD IN THEIR COURT. EXHIBIT (H.) IS VERIFICATION OF ME PLEADING WITH THE ALABAMA SUPREME COURT TO MAKE THE COURT OF CRIMINAL APPEALS TO ORDER

# SUPREME COURT OF ALABAMA

Robert G. Esdale
Clerk
Lynn Knight
Assistant Clerk

Office of the Clerk
300 Dexter Avenue
Montgomery, AL 36104-3741
(334) 242-4609

**1041781**

Ex parte Christopher McCullough. PETITION FOR WRIT OF MANDAMUS: CRIMINAL (In re: State of Alabama vs. Christopher McCullough) (Chambers Circuit Court: CC02-318.60; Criminal Appeals : CR-04-1241).

**NOTICE**

You are hereby notified that your case has been docketed. Future correspondence should refer to the above Supreme Court case number. The petition for writ of mandamus was filed with the Supreme Court on 08/05/2005

**AMENDMENTS TO THE RULES OF APPELLATE PROCEDURE**

Counsel and parties should review recent amendments to the Alabama Rules of Appellate Procedure, effective June 1, 2005. The amendments can be found in The Southern Reports, Second series, volume numbered 888-890. The amendments can also be found under "Rule Changes" at the Judicial System website at www.judicial.state.al.us.

Appellate Mediation: On July 17, 2003, the Supreme Court of Alabama adopted Rule 55, Alabama Rules of Appellate Procedure, which provides for appellate mediation of civil cases. On January 6, 2004, the Supreme Court of Alabama adopted the Alabama Appellate Mediation Rules. The rules can be accessed at http://www.judicial.state.al.us. Any counseled civil case may be referred to appellate mediation by the Appellate Mediation Administrator.

Form Requirements for Documents filed with the Court: Certain amendments to the Alabama Rules of Appellate Procedure can be found in the volume of the Alabama Reporter containing cases from 798-804 So.2nd. The most recent appellate rules amendments can be found in the volume of the Alabama Reporter containing cases from 888 - 890 So.2nd.

Please note that Rule 32(a)(5) requires that briefs be set in Courier New 13. See Rule 32(a)(5), Ala. R. App. P., as amended. This paragraph is typed in Courier New 13.

Signature on Briefs: Newly adopted Rule 25A, Alabama Rules of Appellate Procedure, requires that appellate documents be signed by at least one attorney of record or, in a case in which the party is proceeding pro se, by the party. The rule provides that any unsigned document shall be stricken unless the omission is promptly corrected after it is called to the attention of the attorney or party filing it.

EXHIBIT (G) (PAGE 5)

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

**CR-06-0257**

Ex parte Christopher McCullough (In re: State of Alabama vs. Christopher McCullough) (Chambers Circuit Court: CC02-189; CC02-304; CC02-312; CC02-318; CC02-325)

## ORDER

Upon consideration of the above referenced Petition for Writ of Mandamus, the Court of Criminal Appeals ORDERS that said petition be and the same is hereby DISMISSED.

**Done this the 4th day of December, 2006.**

[signature]

**H. W. "Bucky" McMillan, Presiding Judge**
**Court of Criminal Appeals**

cc: Hon. Charles W. Story, Circuit Clerk
Christopher McCullough, Pro Se
Hon. Joel Holley, District Judge
Hon. Troy King, Attorney General
Hon. E. Paul Jones, District Attorney

(EXHIBIT J)

PAGES

PAGE

THE CHAMBERS COUNTY CIRCUIT COURT TO ANSWER AND RESPOND TO THESE POST-CONVICTION RULE 32'S AS AN ORDER WAS GIVING DENYING MY REQUEST. EXHIBIT(H) MAY 11, 2005.
EXHIBIT(I) SHOWS ME ONCE AGAIN REQUESTING THE ALABAMA SUPREME COURT TO DIRECT THE COURT OF CRIMINAL APPEALS TO ORDER THE CHAMBERS COUNTY CIRCUIT COURT TO ANSWER THESE POST-CONVICTION RULE 32'S. AUGUST 5, 2005.
EXHIBIT(J) DENYING ME THE REQUEST ONE AGAIN TO THE COURT OF CRIMINAL APPEALS DECEMBER 4, 2006

THIS I DO VERIFY THAT I MADE AT LEAST 10 ATTEMPTS TO ASSCERTAIN THE STATUS OF THESE POST-CONVICTION RULE 32'S THE WHOLE TIME THAT THEY WERE ACTIVE IN THE CHAMBERS COUNTY CIRCUIT COURT. ALL OF THESE EXHIBITS VERIFY MY TOTAL CONCERNS FROM TIME OF FILING UP TO NOW OF THESE POST CONVICTION RULE 32'S. THEREFORE PETITIONER HAS DISCLOSED NUMEROUS OF EXHIBITS TO SUBSTANTIATE THAT HE DID TRY TO GAIN INFORMATION OF THE STATUS OF THESE RULE 32'S NUMEROUS OF TIMES OTHER THAN WRITING THE CIRCUIT CLERK.

I SWEAR, TO THE BEST OF MY PRESENT KNOWLEDGE AND INFORMATION, THAT THE ABOVE STATEMENTS ARE TRUE, THAT I AM COMPETENT TO MAKE THIS AFFIDAVIT, AND THAT THE ABOVE STATEMENTS ARE MADE BY DRAWING FROM MY PERSONAL KNOWLEDGE OF THE SITUATION. MAY 13, 2007

Signature, Christopher McCullough
Christopher McCullough PRO SE

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS THE 19th DAY OF JUNE MONTH 2007.

[signature]
NOTARY PUBLIC

10/20/08
MY COMMISSION EXPIRES

CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY THAT I HAVE SENT AN EXACT, SAME COPY OF THE FOREGOING TO: TROY KING
ATTORNEY GENERAL
11 SOUTH UNION STREET
MONTGOMERY, ALABAMA 36130
BY PLACING THE SAME IN THE UNITED STATES MAIL POSTAGE PAID.

Signature Christopher C. McCullough
Christopher C. McCullough
PRO SE

NOTICE!

I only could supply the Attorney General 1 set of copies of the EXHIBITS, But they are for both cases. Each copy costs 50¢ and I could not afford more then 12 copies

2007 JUN 25 A 9:51
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Christopher C. McCullough

W.E.
BESSEMER ALABAMA 35023

22 JUN 2007

OFFICE OF THE CLERK
UNITED STATES DISTRICT CO[illegible]
P.O. BOX 711
MONTGOMERY, ALABAMA 361[illegible]

[illegible]