IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CHRISTOPHER MCCULLOUGH,)
                    )

PETITIONER,       )
                    )

vs.               )      CASE NO.  3:07-CV-71-WHA
                    )

DANIEL JONES, WARDEN, et al., )
                    )

RESPONDENTS.    )

## RESPONDENTS' SECOND SUPPLEMENTAL ANSWER REGARDING PETITIONER'S EQUITABLE TOLLING CLAIM, AS REQUESTED BY THIS COURT'S JUNE 27, 2007 ORDER

Come now the Respondents, by and through the Attorney General for the

State of Alabama, and, pursuant to this Court's June 27, 2007 order (Doc. 25),

hereby respectfully submit this second Supplemental Answer to address Petitioner

Christopher McCullough's contention that he is entitled to equitable tolling.

Through his affidavit and other documents filed on June 25, 2007 (Doc. 24),

McCullough has failed to show that he is entitled to equitable tolling to excuse the

untimely filing of his habeas petition challenging his November 14, 2003

Chambers County Circuit Court conviction of attempted first degree burglary and

its corresponding sentence (Chambers County Circuit Court CC-02-318). [1]

---

[1] Due to the relationship of the equitable tolling issues in McCullough's habeas
petition in this case and the petition pending in McCullough v. Jones, Case No.
3:07-CV-26-MEF, the instant Supplemental Answer is similar to the Supplemental

## ARGUMENT

**McCullough Is Not Entitled To Equitable Tolling Under The Circumstances Of This Case; Further, Because McCullough Failed To Timely Seek An Out-Of-Time Appeal From The Denial Of His Rule 32 Petition In State Court Within Six Months Of His Discovery Of That Decision, His Claims Are Procedurally Defaulted Even If He Were Granted Equitable Tolling.**

1. As discussed in the Respondents' February 20, 2007 answer and May 1, 2007 supplemental answer, McCullough filed his habeas petition 279 days outside of the AEDPA one-year limitation period after allowing for statutory tolling.  Doc. 8, p. 12.  To again summarize the pertinent events leading to the instant habeas petition, the following is a timeline of McCullough's proceedings in state court regarding his attempted burglary conviction and his filing of his habeas petition in this Court (as demonstrated by the Respondents' exhibits submitted in the aforementioned February 20, 2007 answer and also discussed in their May 1, 2007 supplemental answer):

Conviction/sentencing/direct appeal proceedings:

November 14, 2003:  Attempted burglary conviction

January 15, 2004:  Sentencing

September 24, 2004:  Alabama Court of Criminal Appeals's affirmance of attempted burglary conviction and sentence on direct appeal

---

Answer also filed in McCullough v. Jones, Case No. 3:07-CV-26-MEF on today's date.  For the Court's convenience, copies of the same exhibits attached to this Second Supplemental Answer are also attached to the answer in McCullough v. Jones, Case No. 3:07-CV-26-MEF.

October 13, 2004:  Alabama Court of Criminal Appeals's certificate of judgment on direct appeal

Ala.R.Crim.P. Rule 32 postconviction proceedings:

July 20, 2005:  Date on which McCullough asserted that he mailed his Ala.R.Crim.P. Rule 32 petition

November 17, 2005:  Trial court's judgment denying the Rule 32 petition.

Federal habeas proceedings:

December 28, 2006:  Filing of the instant federal habeas petition in this Court.

2.  As previously shown by the Respondents, see Doc. 8, pp. 8-14, unless McCullough can show that he is entitled to equitable tolling to excuse the untimely filing of his petition by 279 days, his petition is due to be dismissed as filed outside of the one year AEDPA limitation period.  McCullough has claimed that he did not receive notice of the trial court's November 17, 2005 dismissal of his Rule 32 petition until December 1, 2006, and that he received this information at this time after writing a letter to the Chambers County Circuit Clerk.  Docs. 1, 13.  This purported lack of notice is his basis for equitable tolling.  Id.

3.  In their "Supplemental Answer Regarding Petitioner's Equitable Tolling Claim" (Doc. 18), the Respondents submitted affidavits from Donaldson Correctional Facility Mail Clerk Jamie Oliver and Chambers County Circuit Court Clerk Charles W. Story.  In her affidavit, Oliver testified that she found no record

that McCullough received legal mail from the Chambers County Circuit Court on or about November 17, 2005 -- the date the Rule 32 petition was denied -- or on or about December 1, 2006, the date that McCullough claimed to received notice from the circuit court that the petition had been denied. (Doc. 18, Ex. A). Chambers County Circuit Court Clerk Charles W. Story testified that his office did not possess a record demonstrating that the November 17, 2005 order had been mailed out; that the office did not possess a copy of any request for records sent by McCullough; and, while he recalled having previously responded to a written request for information by McCullough at some time in the past, he did not recall sending information to McCullough regarding this Rule 32 petition. (Doc. 18, Ex. B). Story further testified that McCullough had not attempted to contact the Clerk's Office to inquire regarding the disposition of the Rule 32 petition by other means, such as by telephone or personal visit by a family member or friend. Id.

4. McCullough has now submitted his own affidavit, and other documents, in an attempt to support his equitable tolling claim. Doc. 24, pp. 1-19. He has attached a copy of an envelope from Story and the Chambers County Circuit Clerk's Office postmarked November 28, 2006, and a copy of a November 24, 2006 letter that he wrote to Story; he also attached a document containing unsigned handwritten notations stating:

"On 8-8-06 you filed a Rule 32 in CC-02-304.60. No ruling as of yet --

"In CC-02-318.60 your petition was filed on 3-39-04 and denied on 9-26-05.

"In CC-02-318.61  Denied on 9-26-05"

Doc. 24, p. 4.  He also attached several orders from the Court of Criminal Appeals

and the Alabama Supreme indicating that he had filed petitions for writ of

mandamus in those courts on several occasions; McCullough appears to allege that

he sought those courts to order the trial court to "answer" his Rule 32 petitions

because "the circuit court...had not even responded to these ... petitions[.]"  Doc.

24, pp. 12, 15.

**A. McCullough has not shown that he is entitled to equitable tolling.**

5.  McCullough has failed to establish that he is entitled to equitable tolling,

regardless of his own affidavit and the other documents filed in his most recent

response to this Court's May 3, 2007 order.

6.  It is first acknowledged that McCullough is correct in asserting that the

handwritten notations regarding the disposition of his Rule 32 petitions (Doc. 24,

p. 4) were written by Story.  Upon receipt of McCullough's filing, at undersigned

counsel's request, Story reviewed those notations in McCullough's exhibit, and he

has informed undersigned counsel that they are, in fact, in his handwriting and

appear to be a response to a request for information made by McCullough.[2]  It is

_____

[2]In his April 24, 2007 affidavit Story acknowledged that he had responded to a
written request for information by McCullough at some previous date, but had no
independent recollection of responding to a request regarding the instant Rule 32

also acknowledged that the envelope postmarked November 28, 2006 from the

Chambers County Circuit Court appears to be genuine; records regarding this legal

mail from Story, which McCullough claims to have received in prison mail on

December 1, 2006, inexplicably was not found by Donaldson Correctional Facility

Mail Clerk Jamie Oliver in her review of the facility's mail log records.[3]

      7.  Even if McCullough's claim that he was not aware of the disposition of

his Rule 32 petition until December 1, 2006 were taken as true, however, this,

without more, cannot support equitable tolling.  His one request for this

information regarding the status of his July 20, 2005 Rule 32 petition, apparently

made in the November 24, 2006 letter to Story (Doc. 24, p. 3), was not sufficient to

require the extraordinary remedy of equitable tolling.  Similar to the facts of <u>Drew</u>

<u>v. Department of Corrections</u>, 297 F. 3d 1278, 1288 (11th Cir. 2002) wherein the

Eleventh Circuit Court of Appeals found no grounds for equitable tolling,

McCullough has not alleged, much less proven, that he took other efforts to gain

---

petition.  Both undersigned counsel and Story personally reviewed McCullough's
case files in preparation for the Respondents' first supplemental answer (Doc. 18),
and found no copy of the letter or the response to the letter in the case file.  As
Story noted in the April 24, 2007 affidavit, "the Clerk's Office does not maintain
records of incoming requests for information or the Office's responses to such
requests."

[3]In her April 24, 2007 affidavit, Oliver described how she had reviewed the mail
room's record's from December 1, 2006 to approximately two weeks after that
date, and found no records indicating that McCullough had received legal mail
during that period.

information regarding the disposition of his Rule 32 petition.  McCullough has not

showing that he took other steps, "such as calling the Clerk's office by telephone or

seeking help from people with the ability to go to the court personally[,]" 297 F.

3d at 1289, to learn of the decision.  Further, he has not alleged, much less proven,

that he was given personal assurances from the trial court that he would receive

notice of his petitions. See Knight v. Schofield, 292 F. 3d 709, 710 (11th Cir.2002)

(habeas petitioner entitled to equitable tolling because he was personally assured

by a state court that it would contact him as soon as a decision was made

concerning the final disposition of his appeal, and the court inadvertently sent

notice of the decision to the wrong person); Ilarion v Crosby, 179 Fed. Appx. 653,

654 (11th Cir. 2006) (unpublished opinion)[4], (noting that it had "held only once in a

published opinion [Knight] that equitable tolling applied to the AEDPA's one year

statute of limitation."); Williams v. State of Florida, No. 06-13393, 2007 WL

843789, at *3 (11th Cir. Mar. 21, 2007) (unpublished opinion) (citing Drew and

Knight, and holding that petitioner was not entitled to equitable tolling: "[u]nlike

the petitioner in Knight, Williams did not receive a personal assurance that he

would be contacted at the conclusion of his case...[w]hile Williams's filing his

habeas petition four days after learning of the state court of appeals' mandate

---

[4]"Unpublished opinions are not considered binding precedent, but they may be
cited as persuasive authority."  Eleventh Circuit Rule 36-2.

affirming his resentencing is evidence of some degree of diligence, we do not find

that the district court clearly erred in finding that Williams failed to act

diligently."); <u>Logreira v. Secretary for the Dept. of Corrections</u>, 161 Fed. Appx.

902 (11th Cir. 2006) (unpublished opinion) (citing <u>Drew</u> and <u>Knight</u>, and holding

that petitioner was not entitled to equitable tolling: "unlike in <u>Knight</u>, here there

was no personal assurance indicating that Logreira would be contacted at the

conclusion of his case...Moreover, while Logreira provided evidence of his

repeated attempts to contact the Florida appellate court through mail, he did not

show that he took any steps, other than mailing letters, to gain information

concerning his petition.")

  8.  While McCullough points to various mandamus petitions filed in the state

appellate courts to support his claim that he "went to extreme measures to make

them answer them and to get the results[,]" sought "to make the Chambers County

Circuit Court to answer the two postconviction Rule 32's I had in their court[,]"

and "did try to gain information of the status of these Rule 32's numerous [sic] of

times other than writing the circuit clerk[,]" <u>see</u> Doc. 24, pp. 7, 12, 15, these

petitions did not seek information regarding his Rule 32 petitions or to direct the

circuit court to provide information regarding the petitions.  The petitions, as

alleged by McCullough in his filing (Doc. 24), were filed in the following courts:

  Alabama Court of Criminal Appeals:

CR-04-1241 (<u>See</u> Exhibit A to this Second Supplemental Response);

CR-06-0257 (Exhibit B);

Alabama Supreme Court:

No. 1041059 (Exhibit C);

1041123 (Exhibit D);

1041781 (Exhibit E).

9.  In none of these petitions did McCullough seek information regarding the status of his petitions in either this case or in the related case before this Court in <u>McCullough v. Jones</u>, Case No. 3:07-CV-26-MEF; rather, he sought, on various grounds, relief from his convictions. <u>See</u> Exhibit A (asking the Court of Criminal Appeals for Rule 32 relief "because the circuit court refuses answer" the petition and thus "it is taken that what the defendant challenges is true and is entitled to relief requested"); Exhibit B (seeking relief from the Alabama Court of Criminal Appeals due to an alleged error in his preliminary hearing);  Exhibit C (seeking relief from the Alabama Supreme Court  on various grounds, such as insufficiency of evidence);  Exhibit D (seeking the Alabama Supreme Court to award Rule 32 relief because the State had not yet responded to his petition); Exhibit E (seeking

the Alabama Supreme Court to award relief on various grounds, such as "false evidence" and "police officers admitted a false statement".[5]

10. "[E]quitable tolling is an extraordinary remedy which is sparingly applied, and...[McCullough] [bears] the burden of proving equitable tolling." Williams v. U.S., No. 06-11415, 2007 WL 1879865, at *1 (11th Cir. July 2, 2007). Because he has failed to meet this heavy burden, this Court should dismiss McCullough's petition as untimely.

**B. Even if McCullough could demonstrate that he was entitled to equitable tolling, his claims are procedurally defaulted.**

11. In addition, even McCullough had been able to show that he was entitled to equitable tolling, his claims for habeas relief are procedurally defaulted. Those claims that might have been pursued through an out-of-time appeal from the trial court's denial of the July 20, 2005 Rule 32 petition are no longer capable of exhaustion, because the limitation period for seeking that appeal under Rule 32.2 (c) has expired.

---

[5]These miscellaneous filings have not been previously discussed in reference to the tolling issues in this case because mandamus petitions and other such pleadings do not constitute properly filed petitions for postconviction relief that would toll the one-year AEDPA limitation period. See , e.g., Anderson v. Atty. Gen. of Fla. 135 Fed.Appx. 244, 246, (11th Cir. 2005) (discussing same) (unpublished opinion). It is also noted that McCullough did not serve the State of Alabama with a copies of any of the mandamus petitions filed in the Alabama Supreme Court.

12.  As discussed in the Respondents' initial answer to McCullough's petition (Doc. 8), in the instant December 28, 2006 petition before this Court, McCullough seeks habeas relief from his attempted burglary conviction on the following grounds:

1)   His conviction stemmed from an unlawful warrantless search of his 1998 Mustang car;

2)  His conviction violated his right against self-incrimination, because he testified at trial that co-defendant Billy Norris "wanted to do something illegal to join a gang" and that he (McCullough) "was there to eyewitness the event not to participate[,]" and "stopped him from doing anything";

3)  The State failed to disclose favorable evidence that there were "no DNA samples of hair from the ski mask and no fingerprints on either of these guns"; apparently, McCullough also argues that the State admitted the ski mask into evidence, and that the City of Lanett police officers "did let me walk away with this ski-mask on which [he] disposed of once [he] got to the Lanett Police Department."

4)  The jury's verdict was "contrary to the law and the weight of the evidence," essentially questioning the credibility of the State's trial witnesses;

5)  The State admitted "false evidence," a ski mask which McCullough "disposed of...at the Lanett Police Department";

6)  The trial court erred in instructing the jury regarding second degree attempted burglary, and should have instructed the jury regarding third degree attempted burglary as a lesser included offense because the evidence "showed that no weapon was involved in this alleged crime";

7)  The City of Lanett Police Department officers unlawfully searched his car without probable cause to do so;

8) "Conflicted testimony of state witnesses";

9) His right against self-incrimination was violated when he testified at trial that he entered the property in question to stop Norris from committing a crime;

10) Defense counsel Kyla Kelim, Esq., who represented McCullough both at trial and on appeal, rendered ineffective assistance as trial and appellate counsel  because she A) "allowed the State to introduce false evidence to wit: a    ski mask[,]" B) did not introduce a videotape that would show that the police officers "did not take this ski mask from [him][,]" C) "lost [his] appeal[,]" D) did not object to Norris's testimony regarding his guilty pleas or cross-examine   him regarding his withdrawal of his guilty plea, E) did not object to  the State's closing argument;

11) he challenged the "criteria for signing [a waiver of rights form] to the degree of proper prospectiveness of enlightment[,] [sic]" and he "did not sign, endorse, or verify" his statement to the police.

Petition at 5; see also McCullough v. Jones, et al., 3:07-CV-26-MEF, Doc.

2, pp. 10-13;  13;  14-15;  16-18;  18;  18-21;  22-24;  25-26.[6]

13.  This Court will not review claims made in a petition for habeas corpus

that were not first properly presented to the state courts, and the claims must be

completed exhausted throughout the state courts, including review in the Alabama

Supreme Court.  E.g., McNair v. Campbell, 416 F. 3d 1291, 1302  (11th Cir.

2005); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999);

Dill v. Holt, 371 F. 3d 1301, 1303 (11th Cir. 2004).  Of these claims, McCullough

---

[6] Claims 4-11 were initially filed in a brief in McCullough's other current habeas proceeding, McCullough v. Jones, Case No. 3:07-CV-26-MEF, but this Court, noting that the brief challenged in the instant attempted burglary conviction, ordered that the brief be placed in the instant case file. See Doc. 16.

appears to have raised Claim 1, his argument against the sufficiency and weight of the evidence, during his direct appeal proceedings, see Ex. 1B (Appellant's Brief 10-13), but did not file an application for rehearing or seek certiorari review in the Alabama Supreme Court after the Court of Criminal Appeals affirmed his conviction in McCullough v. State, CR-03-1103 (Ala. Crim. App. Sep. 24, 2004). McCullough thus failed to exhaust this claim by seeking full review in the state courts. Boerckel, 526 U.S. at 842, 119 S. Ct. at 1731; Smith, 256 F. 3d at 1140.

14. McCullough does not appear to have specifically raised Claims 3, 5, 6, 8, or 11 on direct appeal or in his Rule 32 petition. Further, those portions of McCullough's Claim 10 -- regarding the alleged ineffectiveness of defense counsel -- whereby he questions counsel's effectiveness at trial in failing to object to the State's closing argument, failing to introduce a videotape into evidence, failing to object to his co-conspirator's testimony, and failing to object to the State's closing argument, and also alleges that she rendered ineffective assistance by "los[ing] his appeal," were not specifically raised on direct appeal or in his Rule 32 petition. They are procedurally defaulted for this reason. 28 U.S.C. § 2254 (b)(1)(A); Coleman, 501 U.S. at 731, 111 S. Ct. at 2555.

15. McCullough appears to have raised Claims 2, 5, 7, 9, and that portion of Claim 10 regarding defense counsel's alleged ineffectiveness in "allow[ing] the State to introduce false evidence[,]" in his Rule 32 petition, but he failed to appeal

from the trial court's judgment on that petition; accordingly, by his failure to exhaust them through a complete round of review in the state courts, they are procedurally defaulted. <u>Boerckel</u>, 526 U.S. at 842, 119 S. Ct. at 1731; <u>Smith</u>, 256 F. 3d at 1140.

16. As to McCullough's Claims 1, 3, 5, 6, 8, the portions of Claim 10 discussed in Paragraph 10 above, and 11, these claims are not capable of further presentation to the state courts via <u>Ala.R.Crim.P.</u> Rule 32 because they would stem from an untimely, successive petition, and because they could have been raised at trial or on direct appeal. <u>Ala.R.Crim.P.</u> Rules 32.2 (a)(3), (a)(5), (b), (c).

17. As to McCullough's Claims 2, 5, 7, 9, and that portion of Claim 10 discussed in Paragraph 15 above -- those claims that McCullough appears to have raised in his dismissed Rule 32 petition from which, he alleges, he could not appeal because he did not receive notice of the judgment until December 1, 2006 -- McCullough could have sought an out-of-time appeal from the judgment via <u>Ala.R.Crim.P</u> Rule 32.1 (f) and Rule 32.2 (c), which provide:

"Rule 32.1 SCOPE OF REMEDY

"Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:

"...

"(f) The petitioner failed to appeal within the prescribed time from the conviction or sentence itself or form the dismissal or denial of a petition

previously filed pursuant to this rule and that failure was without fault on the petitioner's part.

"...

"Rule 32.2 PRECLUSION OF REMEDY

"...

"(c) Limitations Period.

" Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala.R.App.P.; or (2) in the case of a conviction not appealed to the Court of Criminal Appeals, within one (1) year after the time for filing an appeal lapses; provided, however, that the time for filing a petition under Rule 32.1(f) to seek an out-of-time appeal from the dismissal or denial of a petition previously filed under any provision of Rule 32.1 shall be six (6) months from the date the petitioner discovers the dismissal or denial, irrespective of the one-year deadlines specified in the preceding subparts (1) and (2) of this sentence; and provided further that the immediately preceding proviso shall not extend either of those one-year deadlines as they may apply to the previously filed petition."

(Emphasis added.)

18. Though McCullough claims to have not received timely notice of the November 17, 2005 denial of the Rule 32 petition, he could have attempted to exhaust these claims by filing a Rule 32 petition seeking an out-of-time appeal from that judgment within six months of his learning of that judgment -- from his own assertions, December 1, 2006. Pursuant to Rule

32.2 (c), McCullough had six months from that date -- until June 1, 2006 –

to seek an out-of-time appeal from the petition.  Certainly, McCullough

cannot claim ignorance of this six month limitation period -- indeed, the

Respondents pointed out this rule in their initial Answer filed February 20,

2007.  See Doc. 8, pp. 28-29.  However, as the Respondents also

demonstrated in that Answer, the fact that McCullough's habeas petition is

untimely renders the exhaustion issue moot, and this Court need not reach

the issue.  Even had McCullough filed a Rule 32 petition on or before June

1, 2006 seeking an out-of-time appeal, it would not have revived the expired

AEDPA limitation period without a showing of equitable tolling.  See Sibley

v. Culliver  377 F. 3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has

expired, there is nothing left to toll. A state court filing after the federal

habeas filing deadline does not revive it."); Moore v. Crosby, 321 F. 3d

1377, 1379, 1381 (11th Cir. 2003) ("[W]e hold that the petitioner's belated

appeal motion [seeking an out-of-time appeal from denial of petition for

post-conviction relief] was not pending during the limitations period.")

## CONCLUSION

For the foregoing reasons, and for those reasons previously asserted in the Respondents' February 20, 2007 Answer and May 1, 2007 Supplemental Answer, this Court should dismiss McCullough's petition for writ of habeas corpus.

Respectfully submitted,

Troy King(KIN047)
Attorney General
By:


/s/Marc A. Starrett
Marc A. Starrett
Assistant Attorney General
ID #STARM1168

# EXHIBITS

Exhibit A:  Mandamus petition filed in Alabama Court of Criminal Appeals CR-04-1241 and order dismissing petition

Exhibit B:  Mandamus petition filed in Alabama Court of Criminal Appeals CR-06-0257 and order dismissing petition

Exhibit C:  Mandamus petition filed in Alabama Supreme Court No. 1041059 and order denying petition

Exhibit D:  Mandamus petition filed in Alabama Supreme Court No. 1041123 and order striking petition

Exhibit E:  Mandamus petition filed in Alabama Supreme Court No. 1041781 and order striking petition

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document with all exhibits to the following non-CM/ECF participant:

> CHRISTOPHER MCCULLOUGH, AIS # 174909
> Inmate, Donaldson Correctional Facility
> 100 Warrior Lane
> Bessemer, Alabama  35023

> /s/Marc A. Starrett
> Marc A. Starrett (STARM1168)
> Office of the Attorney General
> Alabama State House
> 11 South Union
> Montgomery, AL  36130-0152
> Telephone:  (334) 242-7300
> Fax:  (334) 242-2848
> E-Mail:  MStarrett@AGO.State.Al.US

ADDRRESS  OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300

294111

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

719172

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

**CR-04-1241**

Ex parte Christopher McCullough   (In re: State of Alabama vs. Christopher
McCullough)   (Chambers  Circuit Court: CC02-318.60)

### ORDER

Upon consideration of the above referenced Petition for Writ of Mandamus, the Court
of Criminal Appeals orders that said petition be and the same is hereby DISMISSED.

**Done this the 26th day of April, 2005.**

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Tom F. Young, Jr., Circuit Judge
    Hon. Charles W. Story, Circuit Clerk
    Christopher McCullough, Pro Se
    Hon. Troy King, Attorney General
    Hon. E. Paul Jones, District Attorney



EXHIBIT
A

**CHAMBERS COUNTY DETENTION FACILITY**
Inmate Stationery

MOTION FOR RELIEF OF POST-CONVICTION
RULE 32.

ON MARCH 19, 2004 I CHRISTOPHER THE
DEFENDANT FILED A RULE 32 TO CHAMBERS
COUNTY FOR RELIEF OF POST-CONVICTION ON
SEVERAL GROUNDS SUCH AS - INEFFECTIVE
ASSISTANCE OF COUNSEL, ENTERING FALSE EVIDENCE,
THE POLICE MADE ILLEGAL CONTACT WITH THE
JURY AND SO ON. CHAMBERS COUNTY HAS REFUSED
TO ANSWER THIS PETITION AND THE LAW IS
WELL SETTLED THAT ANY TIME THE CIRCUIT
COURT REFUSES TO ANSWER AN POST-CONVICTION
RULE 32 IT IS TAKEN THAT WHAT THE DEFENDANT
CHALLENGES IS TRUE AND IS ENTITLED TO RELIEF
REQUESTED.
THEREFORE I AM REQUESTING THE COURT OF CRIMINAL
APPEALS TO GRANT ME THIS PETITION AS I AM
ENTITLED TO RELIEF AS POSED TO LAW.

RESPECTFULLY,

Christopher McCullough

CERTIFICATE OF SERVICE
I Christopher McCullough THIS THE DAY APRIL 11, 2005
DID SEND TO ALL PARTIES INVOLVED, CIRCUIT JUDGE
TOM YOUNG, DISTRICT ATTORNEY PAUL JONES, ATTORNEY
GENERAL TROY KING AND THIS HONORABLE COURT A SELF
ADDRESSED PRE-PAID POSTAGED AND EXACT COPY OF THE
FORE GOING IN THE POSTAL SERVICE OF THE STATE OF
ALABAMA.

RESPECTFULLY,

Christopher C. McCullough

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

**H. W. "BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges



Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## CR-06-0257

Ex parte Christopher McCullough   (In re: State of Alabama vs. Christopher McCullough)   (Chambers  Circuit Court: CC02-189; CC02-304; CC02-312; CC02-318; CC02-325)

### ORDER

Upon consideration of the above referenced Petition for Writ of Mandamus, the Court of Criminal Appeals ORDERS that said petition be and the same is hereby DISMISSED.

Done this the 4th day of December, 2006.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Charles W. Story, Circuit Clerk
    Christopher McCullough, Pro Se
    Hon. Joel Holley, District Judge
    Hon. Troy King, Attorney General
    Hon. E. Paul Jones, District Attorney



101765

IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF ALABAMA

CHRISTOPHER McCULLOUGH #174909          X CRIMINAL CASE
                              , DEFENDENT     NUMBERS: CC-02-182-187,
                                            X CC-02-304-360 CC-02-318,
         V.                                 X and CC-02-325-326
STATE OF ALABAMA                            X
              RESPONDENT,                    X
                                            X

MOTION FOR EXTRAORDINARY WRIT OF MANDAMUS

(1.) ONE SAID CHRISTOPHER McCULLOUGH MOVES THIS HONORABLE
COURT FOR WRIT OF MANDAMUS REGARDING JUDICIAL
ERROR OF THE DISTRICT JUDGE JOEL G. HOLLEY.
THIS REQUEST GOES AS FOLLOWS: ON APRIL 10, 2002 I
THE DEFENDENT CHRISTOPHER McCULLOUGH RECEIVED
A LETTER FROM JUDGE JOEL HOLLEY STATING THAT I
WAS TO BE PRESENT AT PRELIMINARY HEARING ON
APRIL 19, 2002 AT 10:00 AM. AT THE TIME MY ATTORNEY
WAS MR. FRANK PATTERSON. I WANTED TIME MR.
PATTERSON MADE IT SPECIFICALLY CLEAR THAT HE
WOULD NOT REPRESENT ME ON ALL BURGLARY CASES
BECAUSE HE WAS CLOSE TO THE VICTIMS OF 2 OF THE CASES
THIS HAPPENED THE MORNING AT PRELIMINARY HEARING
ON APRIL 19, 2002.
CASE LAW SPECIFIES IN CRIMINAL PROCEDURES THAT
AT PRELIMINARY HEARING THE ONLY INDIVIDUALS
TO HAVE PROPER KNOWLEGE OF THE EVIDENCE IS THE
DEFENDANT SAID ATTORNEY AND THE DISTRICT ATTORNEY
AFTER DISMISSING MR. FRANK PATTERSON AS MY ATTORNEY
THE DISTRICT JUDGE JOEL HOLLEY MADE A STATEMENT
IN OPEN COURT TO WIT: "DO ANYONE IN HERE WANTS TO
REPRESENT MR. McCULLOUGH NO ONE SAID ANYTHING
AFTER THE DISTRICT JUDGE GOT NO RESPONSE HE ASKED
MR. STEVE MORRIS IF HE WANTED THE CASES.

PAGE (1)

MR. STEVE MORRIS STATED QUOTE-UNQUOTE ( YOUR HONOR I DON'T KNOW ANYTHING ABOUT HIS CASES)
THEN THE DISTRICT JUDGE STATED MR. MORRIS YOU ARE HIS ATTORNEY
SO BY MR. STEVE MORRIS BEING PUT IN A VULNERABLE POSITION HE AUTOMATICALLY STATES THAT HE WAS GOING TO WAIVE THE PRELIMINARY HEARINGS. BEFORE DOING SO I REQUEST THAT HE DOES NOT DO THAT AND HE ONCE AGAIN STATED THAT HE KNEW NOTHING ABOUT THE EVIDENCE THAT THE STATE HAD AGAINST ME.
THEN HE ASKED THE DISTRICT ATTORNEY BILL LISENBY, QUOTE-UNQUOTE [ WHAT KIND OF PLEA AGREEMENT DO YOU HAVE FOR MR. McCULLOUGH] THE DISTRICT ATTORNEY STATE QUOTE-UNQUOTE [ I HAVEN'T EVEN THOUGHT ABOUT THAT ]
THEN MR. STEVE MORRIS WAIVED THE PRELIMINARY HEAR. ON THE NOTION THAT HE WAS GOING TO RESOLVE THE CASES WITH THE DISTRICT ATTORNEY BY PLEA AGREEMENT.
THIS MOTION HAS COMPLETE MERIT ON THE FOLLOWING GROUNDS: ① THE DISTRICT JUDGE JOEL HOLLEY VIOLATED HIS JUDICIAL DISCRETION BY ALLOWING ATTORNEY STEVE MORRIS TO WAIVE ALL MY PRELIMINARY HEARINGS KNOWING THAT HE KNEW NOTHING ABOUT MY CASES, THE CHARGES OR THE EVIDENCE AGAINST ME.

② COURT RECORDS WILL SHOW THAT ON THE SAME MORNING OF THE PRELIMINARY HEARINGS, THAT AFTER ATTORNEY FRANK PATTERSON WAS RELIEVED ON APRIL 19, 2002, THE ATTORNEY STEVE MORRIS WAS APPOINTED TO REPRESENT ME ON APRIL 19, 2002 WHICH SHOWS THAT HE WAS INCAPABLE OF BEING PREPARED OR READY FOR ANY OF THESE HEARINGS. IN THIS COURTS LOOK AT THIS MOTION ON PROXIMITY IT SHOULD DETERMINE THE FACT THAT IN ORDER FOR ANY ATTORNEY TO BE PREPARED FOR ANY PRELIMINARY HEARINGS HE OR SHE MUST HAVE EVALUATED OBSERVED AND HAVE PROPER KNOWLEDGE OF ALL THE EVIDENCE AGAINST THEIR CLIENT

(8) THE RULES OF COURT SPECIFIES THAT POSTPONEMENT IS NECESSARY UPON MOTION OF ANY PARTY OR UPON THE DISTRICT JUDGES OWN INIATIVE. THE PRELIMINARY HEARING MAY BE POSTPONED BEYOND THE TIME LIMIT SPECIFIED IN SECTION UPON A FINDING THAT CIRCUMSTANCES EXIST THAT JUSTIFY DELAY AND IN THAT EVENT THE COURT SHALL ENTER A WRITTEN ORDER DETAILING THE REASONS FOR THE FINDING AND SHALL GIVE THE PARTIES PROMPT NOTICE THEREIN. RULE 5.1 (D.)

(9) FOR THE DISTRICT JUDGE JOEL HOLLEY TO STATE THAT A ATTORNEY IS PREPARED TO REPRESENT A CLIENT WHOM HE NEVER SPOKEN TO OR KNEW ANYTHING ABOUT HIS CASES IS TOTALLY CONTRADICTIVE AND ALSO VIOLATES THE LAWYER CLIENT PRIVILEGE RULE.

### IN CONCLUSION

DUE TO THE PROXIMITY OF THE EVIDENCE IT IS CLEARLY SHOWN THAT THE DISTRICT JUDGE DID NOT ACT IN HIS OWN INIATIVE AND VIOLATED HIS DISCRETION BY ALLOWING AN ON HEARINGS, THE SPOT APPOINTED ATTORNEY TO WAIVE SUCH HEARINGS. THEREFORE DEFENDANT IS ASKING THIS HONORABLE COURT TO GRANT SUCH A WRIT TO RELIEVE THE DEFENDANT OF ALL CONVICTIONS

### CERTIFICATE OF SERVICE

I CHRISTOPHER McCULLOUGH DO HEREBY CERTIFY THAT I HAVE SENT AN EXACT SAME COPY OF THE FOREGOING BY PLACING IN THE U.S. MAIL POSTAGE SERVICE ON THIS THE 3rd DAY OF NOVEMBER 2006

COPIES WENT TO:                    RESPECTFULLY, Christopher C.
PG 3  TROY KING ATTORNEY GENERAL MONTGOMERY McCullough
       PAUL JONES DISTRICT ATTORNEY                    AL

*Starrett CC5873*

IN THE SUPREME COURT OF ALABAMA
May 11, 2005

1041059

Ex parte Christopher McCullough.    PETITION FOR WRIT OF
MANDAMUS: CRIMINAL   (In re: Christopher McCullough, alias v.
State of Alabama)  (Chambers Circuit Court: CC02-318; Criminal
Appeals: CR-03-1103).

ORDER

The petition of Christopher McCullough for a writ of
mandamus to be directed to the Alabama Court of Criminal
Appeals having been duly filed and submitted to the Court,

IT IS ORDERED that the petition for writ of mandamus is
denied.

Nabers, C.J., and Lyons, Woodall, Smith, and Parker, JJ.,
concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this 11th day of May, 20 05

*Robert G Esdale, Sr*

Clerk, Supreme Court of Alabama


EXHIBIT
C



**CHAMBERS COUNTY DETENTION FACILITY**
Inmate Stationery

ORIGINAL

1041059.

FILED

APR 14 2005

CLERK
SUPREME COURT OF ALABAMA

APRIL 14, 2005

IN THE COURT OF ALABAMA, SUPREME COURT

CHRISTOPHER McCULLOUGH,                    CR. NO 03-1103
                        APPELLANT,

        Vs.

STATE OF ALABAMA,
                APPELLEE

ON APPEAL FROM THE CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA
TRIAL COURT CASE NO: CC-2002-318

MOTION FOR WRIT OF MANDAMUS
I ONE SAID CHRISTOPHER McCULLOUGH HEREBY
AND THENCEFORTH MOVE THIS HONORABLE COURT
FOR THE EXTRAORDINAY WRIT OF MANDAMUS,
REASONS GOES AS FOLLOWS: ON APRIL 6, 2005 I ONE SAID
CHRISTOPHER McCULLOUGH HAD WENT TO A SENTENCING
HEARING FROM AN PREVIOW TRIAL, WHILE THIS TRIAL
NO: CC-2002-318 WAS ON APPEAL.
MRS. KYLE GROFF HELEN WAS MY DEFENSE ATTORNEY
FOR THIS TRIAL NO: CC-2002-318 AND FOR HER DOING
A VERY POOR JOB I AWARED HER THAT HER SERVICES
WERE NO LONGER NEEDED AS A RESULT OF THIS
CONFLICT OF INTEREST SHE DID NOT INFORM ME
OF THE AFFIRMATION OF THIS CRIMINAL CASE UNTIL
LAST WEEK APRIL 6, 2005 ON WHICH SHE SHOWED AS
MY SENTENCING COUNSEL.
BY HER BEING TRIAL COUNSEL AND APPEAL COUNSEL HER
INEFFECTIVENESS IS COGNIZABLE FOR THIS EXTRAORDINAL
WRIT,
PAGE(1)

**CHAMBERS COUNTY DETENTION FACILITY**
*Inmate Stationery*

By her not informing me of the court of criminal appeals decision she personally vanquished my opportunity to appeal their decision to the Alabama Supreme Court.

Therefore the defendant is not at fault for an untimely appeal

(2) The court of criminal appeals expresses that they would not disturb the trial courts decision cause the findings was taken to the jury to decide the evidence.

In this extraordinary writ I submit that there was insufficient evidence to bring about this decision by the jury.

No overt act was proven. An overt act consists of some kind of attempt to enter the residence to consummate the crime of burglary but somehow while attempting to gaining entrance the crime falls short and is not completed.

Mr. Mike and Mrs. Judith Gragg both testified that no attempt was made to gain entrance of their residence. And mere presence on someone's property does not constitute an overt act.

Where no one except accomplice put the defendant at the scene of the burglary, there was insufficient evidence to meet statutory requirements and, thus, defendants conviction would be reversed. Yarber V. State, 375 So.2d 1212, reversed 375 So.2d 1229

13A-4-2 States that another tack is as long as defendants acts are equivocal, it cannot be said that he has an intent to commit a crime, as long as this quality of equivocation remains there is no attempt.

Page 2.

**CHAMBERS COUNTY DETENTION FACILITY**

*Inmate Stationery*

SOME AUTHORITIES HOLD THAT WHERE THERE WAS INSUFFICIENT OR UNSUITABLE MEANS EMPLOYED BY THE DEFENDANT SO THAT THE INTENDED CRIME COULD NOT BE WHOLLY COMPLETED, OR, OTHERWISE THERE WAS IMPOSSIBILITY OF ACHIEVEMENT, THERE CAN BE NO LIABILITY FOR AN ATTEMPT TO COMMIT SUCH CRIME.

WHERE THERE IS NO EVIDENCE OF DEFENDANT'S FAILURE TO CONSUMMATE THE CRIME OF BURGLARY IN THE THIRD DEGREE, WHICH WAS A NECESSARY ELEMENT OF AN ATTEMPT, THE CHARGE OF ATTEMPT WAS NOT NECESSARY OR PROPER. HOLLINS V. STATE, 415 So.2D 1249 (ALA. CRIM. APP. 1982).

MERE PRESENCE OF AN INDIVIDUAL AT THE TIME AND PLACE OF A CRIME DOES NOT MAKE HIM A PARTY TO THAT CRIME. EX PARTE C.G., 601 So.2D 890 (ALA. 1992.) WHERE IT WAS APPARENT THAT THE STATE PROVED APPELLANT WAS THERE TO ASSIST ANYONE PRESENT TO COMMIT A BURGLARY, WHILE AIDING AND ABETTING WAS AN ISSUE FOR THE JURY TO DECIDE, THERE WAS NOT ENOUGH EVIDENCE PRESENTED BY THE STATE IN THE CASE FOR THE MATTER TO GO TO THE JURY. AND APPELLANT MOTION TO EXCLUDE SHOULD HAVE BEEN GRANTED. PRANT V. STATE, 462 So.2D 781 (ALA. CRIM. APP. 1984.)

CORROBORATIVE EVIDENCE IS NOT SUFFICIENT IF IT REQUIRES ANY OF THE ACCOMPLICE'S TESTIMONY TO FORM THE LINK BETWEEN THE DEFENDANT AND THE CRIME. MCCOY V. STATE, 397 So.2D 577 (ALA. CRIM. APP.) IN THIS CASE, THE STATE CONTENDS THAT MR. MCCULLOW WAS ARMED WITH AN HIGH POWER EXPLOSIVE WEAPON. AND WHERE DID THIS EVIDENCE COME FROM, SOLELY FROM THE TESTIMONY OF THE CO-DEFENDANT BILLY NORRIS BECAUSE THESE WEAPONS WERE FOUND IN MY AUTOMOBILE I AM SAID TO BE ARMED WITH ONE OF THE MON THIS DAY

(PAGE 2)

**CHAMBERS COUNTY DETENTION FACILITY**
*Inmate Stationery*

ON MARCH 19, 2002 THE DAY OF THIS EVENT I WAS ACCUSED OF BEING ARMED WITH A 9.M.M. BAREHANDED AND ON THIS SAME DAY THESE 2 WEAPONS WERE SENT TO MRS. GAYLE PETERS THE LATEX FINGER PRINT EXAMINER OF THE ALABAMA BUREAU OF INVESTIGATION SHE CONDUCTED A THOROUGH EXAMINATION AND CONSTITUTED THAT MY FINGER PRINTS WERE NOT EFFECTED ON ANY OF THOSE WEAPONS, WHICH STATES THAT THE PROSECUTION WENT SOLELY ON THE CO-DEFENDANTS TESTIMONY TO PERSUADE THE JURY THAT I WAS ARMED WITH SUCH A WEAPON. AT THIS JURY TRIAL THE CO-DEFENDANT BILLY NORRIS ALSO TESTIFIED THAT HE DROVE MY VEHICLE ON MANY OCCASSIONS WITHOUT ME PRESENT. ALSO ERRONEOUSLY THE COURT OF CRIMINAL APPEALS STATE THAT THE WEAPONS WERE FOUND BEHIND THE BACK SEAT OF THE DRIVERS SIDE, WHICH THEY STATE I HAD PROPER ACCESS TO. THE TRUTH OF THE MATTER IS THAT BY POLICE REPORT AND POLICE TESTIMONY THE WEAPONS WERE FOUND BEHIND THE BACK SEAT ON THE PASSENGERS SIDE ON WHICH SHOWS IMPOSSIBILITY ON MY BEHALF TO ACCESS OF ANY OF THESE WEAPONS

③

ALSO THERE WAS COMPLETE INCONSISTENCY IN TESTIMONY'S. I SUBMITT THAT THE COURT OF CRIMINAL APPEALS DID NOT EVALUATE ALL TESTIMONY BY STATE WITNESS. THEY SOLELY WENT WITH MRS. PEARL TRAMMELLS TESTIMONY AND DISREGARDED THE GRAGGS TESTIMONY. I SUBMIT COMPLETE INCONSISTENCY OF TESTIMONY WITH PEARL TRAMMELL AND JUDITH GRAGG. PEARL TRAMMELL TESTIFIED BEFORE MRS. JUDY GRAGG DID AND IT GOES AS FOLLOWS: ON MARCH 19, 2002 SHE WAS SAID TO BE FOLDING CLOTHES AT THE BACK OF THE HOUSE WHERE SHE STATED THAT SHE SAW A VERY TALL

PAGE ④

# CHAMBERS COUNTY DETENTION FACILITY

## Inmate Stationery

BLACK MAN WEARING A BANDANNA AROUND HIS FACE LOOKING IN A WINDOW. AND SHE ALSO STATE SHE SAW ANOTHER MAN IN FRONT OF THE HOUSE WITH A SKI MASK ON. NOW I SUBJECT THAT HAD CAN SHE BE IN TWO PLACES AT ONE TIME. HOW CAN SHE BE ALL THE WAY AT THE BACK OF THE HOUSE FOLDING CLOTHES AND AT THE SAME TIME SEE IN THE FRONT OF THE HOUSE, THAT IS HIGHLY IMPOSSIBLE TO BE DONE FOR SUCH A LARGE HOUSE. FURTHER TESTIMONY SHE STATES THAT SHE TOLD MR. GRAGG THAT SHE SAW A MAN LOOKING IN THE BACK WINDOW AND SHE AND MRS. JUDITH GRAGG WERE TOGETHER IN THE BACK ROOM WHILE MR. MIKE GRAGG CALL THE POLICE. SHE ALSO TESTIFIES THAT WHILE SHE AND JUDITH GRAGG WERE IN THE BEDROOM THAT MRS. JUDITH GRAGG POINTED AT THE WINDOW AND STATED QUOTE-UNQUOTE LOOK PEARL THERE THEY GO RIGHT THERE RUNNING TOWARD THE BARN. HER TESTIMONY STATES THAT WHILE HER AND JUDITH GRAGG BOTH STOOD LOOKING OUT THE WINDOW MRS. JUDITH GRAGG AND SHE SAW TWO PEOPLE RUN THROUGH THE GRAGGS YARD.

RETROACTIVELY MRS. JUDITH GRAGG TESTIFIES NEXT AND STATED THAT SHE WAS GOING TO TELL THE ABSOLUTE TRUTH AND SHE DID. SHE VERIFIED THAT SHE AND MRS. PEARL TRAMMELL WERE TOGETHER LOOKING OUT THE WINDOW TO SEE WHAT WAS GOING ON. AND SHE ALSO TESTIFIED TO THIS QUOTE-UNQUOTE WHEN I WAS STANDING LOOKING OUT THE WINDOW WITH PEARL I SAW ON MAN RUNNING THROUGH MY YARD TOWARD THE WOODS. HE WAS VERY TALL HAD ON A WHITE TSHIRT AND BLUE JEANS AND THATS THE ONLY PERSON THAT I SAW IN MY YARD THAT DAY.

NOW I ASK A LOGICAL QUESTION IF BOTH MRS. JUDITH GRAGG AND MRS. PEARL TRAMMELL WERE AT THE EXACT SAME

# CHAMBERS COUNTY DETENTION FACILITY
## Inmate Stationery

WINDOW AT THE EXACT SAME TIME HOW COULD THE OWNER OF THIS RESIDENCE STATE THAT SHE OBSERVED ONE MAN ON HER PROPERTY AND THE MADE STATED BEFORE HAND THAT MRS. GRAGG AND SHE BOTH SAW TWO.

NOW WHO DO WE BELIEVE THE OWNER OF THIS HOUSE OR THE HERED HELP I HIGHLY DOUBT THAT MRS. JUDITH GRAGG HAD ANY REASON TO LIE ABOUT WHAT SHE SAW AFTER ALL THIS WAS HER HOUSE.

THE LAW IS WELL SETTLED THAT MERELY BEING AT OR NEAR THE SCENE OF A CRIME WITHOUT RAISING THE HUE AND CRY DOES NOT MAK A MAN EITHER PRINCIPAL OR ACCESSORY TO THAT CRIME. LEONARD V. STATE 43 ALA. APP 454, 192 So. 2d 46 (1966)

THE MERE PRESENCE AT THE SCENE OF THE CRIME, WITHOUT MORE CANNOT MAKE AN ACCUSED A PARTY TO THE CRIME. RADKE V. STATE, 292 ALA. 290, 293 So. 2D 314 (1974.)

④ AT THE TIME BILL LEZENBY WAS DISTRICT ATTORNEY WHO LED THE PROSECUTION FOR THIS CASE. MY REASON FOR REVIEW ING THE VIDEO TAPES WERE THAT BILL LEZENBY ADMITTED FALSE EVIDENCE IN THIS TREAL THE MORNING OF ARREST I WAS NOT A SUSPECT OF ANY KIND OF FELONY, TO PROVE THIS POINT THE VIDEO TAPE SHOWS THAT ALL THE OFFICERS LET ME WALK AWAY WITH THE SKE MASK IN MY BACK POCKET TO A PATROL CAR WHICH TOOK US TO THE LANETT POLICE DEPARTMENT ON WHICH I DISPOSED OF THE SKE MASK.

THE VIDEO TAPE WELL DISCLOSE THIS.

⑤ JUDGE MARTIN VIOLATED THE RULES OF CRIMINAL PROCEDURE SPECIFICALLY RULE 26.9) PRONOUNCEMENT OF SENTENCE: ON THE RECORD IT SHOWS THAT HE DID NOT AFFORD ME TO MAKE A STATEMENT IN MY BEHALF BEFORE HE IMPOSED SENTENCING. THIS IS A DIRECT VIOLATION

PAGE (6)

**CHAMBERS COUNTY DETENTION FACILITY**
*Inmate Stationery*

13A-5-47

(C.) ALSO STATES THAT BEFORE IMPOSING SENTENCE THE TRIAL COURT SHALL PERMIT THE PARTIES TO PRESENT ARGUMENTS CONCERNING THE EXISTENCE OF AGGRAVATING AND MITIGATING CIRCUMSTANCES AND THE PROPER SENTENCE IMPOSED IN THE CASE.

THEREFORE PETITIONER PRAYS THAT THIS COURT WOULD GRANT SUCH AN EXTRAORDINARY WRIT AND THE RELIEF REQUESTED OF BEING ACQUITTED OF THE SAID CHARGE.

RESPECTFULLY,

Christopher C. McCedberry





# IN THE SUPREME COURT OF ALABAMA

### August 3, 2005

**1041123**

Ex parte Christopher McCullough.  PETITION FOR WRIT OF MANDAMUS:
CRIMINAL  (In re: State of Alabama vs. Christopher McCullough)   (Chambers
Circuit Court: CC02-318.60; Criminal Appeals : CR-04-1241).

### ORDER

The petition filed in this cause on April 29, 2005, is stricken as moot.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this **3rd** day of **August** **2005**

**Clerk, Supreme Court of Alabama**

cc:
Christopher McCullough, Pro Se
Hon. Troy R. King, Attorney General
Hon. E. Paul Jones, District Attorney



/ag

Stamp# 79172

ORIGINAL

1041123.

FILED
APR 29 2005
CLERK
SUPREME COURT OF ALABAMA

IN THE ALABAMA SUPREME COURT

EX PARTE CHRISTOPHER McCULLOUGH
IN RE: STATE OF ALABAMA,
                           APPELLEE     X CHAMBERS COUNTY
            VS.                          X CIRCUIT COURT
CHRISTOPHER McCULLOUGH,                  X No: CC 02-318.60
                    APPELLANT            X
                                         X
                                         X CR-04-1241

## MOTION FOR WRIT OF MANDAMUS

I ONE SAID CHRISTOPHER McCULLOUGH
PETITIONER OF SAID CAUSE MOVES THIS COURT
FOR THE EXTRAORDINARY WRIT OF MANDAMUS
FOR SAID CRIMINAL CASE FOR THE FOLLOWING:

(1) IN MARCH 2005 I FILED FOR MOTION FOR
RELIEF OF POST-CONVICTION TO THE ALABAMA
COURT OF CRIMINAL APPEALS ON WHICH THEY
TOOK AS A WRIT FOR MANDAMUS
IT WAS DISMISSED ON APRIL 26, 2005 BY
THE COURT OF CRIMINAL APPEALS WHICH
PETITIONER ACKNOWLEGES THAT THIS WAS
ERRENEOUS AND PREJUDICIAL.

(2) THE POST-CONVICTION FOR THIS PARTICULAR
CASE WAS FILED ON OR ABOUT MARCH 19 2004
WHICH GAVE THE DISTRICT ATTORNEYS ADEQUATE
TIME TO RESPOND TO THE SAID PETITION
I ALSO APPLIED FOR AN EVIDIENTIARY HEARING

XPEDITED EXPEDITEN EXPEDITED EXPEDITED EXPEDITED EXPEDITED EXPEDITED EXPEDITED EXPEDITEI EXPEDITED EXPEDITEI EXPEDITI

AND ALSO GOT NO RESPOND. BY LAW AND CHAIN OF COMMAND, I NOTIFIED THE HIGHER COURT, THE COURT OF CRIMINAL APPEALS OF THIS SAID NEGLECTION AS STATED BY LAW. I INFORMED THEM OF CHAMBERS COUNTY REFUSAL TO ANSWER MY RULE 32 POST-CONVICTION. I ASKED THE COURT OF CRIMINAL APPEALS TO DIRECT THEM TO GRANT ME THE RELIEF THAT I AM ENTITLE TO AND THEY DISMISSED MY PETETITION

③ THE LAW IS WELL SETTLED ON 998(14.1) ALA. CRIM. APP. 1998 — [IT SPECIFICALLY STATES] WHEN STATE DOES NOT RESPOND TO ALLEGATIONS IN PETITION FOR POST-CONVICTION RELIEF, UNREFUTED STATEMENT OF FACTS MUST BE TAKEN AS TRUE. — RULES OF CRIMINAL PROCEDURE, RULE 32 — BRYANT V. STATE, 739 So2D1138

④ IT ALSO STATES IN CRIMINAL LAW 998(19) WHEN POST-CONVICTION CONTAINS MATTERS WHICH IF TRUE, WOULD ENTITLE PETITIONER TO RELIEF, EVIDIENTIARY HEARING MUST BE HELD RULES OF CRIMINAL PROCEDURE RULE 32.9

THEREFORE PETITIONER PRAYS THAT THIS
HONORABLE COURT GRANTS THIS EXTRAORDINARY
WRIT FOR THE VALID MERITS AT HAND.
PETITIONER PROCLAIMS THAT HE IS ENTITLED
TO RELIEF AS ALABAMA LAW STATES.


RESPECTFULLY,

Christopher C. McCullough



 # IN THE SUPREME COURT OF ALABAMA

August 24, 2005

**1041781**

Ex parte Christopher McCullough.  PETITION FOR WRIT OF MANDAMUS:
CRIMINAL  (In re: State of Alabama vs. Christopher McCullough)   (Chambers
Circuit Court: CC02-318.60; Criminal Appeals : CR-04-1241).

## ORDER

IT IS ORDERED that the petition for writ of mandamus filed
in this cause on August 5, 2005, is stricken pursuant to Rule
21(e)(3),  Alabama Rules of Appellate Procedure.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this 24th day of  August    2005

Clerk, Supreme Court of Alabama

cc:
Christopher McCullough, Pro Se
Hon. Troy R. King, Attorney General
Hon. E. Paul Jones, District Attorney



/ag

*Abbett new*

*79172*

*R-2 8/8/01*

1041781

## PETITION FOR WRIT OF MANDAMUS

EX PARTE CHRISTOPHER McCULLOUGH X

vs.

STATE OF ALABAMA

X CHAMBERS
X COUNTY
  CIRCUIT
  COURT:
X CC-02-380

X CRIMINAL
  APPEALS:
X CR-04-1241

X
X

I CHRISTOPHER McCULLOUGH SAID PRO SE DO HEREBY SUBMIT TO THIS COURT THE ALABAMA SUPREME COURT AN EXTRAORDINARY WRIT WITH EXTREME MERITS.

THIS REQUEST FOR EXTRAORDINARY WRIT GOES AS FOLLOWS: ON MARCH 19, 2002 MY VEHICLE WAS STOPPED BY AN LANETT POLICE OFFICER BECAUSE OF THE PASSENGER OF MY VEHICLE WAS SEEN LOOKING IN THE WINDOW OF MR. MIKE GRAGGS RESIDENCE WITH A GUN.

AS A RESULT TO THIS INCIDENT THEY WENT AND SEARCHED MY RESIDENCE ON WHERE THEY DID NOT ASK FOR MY CONSENT TO SEARCH THIS RESIDENCE REASON FOR THE CO-DEFENDANT BILLY NORRIS PROCLAIMED TO HAVE HID A RIFLE IN MY RESIDENCE ON WHICH WAS FOUND TO BE STOLEN.

PAGE ①

THEY THEN SEARCHED MY 1988 MUSTANG AT LEAST 4 TIMES AND LATER AFTER THE LAST SEARCH FOUND 2 GUNS BEHIND THE BACK PASSENGER SEAT OF MY VEHICLE. THE SAME DAY THE BOTH OF THESE GUNS WERE SENT TO THE ALABAMA BUREAU OF INVESTIGATION WHERE ONE SAID MRS. GAYLE PETERS CONDUCT A PROPER SEARCH FOR FINGER PRINTS.

AND IN CONTENT SHE DID VERIFY THAT MY FINGER PRINTS WERE NOT EFFECTED ON ANY OF THESE WEAPONS. AND THE REASON FOR THE CANETY POLICE OFFICER TO STOP MY VEHICLE WAS BECAUSE THE PASSENGER OF THIS VEHICLE WAS SEEN WITH A GUN BY THE WORK HELP MRS. PEARL TRAMMELL.

AT JURY TRIAL ALL WITNESS TESTIFIED THAT NO ONE EVER SEEN OR MENTION ANYTHING ABOUT A GUN ON MARCH 19, 2002.

THEREFORE THE POLICE OFFICER INTENTIONALLY LIED TO SEARCH MY VEHICLE.

ARTICLE 10.04 THE CONSTITUTION STATES THAT THE RIGHT TO BE SECURE IN THEIR PERSONS, HOUSES, PAPERS AND EFFECTS AGAINST UNREASONABLE SEARCH AND SEIZURES.

THIS STATE THE PEOPLE RIGHTS SHALL NOT BE VIOLATED.

PAGE ②

ALSO AT THIS JURY TRIAL I DID ESTABLISH MY REASON FOR BEING AROUND THE CO-DEFENDANT ON THIS MORNING. HE WANTED TO BURGLARIZE THIS RESIDENCE TO PROVE THAT HE WOULD DO SOMETHING ILLEGAL FOR STREET CREDIBILITY TO GET IN A GANG. THIS IS THE ABSOLUTE TRUTH. SO BY ME TESTIFYING ON THIS BASIS THEY CONCLUDE THAT I DID INCRIMINATE MYSELF BY MENTIONING THE WORD GANG. AND IN LIGHT OF THE WHOLE SITUATION I FOUND OUT THAT THE CO-DEFENDANT HAD ALREADY BURGLARIZED SOME HOUSES BEFORE THIS DAY AND ALSO INCLUDED ME IN THEM TOO! THE UNITED STATES CONSTITUTION ARTICLE(V) CONTINUED STATES: NOR SHALL A DEFENDANT BE COMPELLED IN ANY CRIMINAL CASE TO BE A WITNESS AGAINST HIMSELF.

<u>ISSUES OF FACTS</u>

I. <u>FALSE EVIDENCE</u>: AT JURY TRIAL MR. McCullough ASKED HIS ATTORNEY MRS. KYLA HEISINGROAT TO SHOW ALL VIDEOS WHICH WAS AROUND 3 TO THE JURY. SHE PROCLAIMED THAT SHE DID NOT WANT THE JURY TO SEE THE GUNS IN MY VEHICLE, BUT WANTED ME TO STIPULATE THAT THE GUNS WERE FOUND IN MY VEHICLE, REASON FOR THIS IS THAT THE DISTRICT ATTORNEY ADMITTED FALSE EVIDENCE AT THIS TRIAL

THE FACT OF THE MATTER IS THAT THE
VIDEO TAPE WILL SHOW THAT THE SKI MASK
THAT I HAD IN MY BACK POCKET THEY LET
ME WALK AWAY WITH IT, AND LATER I
DISPOSED OF IT BECAUSE IT WAS NOT
A FACTOR OF THEIR INVESTIGATION. BUT
ON NOVEMBER 14, 2003 THE PROSECUTION ADMITTED
A SKI MASK AT THIS JURY TRIAL AND PROCLAIMED
THAT IT WAS THE ONE THAT THEY GOT FROM
ME ON MARCH 19, 2002 THIS WAS USED TO STREGHEN
THE STATES CASE AGAINST ME, AND THIS VIDEO
WILL VERIFY THAT THEY NEVER TOOK THE SKI-MASK
FROM ME AND ENTERED FALSE EVIDENCE AT
THIS JURY TRIAL. THE PROSECUTION DID NOT
ADMITT ANY HAIR OR DNA SAMPLE FROM THIS
SKI-MASK BECAUSE THEY KNEW THAT IT DID
NOT COME FROM ME.
THIS GROUND ALONG SHOULD HAVE ME ACQUITTED
BUT I HAVE SEVERAL MORE GROUNDS TO ESTABLISH.

II.  POLICE OFFICERS ADMITTED A FALSE STATEMENT.

ON MARCH 19, 2002 THERE WERE SEVERAL POLICE
OFFICERS AND DETECTIVES PRESENT AT THE LANETT
POLICE DEPARTMENT. SOME WERE FROM LANETT AND
OTHERS WERE FROM LAFAYETTE, ALABAMA
WHILE I WAS ISOLATED IN A ROOM ALL OF THEM
WERE TALKING AT ONE TIME ACCUSSING ME OF
ALL TYPES OF BURGLARIES. SO MIKE LOOSIEROR
JEFF BLACKSTONE WHICH WORK IN LAFAYETTE

PAGE ④

SKID ME THE WAIVER OF RIGHTS FORM. HE TOLD
ME TO READ IT CAREFULLY AND INITIAL MY
NAME THEN SIGN IT. THEN ONCE I DID THAT
EVERYONE LEFT THE ROOM EXCEPT DETECTIVE
RICHARD CARTER OF THE LANETT POLICE DEPARTMENT.
NOW KEEP IN MIND OF THIS INCIDENT
BECAUSE IN LIEU OF THE SITUATION TO
ESTABLISH THAT I WAS NOT EVEN A SUSPECT
IN THIS SITUATION THEY QUESTIONED THE
PASSENGER OF MY CAR SEVERAL HOURS BEFORE THEY
EVEN SAID ONE WORD TO ME.
THIS ALONG ESTABLISHES THAT THEY KNEW
THAT I HAD DID NOTHING WRONG. BUT AFTER
QUESTIONING THE CO-DEFENDANT BILLY NORRIS
THEY INCLUDED ME ON EVERY CRIME THAT HE
COMMITTED NOW THE BASIS FOR THE WAIVER
OF RIGHTS FORM IS THAT THE DEFENDANT
ELECTED TO ALLOW DETECTIVES TO QUESTION
HIM TO A CERTAIN EXTENT ABOUT THE CRIME
BEFOREHAND THE WAIVER OF RIGHTS FORM
SPECIFICALLY STATES THAT YOU CAN DENY
TO ANSWER ANY QUESTIONS AT ANY GIVEN
TIME. AND YES I ADMIT THAT ME AND
DETECTIVE CARTER HAD AN ORAL CONVERSATION
ON WHICH IT WAS REALLY A ORAL DEBATE
THEREFORE A STATEMENT WAS NEVER MADE.
AND THERE IS NOTHING ON THE WAIVER OF
RIGHTS FORM TO STATE THAT IF YOU WAIVE THESE

PAGE(3)

RIGHTS THAT THE DEFENDANT AUTOMATICALLY
MADE A STATEMENT. THERE IS NO CONTENT
UNDER THE UNITED STATES LAW TO VERIFY
THIS BY ANY MEANS.
THEREFORE DETECTIVE RICHARD CARTER AND
DISTRICT ATTORNEY BILL LIZENBY INFLUENCED
THE JURY THAT JUST BECAUSE I SIGNED THE
WAIVER OF RIGHTS FORM, THAT I DID INDEED
MADE A STATEMENT WHICH IS ABSURD

III    NO CORROBORATION AND INSUFFICIENT EVIDENCE
THE COURT OF CRIMINAL APPEALS AFFIRMED
THE TRIAL COURTS VERDICT BASED ON PRESSERVING
THE RIGHT TO CLAIM THAT THE CO-DEFENDANT
WAS NOT CORROBORATED AT ALL.
IT IS THE SWORN DUTY OF THE APPOINTED
COUNSEL TO REPRESENT HIS/HER CLIENT TO THE
LAW STANDARDS. IF AN ATTORNEY DOES NOT
RAISE THE ISSUES OF CORROBORATION AT TRIAL
THIS SHOWS THAT SHE WAS INEFFECTIVE
AND DID NOT PREPARE PROPERLY FOR THIS TRIAL
AT ALL. THE BASIS OF ANY VERDICT LIES
SOLELY ON THE EVIDENCE SUBMITTED TO THE
TRIAL COURT. AND THE ONLY EVIDENCE TO STATE
THAT I WAS EVEN ON THIS PROPERTY WAS TO
STOP THE CO-DEFENDANT FROM KICKING IN THESE
PEOPLE DOOR. BUT I DO NOT GET ANY CREDIT FOR
STOPPING THIS CRIME FROM HAPPENING. I GET
BAMBOOZLED INTO A LONG TERM PRISON SENTENCE

FOR BEING ON OR NEAR SOMEONE ELSE'S PROPERTY, ALL I DID WAS SHOW MERE PRESENCE TO STOP BILLY NORRIS.

THE LAW STATES THAT MERE PRESENCE OF AN INDIVIDUAL AT THE TIME AND PLACE OF A CRIME DOES NOT MAKE HIM A PARTY TO THAT CRIME. EX PARTE G.G., 601 So. 2d, 890 (ALA. 1992)

FURTHER MORE THE LAW ALSO STATES THAT WHERE IT WAS APPARENT THAT THE STATE PROVED APPELLANT WAS PRESENT AT THE SCENE, BUT FAILED TO PROVE THAT APPELLANT WAS THERE TO ASSIST ANYONE PRESENT TO COMMIT A BURGLARY, WHILE AIDING AND ABETTING WAS AN ISSUE FOR THE JURY TO DECIDE, THERE WAS NOT ENOUGH EVIDENCE PRESENTED BY THE STATE IN THE CASE FOR THE MATTER TO GO TO THE JURY. PRANTL V. STATE, 462 So. 2d, 781 (ALA. CRIM. APP. 1984.)

ALSO THE COURT HELD THAT MERE PRESENCE AT THE SCENE WAS INSUFFICIENT TO PROVE APPELLANT'S GUILT UNDER A THEORY OF COMPLICITY. JONES V. STATE, 481 So. 2D 1183 (ALA. CRIM. APP. 1985.)

THE LAW ALSO STATES THAT REMOTE PREPARATORY ACTS REASONABLY IN A CHAIN OF CAUSATION DO NOT CONSTITUTE AN ATTEMPT. HUGGINS V. STATE, 41 ALA. APP. 548

THE LAW STATES THAT POSSESSION OF STOLEN PROPERTY MAY GIVE RISE TO A PRESUMPTION THAT THE

PAGE⑦

DEFENDANT WAS INVOLVED IN THE THEFT, THAT POSSESSION DOES NOT GIVE RISE TO A PRESUMPTION THAT THE DEFENDANT WAS IN IMMEDIATE FLIGHT FROM THE SCENE OF THE BURGLARY. EX PARTE CAMPBELL, 574 So. 2D 713 (ALA) 1990 THE LAW ALSO STATES THAT SINCE THE EVIDENCE CREATED MERELY A SUSPICION OF GUILT, IT WAS WHOLLY INSUFFICIENT TO SUPPORT A CONVICTION. RUFFIN V. STATE, 513 So. 2D 63 (ALA. CREM. APP 1987.)

ANOTHER TACK IS AS LONG AS DEFENDANTS ACTS ARE EQUIVOCAL IT CANNOT BE SAID THAT HE HAS AN INTENT TO COMMIT A CRIME, AS LONG AS THIS QUALITY OF EQUIVOCATION REMAINS THERE IS NO ATTEMPT 13A-4-2

THE LAW ALSO STATES THAT THE JURY IS SUPPOSED TO COLLATE AND APPRAISE THE INDEPENDENT EVIDENCE AGAINST EACH DEFENDANT SOLELY UPON THE DEFENDANTS OWN ACTS MOBLEY V. STATE, 563 So. 2d 29 (ALA. CREM. APP. 1990.) THE LAW ALSO STATES THAT IF THE CO-DEFENDANTS TESTIMONY IS THE SOLE PURPOSE TO TEND TO LINK OR CONNECT THE DEFENDANT WITH THE ACCUSED CRIME THEN NO CORROBORATION CAN BE MADE.

IV. ABSOLUTELY CONFLICTING TESTIMONY ON NOVEMBER 14, 2003 MIKE AND JUDITH GRAGG TESTIFIED AT THIS JURY TRIAL ALONG WITH

PAGE (8)

PEARL TRAMMELL THE HIRED HELP. I SUBMIT THAT THE COURT OF CRIMINAL APPEALS DID NOT REVIEW THIS CASE PROPERLY. AT THIS JURY TRIAL MIKE GRAGG TESTIFIED AND ADMITTED THAT HE DID NOT SEE ANY ONE ON HIS PROPERTY AND THAT HE WENT STRICTLY BY WHAT HIS WIFE JUDITH GRAGG HAD TOLD HIM. NEXT PEARL TRAMMELL TESTIFIED AND PROCLAIMED THAT SHE SAW A VERY TALL BLACK MALE LOOKING INSIDE A WINDOW AT THE BACK OF THE HOUSE AND ANOTHER BLACK MALE STOOPED DOWN AT THE FRONT OF THE HOUSE. SHE PROCLAIMED TO REMEMBER A MAN WEARING A DARK BLUE SKI-MASK BUT DID NOT REMEMBER THE LIGHT BLUE CLOTHES HE HAD ON. SHE FURTHER TESTIFIED THAT SHE AND JUDITH GRAGG WERE BOTH STANDING LOOKING OUT THE SAME WINDOW AND JUDITH GRAGG SAID QUOTE-UNQUOTE: LOOK PEARL THERE THEY GO RUNNING TOWARD THE BARN.

NEXT MRS. JUDITH GRAGG TESTIFIED AND STATED THAT SHE WAS GOING TO TELL THE EXACT TRUTH AND IT GOES AS FOLLOWS: SHE TESTIFIED THAT SHE SAW ONLY ONE BLACK MALE IN PLAINVIEW. SHE DESCRIBED HIM AS BEING VERY TALL AND DESCRIBED EXACTLY WHAT HE HAD ON. A WHITE T-SHIRT AND BLUE JEANS AND THAT DESCRIPTION FITTED THE CO-DEFENDANT BILLY NORRIS 100%. SHE ALSO WAS VERY CLEAR THAT BILLY NORRIS WAS THE ONLY PERSON SHE SAW ON HER PROPERTY AND

THAT SHE COULD SEE THE WHOLE BACK YARD WHERE
HE WAS RUNNING AND THAT SHE DID NOT SEE
ANY ONE BUT HIM.

NO THE PROPER QUESTION DEALING WITH THE
LAW IS WHO DO WE BELIEVE? THE OWNER OF
THIS HOME MRS. JUDITH GRAGG WHO HAS NO
REASON TO LIE ABOUT HER HOME AND WHAT SHE
SAW OR DO WE BELIEVE THE MAIDE PEARL TRAMMELL
WHO TESTIFIED UP UNDER OATH THAT HER AND
MRS. JUDITH GRAGG WERE BOTH STANDING SIDE
BY SIDE LOOKING OUT THE WINDOW AT THE
TIME THIS INCIDENT OCCURRED

I AM QUITE SURE THAT IF THE COURT OF
CRIMINAL APPEALS HAD REVIEWED THIS RECORDS
PROPERLY AND ACCURATELY THEY WOULD HAVE
VERIFIED THAT THE OWNER OF THIS RESIDENCE
WORD HAS MORE MERIT THAN THE HIRED HELP.
THERE FORE THIS WAS A MAIN FACTOR AT THIS
JURY TRIAL TO PROVE MORE FALSE EVIDENCE BY
PEARL TRAMMELL AND IF MRS JUDITH GRAGG
TESTIFIED AFTER PEARL TRAMMELL AND HEARD
PEARL TRAMMELLS TESTIMONY AND TAKES THE
STAND AND SAY SOMETHING TOTALLY DIFFERENT
IS COMPLETELY REVIEWABLE IN ITS OWN
FORMAT THERE FORE THERE IS NO REASON FOR
THIS MUCH CONFLICTING TESTIMONY GO UNDETECTED

PAGE 10

**I. PREJUDICIAL ERROR**

JUDGE RAY MARTIN VIOLATED HIS DISCRETION ON A COUPLE OF ISSUES.

FIRST THE JURY CAME TO HIM WITH 2 IMPORTANT QUESTIONS OF DID THEY GET HIS FINGERPRINTS OFF THE GUNS AND DID HE HAVE A CHANCE TO WRITE HIS OWN STATEMENT. HE STATED QUOTE-UNQUOTE: YOU ALL HEARD THE EVIDENCE YOU HAVE TO GO BY WHAT YOU HEARD FROM THE EVIDENCE.

THE LAW STATES THAT TRIAL JUDGE HAS SOME OBLIGATION TO MAKE REASONABLE EFFORTS TO ANSWER A QUESTION FROM THE JURY.

WHEN A JURY EXPLICIT ITS DIFFICULTIES, A TRIAL JUDGE SHOULD CLEAR THEM AWAY WITH CONCRETE ACCURACY. DEUTCSH V. STATE 610 SO.2D 1212 (ALA. CRIM. APP. 1992)

SECOND HE DID NOT ALLOW ME TO SAY ANY THING AT SENTENCING. RULES OF COURT; RULE 26.9 PRONOUNCEMENT OF JUDGEMENT AND SENTENCE. MINUTE ENTRIES

(B) PRONOUNCEMENT OF SENTENCE. IN PRONOUNCING SENTENCE THE COURT SHALL: (1) AFFORD THE DEFENDANT AN OPPORTUNITY TO MAKE A STATEMENT IN HIS OWN BEHALF BEFORE IMPOSING SENTENCE.

WHILE SPEAKING OPENLY JUDGE MARTIN SPOKE ON THIS CASE LIKE IT WAS MALICIOUS AND A VIOLENT ACT THAT HAS NEVER BEEN COMMITTED

BEFORE WHILE HE WAS SPEAKING I LEANED AND

ASKED ATTORNEY KYLA GROTH HELIAM IF JUDGE
MARTIN WAS GOING TO LET ME SPEAK IN MY
BEHALF, HE EVIDENTLY SAW WHAT I WAS
ASKING HER AND PRONOUNCE SENTENCE THEN
TOLD THE TO REMAND ME BACK TO CUSTODY.
ALSO HE VIOLATED 13A-S-47

(C.) BEFORE IMPOSING SENTENCE THE TRIAL COURT
SHALL PERMIT THE PARTIES TO PRESENT
ARGUMENT CONCERNING THE EXISTENCE OF
AGGRAVATING AND MITIGATING CIRCUMSTANCES
AND THE PROPER SENTENCE IMPOSED IN THE CASE
ALSO THE PROSECUTION DISTRICT ATTORNEY
BILL LIZENBY VOUCHED FOR THE CO-DEFENDANT
BILLY NORRIS STRENGTHENING THE STATES
WITNESS CREDIBILITY. THE COURT HELD THAT
THIS WAS CLEARLY ERRONEOUS WHERE HE
STATED IN THE STRONGEST LANGUAGE, HIS
PERSONAL BELIEF IN THIS WITNESS CREDIBILITY,
COMMENTS AS A WHOLE, COULD REASONABLY
HAVE LED THE JURY TO BELIEVE THAT THE
PROSECUTOR POSSESSED ADDITIONAL REASONS
FOR KNOWING THAT, THE STATE'S WITNESS
TESTIFIED TRUTHFULLY, REASONS NOT KNOWN
TO THE JURY. GUTHRIE V. STATE 616 SO.2D 914
THE LAW ALSO STATES THAT ALTHOUGH JURY'S
DECISION CONCERNING SENTENCE IS TO BE GIVEN
CONSIDERATION BY THE TRIAL JUDGE, HE MAY ACCEPT
OR REJECT THAT VERDICT. HOOKS V. STATE 534 SO.2D 329
(ALA. CRIM. APP. 1982)

PAGE ⑫

VI. INEFFECTIVE ASSISTANCE OF COUNSEL

ATTORNEY KYLA GROFF KELIM FILED AN APPEAL
IN THIS CASE SOMEWHAT JULY 2004. SOMEWHERE
IN MY LEGAL PAPERS I HAVE A LETTER FROM
HER OFFICE STATING THAT SHE WAS STILL
WORKING ON MY CASE, BECAUSE I ASKED FOR
A COPY OF THE TRANSCRIPT FOR THIS CASE.
SHE DIDN'T TELL ME THIS CASE WAS AFFIRMED
UNTIL FEBRUARY 2005 ON WHICH I COULD HAVE
WENT TO THIS ALABAMA SUPREME COURT FOR
WRIT OF CERTIORARI, THERE IS NO RECORDS
AT THIS FACILITY OR MY LOG WHICH SHOWS
THAT SHE SENT ME VERIFICATION OF
THIS DECISION SHE HAS BEEN STUDYING
LAW FOR NUMEROUS OF YEARS IN LOUSIANA,
FLORIDA, AND ALABAMA SO THERE IS NO EXCUSE
FOR NOT TO BRING UP CORROBORATED EVIDENCE
AT THIS JURY TRIAL, AND THE LAW ALSO
STATES THAT IF AN ATTORNEY REPRESENTS A
DEFENDANT AT TRIAL AND ON APPEAL AND
LOSES THE APPEAL ON WHICH SHE HAD ALL
KNOWLEGE OF THE CASE, INEFFECTIVE ASSISTANCE
OF COUNSEL IS COGNIZABLE.
THEREFORE I SUBMITT THIS COURT A
PETITION FOR THIS EXTRAORDINARY WRIT
TO CORRECT ALL THE MISTAKES MADE IN THIS
CASE.

RESPECTFULLY, Christopher C. McCullough