IN THE U.S. DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CHRISTOPHER McCULLOUGH,
#174909,
    PETITIONER,

VS.

DANIEL JONES, WARDEN
    RESPONDENT,

* CASE NO. 3:07-CV-71-WKA

RECEIVED 2007 AUG 3 A 9:13

## RESPONSE TO ATTORNEY GENERAL SECOND SUPPLEMENTAL ANSWER

COMES NOW THE PETITIONER CHRISTOPHER McCULLOUGH WITH AN RESPONSE TO THE ATTORNEY GENERAL SECOND SUPPLEMENTAL ANSWER

# ARGUMENT

THE PETITIONER CHRISTOPHER McCULLOUGH IS ENTITLED TO EQUITABLE TOLLING UNDER THE CIRCUMSTANCES OF THIS CASE PROVEN BY INDEPENDENT EVIDENCE.

AS MENTIONED IN A PREVIOUS RESPONSE THE CIRCUIT COURT DID NOT NOTIFY PETITIONER OF THE CIRCUIT JUDGE FINAL DECISION ON THIS CASE.

ANY TIME A FINAL JUDGEMENT IS MADE IN AN CRIMINAL CASE IS SHOULD BE MADE BY WRITTEN ORDER AND THE DEFENDANT IS SUPPOSED TO BE ISSUED A COPY OF THE SAID ORDER.

FAILURE TO ISSUE THE DEFENDANT A COPY OF ANY ORDER OF A FINAL JUDGEMENT PREJUDICE THE DEFENDANT COMPLETELY BECAUSE IT DENIES THE DEFENDANT THE RIGHT TO CHALLENGE THE JUDGE'S FINAL DECISION ON APPEAL.

THIS PRODUCES AN PROCEDURAL DEFAULT WHICH IS ESTABLISHED BY AN PURE FACT AND NOT AN ALLEGATION.

I AM GOING TO SUBSTANTIAL SHOW THAT THE INSTANT CASE HAS MULTIPLE DENIALS OF MY CONSTITUTIONAL RIGHTS. THESE ISSUES ARE COMPLETELY DEBATABLE, AMONG REASONABLE JURISTS, THAT A COURT COULD RESOLVE THESE ISSUES DIFFERENTLY, AND THESE ISSUES ARE ADEQUATE ENOUGH TO DESERVE ENCOURAGEMENT TO PROCEED FURTHER.

I will start with the 6th Amendment with the right to assistance of counsel. In this Rule 32 petition I administered the fact of the ineffectiveness of my counsel. Kyla Groff Helin did not meet the standard of law. Her performance was deficient and no attorney with the proper reasonableness would have made the choices that she made. First of all she went against my request to show the videotape of the stopping of my vehicle on which discloses evidence in favor of the defendant that the Lanett police officers never took an ski-mask out of my possession. Failure to not showing this video tape allowed the district attorney to admit false evidence in this jury trial to boast the states case to wit! A blue ski mask to be specific. Anytime the district attorney use false evidence to boast the states case is deemed inappropriate and the defendant is automatically acquitted. Failure to show this videotape prejudiced the petitioner completely. She also failed to object to the co-defendants contradictive testimony. She did not dispute, challenge, or debate the corroborate evidence of this trial on which prejudice the petitioner completely because it denied me the right to challenge this decision on appeal. The attorney general states that to stipulate the fact of ineffective assistance of counsel could be done on direct appeal but it cannot be suffice if the trial attorney is also the attorney who does the appeal, so post-conviction Rule 32 is the proper method to bring this issue about.

PAGE ③

CRIMINAL LAW 998(3)
WHERE DEFENDENT IS REPRESENTED AT TRIAL AN ON APPEAL BY SAME COUNSEL, CLAIMS OF INEFFECTIVE ASSISTANT OF COUNSEL ARE COGNIZABLE IN PETITION FOR POST-CONVICTION RELEIF. U.S.C.A. CONST. AMEND 6 RULES OF CRIMINAL PROCEDURE RULE 32 ET. SEQ.
EX PARTE BESSELAAR 600 So. 2D 978, 979 (ALA. 1992.)
THEREFORE THIS ISSUE WAS PROPERLY RAISED ON POST-CONVICTION RULE 32.

THE DENIAL OF THE RIGHT OF MY 5TH AMENDMENT ALSO WAS VIOLATED BECAUSE I TOLD THE TRUTH THAT I WAS ONLY PRESENT TO SEE THE CO-DEFENDANT DO SOMETHING FOOLISH ON WHICH ESTABLISHES BY ME BEING PRESENT ON THIS SCENE. WITHOUT THIS TESTIMONY NO REASONABLE JURY WOULD HAVE CONVICTED ME OF THIS CRIME, THE 5TH AMENDMENT SPECIFICALLY STATES THAT NOR SHALL BE COMPELLED IN ANY CRIMINAL CASE TO BE A WITNESS AGAINST HIMSELF. THIS IS WHAT THE COURT OF CRIMINAL APPEALS BASED THEIR AFFIRMATION ON WHICH IS HIGHLY UNLAWFUL AND AN MISCARRIAGE OF JUSTICE.

THE DENIAL OF THE RIGHT OF THE 4TH AMENDMENT WAS VIOLATED BY UNREASONABLE SEARCH AND SEIZURE OF MY 1998 MUSTANG WAS PROPERLY RAISED ON POST-CONVICTION RULE 32 ALSO.

TO CONSUMATE THE EFFECT OF THESE ISSUES I SHOULD HAVE BEEN NOTIFIED OF THE DISMISSAL OF THIS PETITION BY WRITTE ORDER. WITHOUT THIS NOTIFICATION IT PREJUDICED ME COMPLETELY BECAUSE IT DENIED ME THE RIGHT TO CHALLENGE THESE ISSUES ON APPELLATE REVIEW. THIS WAS AN DETRIMENTAL MISCARRIAGE OF JUSTICE.

PAGE (4)

I have demonstrated that I am entitled to equitable tolling. All the exhibits that was written to the Court of Criminal Appeals and the Alabama Supreme Court indeed ascertains than alleges that I tried multiple of times to get the Chambers County Circuit Court to answer this Rule 32 petition.

A state prisoner can overcome a procedural default and thus procure federal habeas corpus review of his barred claims, if he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law. I have undoubtingly done this.

The Chambers County Circuit Clerk has definitely verified this default of me not receiving the final notice of this decision of this post conviction Rule 32 in his sworn affidavit. He discloses the fact that his office has no record that he sent me a copy of this written order. Failure to do so has prejudiced me to appellate review of these issues on appeal, because by him not sending me a copy of the final notice, makes the appellate time lapse without my knowing that it was capable of appealing at the proper time. This affidavit by Mr. Charles Story condones my demonstration for cause for default.

I also established another miscarriage of justice on post-conviction Rule 32 that Judge Ray Martin gave an improper jury charge on attempted burglary 2nd which is clearly erroneous by law because attempted burglary 2nd degree is not an lesser included offense of attempted burglary 1st degree. By me not knowing that this petition was dismissed I could not challenge this issue on appeal. This issue alone would have remanded this case

Page (3)

An improper violation was established when they searched my vehicle.

## SEARCHES AND SEIZURES 68

Fact that police officer, while moving suspects vehicle from area where it was illegally parked, observed pistol in floorboard of vehicle did not provide officer with probable cause to search vehicle, even though suspect had prior felony convictions for selling controlled substance and persons convicted of certain violent crimes were prohibited by statue from possessing pistol; suspects conviction was not crime of violence, and his possession of pistol was therefore not illegal. U.S.C.A. Const. Amend. 4 Code 1975, 13A-11-72, 13A-11-73 Beasley Lykes Jr. v. State 709 So 2d 1335 (Ala. Crim. App. 1997.)

I do hereby verify that I was convicted of receiving stolen property 2nd or 3rd degree a non-violent crime so it was not illegal for a pistol to be in my vehicle.

So it seems that the state court acted outside of the scope of the area of legal principle this makes the state court decision was clearly objectively unreasonable.

Petitioner was prejudiced by not knowing the disposition of his post-conviction rule 32 on which all time lapse for appellate review without petitioner having knowledge of such disposition.

PAGE 6

## IN CONCLUSION

PETITIONER HAS DEMONSTRATED ON MULTIPLE OF DEFAULTS, HAS STIPULATED, DISCLOSED, AND HAS ESTABLISHED THE DETRIMENTAL PREJUDICE THAT THESE DEFAULTS HAS CAUSED THE PETITIONER DEALING WITH THIS CASE.

DEALING WITH THE WRIT OF MANDAMUS IT IS WELL SETTLED THAT WHEN THE TRIAL COURT REFUSES TO ANSWER ANY POST-CONVICTION RULE 32 TO CAN REQUEST A HIGHER COURT TO DIRECT TERM TO ORDER THE TRIAL COURT TO ANSWER SUCH PETITION.

I HAVE DEMONSTRATED THAT MY PETITION INVOLVES ISSUES THAT ARE DEBATABLE AMONG REASONABLE JURISTS, THAT A COURT COULD RESOLVE THE ISSUES DIFFERENTLY, AND THE ISSUES ARE INDEED ADEQUATE ENOUGH TO DESERVE ENCOURAGEMENT TO PROCEED FURTHER.

THEREFORE PETITIONER CONTINUES TO REQUEST FOR HABEAS RELIEF AS HE SO MUCH DESERVES. I HAVE MET THE OUTSTANDING BURDEN OF PROVING THE DEFAULTS AND PREJUDICES OF THIS CASE AND REQUEST RELIEF FOR THIS MISCARRIAGE OF JUSTICE.

RESPECTFULLY,

Signature, Christopher C. McCullough
Christopher C. McCullough
Pro 'SE

PAGE ②

# CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY THAT ON THIS THE 30TH DAY OF July MONTH 2007 I HAVE SENT AN EXACT, SAME COPY OF THE FOREGOING TO:

TROY KING
ATTORNEY GENERAL
11 SOUTH UNION STREET
MONTGOMERY, ALABAMA 36130-0152

BY PLACING THE SAME IN THE UNITED STATES POSTAL SERVICE POSTAGE PAID.

RESPECTFULLY,

Signature, Christopher C. McCullough
Christopher C. McCullough
Pro'SE

SEAL MAIL

CHRISTOPHER McCULLOUGH #179209 A4b-C CELL
W.E. DONALDSON CORRECTIONAL FAC.
BESSEMER ALABAMA 35023

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY ALABAMA 36101-0711