IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

CHRISTOPHER MCCULLOUGH,   *
#174 909
    Petitioner,   *

    v.   *   3:07-CV-71-WHA
        (WO)
DANIEL JONES, WARDEN, *et al.*,   *

    Respondents.   *
_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Christopher McCullough. Respondents filed an answer and supplemental answers in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, in which they contend that Petitioner is procedurally defaulted on each of his claims for relief because he did not properly present these claims to the state courts in accordance with applicable procedural rules and federal law. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990); *Teague v. Lane*, 489 U.S. 288 (1989).

A procedural default bars consideration of the merits of a claim "unless the prisoner

can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *Peoples v. Campbell*, 377 F.3d 1208, 1235 (11th Cir. 2004); *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

Accordingly, it is

ORDERED that on or before April 7, 2009 Petitioner may file a response to the answer filed by Respondents. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. Petitioner is advised that at any time after April 7, 2009 the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules*

*Governing Section 2254 Cases in the United States District Courts.*

Petitioner is instructed that when responding to Respondents' answer he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that Petitioner is entitled to relief on those grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When Petitioner attacks Respondents' answer by use of affidavits or other documents, the court will, at the proper time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts.*

Petitioner is cautioned that in responding to Respondents' assertion that all of his constitutional claims for relief are procedurally defaulted he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue these claims in state court either at the trial court level, on appeal or in available post-conviction proceedings. Petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with specificity. If Petitioner asserts that this court should address the procedurally defaulted claims under the fundamental miscarriage of justice exception, Petitioner must show specific reasons for the application of this exception

DONE, this 24th day of March 2009.

                /s/ Susan Russ Walker
            SUSAN RUSS WALKER
            CHIEF UNITED STATES MAGISTRATE JUDGE