IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

CHRISTOPHER MCCULLOUGH,      *
#174 909
     Petitioner,              *

     v.                   *      3:07-CV-71-WHA
                                    (WO)

GARY HETZEL, WARDEN, *et al*.,     *

     Respondents.         *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Chris McCullough.[1] Petitioner challenges the November 14, 2003 conviction for attempted first degree burglary entered against him by the Circuit Court for Chambers County, Alabama, following a jury trial. On January 15, 2004 the trial court sentenced Petitioner, as a habitual offender, to 40 years imprisonment. The trial court denied

---

[1] The present petition was stamped "filed" in this court on January 8, 2007. The petition was accompanied by a brief in support of the petition and a request for leave to proceed *in forma pauperis* as well as another habeas application challenging Petitioner's 2002 convictions for first degree burglary and second degree theft of property. Petitioner signed his habeas application on December 2, 2006, he signed his IFP request on December 8, 2006, and he signed his brief in support of his habeas petition on December 28, 2006. Thus, although Petitioner executed his habeas petition and IFP request on December 2 and 8, 2006, respectively, it is clear that Petitioner had all the aforementioned pleadings within his possession at the time he filed said documents with the court and, therefore, he could not have submitted them to prison officials for mailing prior to December 28, 2006. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition and accompanying pleadings] w[ere] delivered to prison authorities the day [McCullough] signed [them] . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers December 28, 2006 as the date of filing.

Petitioner's November 17, 2004 request for a new trial on March 10, 2004.  (*See Doc. No. 10, Exh. A.*)

The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on September 24, 2004. Petitioner did not file an application for rehearing or petition for certiorari review. Accordingly, the Alabama Court of Criminal Appeals entered a certificate of judgment on October 13, 2004.  By operation of law, Petitioner's first degree attempted burglary conviction became final on October 27, 2004.  (*See Doc. No. 8, Exhs. 1B-1E.*)

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[2]  Respondents contend that because Petitioner's conviction became final in 2004 – **after** the effective date of the statute of limitations –  he must have filed his § 2254 petition within a year of this conviction's becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  Respondents concede that Petitioner filed a state post-conviction petition in July 2005.  They maintain, however, that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Petitioner's filing the present federal habeas petition.  (*Doc. No. 8, pgs. 8-13; see also Doc. Nos. 18, 26.*) *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *Tinker v. Moore*, 255 F.3d 1331, 1333- 1335. n.4 (11th Cir. 2001).

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

Based on Respondents' argument, the court entered an order advising Petitioner that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). (*Doc. Nos. 11, 19*.) The orders also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. (*Id.*) Petitioner took the opportunity granted to file his responses. (*See Doc. Nos. 13, 24, 27, 29.*) In his responses, Petitioner argues that he is actually innocent of the conviction he challenges. Petitioner further argues that he failed to receive timely notice that his state post-conviction petition had been denied. Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that Petitioner's § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## I. DISCUSSION

*A. Fundamental Miscarriage of Justice - Actual Innocence*

This court must determine whether Petitioner has demonstrated his actual innocence before addressing Respondents' assertion that the instant petition is barred by the statute of limitations. *See Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000). "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518 (2006). Thus, "[i]n

the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537.  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.  *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . .  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id*. 513 U.S. at 324.

Petitioner's allegation of actual innocence is not based on new evidence.  Rather, Petitioner presents only self-serving and conclusory allegations that he is actually innocent of his conviction because the evidence against him was insufficient.  Petitioner's arguments, at most, constitute claims of legal insufficiency rather than factual innocence. *See Bousley*, 523 U.S. at 622.  Petitioner has submitted no "new reliable evidence" to support his claims so as to meet the standard set forth by *Schlup*.  His mere contention that he is actually innocent of the crime of his conviction is not supported by the record or any credible

evidence.  Because Petitioner has failed to demonstrate his actual innocence, the court finds

that the instant petition for writ of habeas corpus is properly analyzed under 28 U.S.C. §

2244(d)(1)(A).

*B.  Statute of Limitations*

> *i.  Statutory Tolling*

A one year statute of limitations is applicable to habeas corpus petitions filed  in non-

capital cases for persons convicted in a state court.  28 U.S.C. § 2244(d)(1).[3]  28 U.S.C. §

_____

[3]This section provides:

> (1)     A 1-year period of limitation shall apply to an application for a
> writ of habeas corpus by a person in custody pursuant to the judgment of
> a State court.  The limitation period shall run from the latest of-
>
>> (A)     the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for
>> seeking such review;
>>
>> (B)     the date on which the impediment to filing an
>> application created by State action in violation of the constitution
>> or laws of the United States is removed, if the applicant was
>> prevented from filing by such State action;
>>
>> (C)     the date on which the constitutional right asserted was
>> initially recognized by the Supreme Court, if the right has been
>> newly recognized by the Supreme Court and made retroactively
>> applicable to cases on collateral review; or
>>
>> (D)     the date on which the factual predicate of the claim or
>> claims presented could have been discovered through the
>> exercise of due diligence.
>
> (2)     the time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted toward any period of
> limitation under this subsection.

2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins

to run on the date when the time for seeking direct review of the challenged judgment

expires.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. §

2254 petition begins to run on the date when the time for seeking direct review of the

challenged judgment expires.  Petitioner was convicted of attempted first degree burglary in

the Circuit Court for Chambers County, Alabama, on November 14, 2003.  He filed a direct

appeal. The Alabama Court of Criminal appeals affirmed Petitioner's conviction on

September 24, 2004 and issued a certificate of judgment on October 13, 2004. Since

Petitioner did not seek further relief from the Alabama Supreme Court, he was not entitled

to file a petition for certiorari with the United States Supreme Court and the time for seeking

review of the 2003 attempted first degree burglary conviction lapsed upon expiration of the

time for filing a petition for writ of certiorari with the Alabama Supreme Court – that is,

fourteen days from the issuance of the certificate of judgment.[4]  Rule 39(b), *Alabama Rules

of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000); *see also* Rule

13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be

---

[4]Respondents' contention that Petitioner's conviction became final on October 13, 2004 upon
issuance of the Alabama Court of Criminal Appeals' certificate of judgment fails to take into account the
fourteen days within which Petitioner could have filed a petition for writ of certiorari.  Upon expiration of
the fourteen days within which Petitioner could have filed a petition for writ of certiorari after the appellate
court's issuance of a certificate of judgment, his conviction became final.

filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court).  Thus, Petitioner's attempted first degree burglary conviction became final on October 27, 2004 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.  (*Doc. No. 8, Exhs. 1B-1E.*)

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 267 days after Petitioner's conviction became final until he filed a Rule 32 petition in the trial court on July 21, 2005.[5] On November 17, 2005 the trial court denied the Rule 32 petition. Petitioner did not appeal the decision and, therefore, the limitation period began to run again on December 29, 2005, forty-two days after the trial court entered its decision, as this is the last day Petitioner could appeal that ruling. *See* Rule 4(b), *Alabama Rules of Appellate Procedure*. (*Doc. No. 8, Exhs. 2A-2E.*)  Thus, as of the aforementioned date, Petitioner had 98 days of the applicable limitation period remaining within which to file a federal habeas petition. The court,

---

[5]Although the Clerk stamped the post-conviction petition as being filed on July 27, 2005, and Petitioner indicated in the petition that it was mailed from the institution on July 20, 2005, it is clear that  he still had the petition in his possession on July 21, 2005, which is the date he signed his petition under oath before a Notary Public.  The court, therefore, considers July 21, 2005 as the date Petitioner filed his Rule 32 petition with the trial court. *See Houston v. Lack*, 487 U.S. 266, 271-272 (1988). (*See Doc. No. 8,  Exhibit 2A at 7, 11.*)

therefore, concludes that the time allowed Petitioner for the filing of a federal habeas petition expired on April 6, 2006.  Petitioner filed his federal habeas application on December 28, 2006 – 266 days or eight months and 22 days after the limitation period had expired.

*ii. Equitable Tolling*

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  "Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002).  Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond a petitioner's control made it impossible for him to file his petition on time.  *See Miller v. New Jersey State Dept. Of Corrections*, 145 F.3d 616, 618-19 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere

8

excusable neglect is not sufficient.") "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286.

Petitioner argues as grounds for equitable tolling that the trial court failed to make him aware of its November 17, 2005 order dismissing his Rule 32 petition and that he only received such information on December 1, 2006 after sending correspondence to the Circuit Clerk's Office for Chambers County inquiring about the status of his post-conviction petitions.[6] Petitioner maintains that the state court's failure to notify him that his Rule 32 petition challenging his attempted first degree burglary conviction had been denied impeded his ability to appeal the trial court's decision. Petitioner, however did not seek a belated appeal with the trial court after receiving notice on December 1, 2006 that his Rule 32 petition had been denied but proceeded to file a federal habeas application with this court almost one month later on December 28, 2006.  Of course, Petitioner's one-year limitation period expired on April 6, 2006.  Thus, Petitioner requests equitable tolling for the time during which he had not received notice of the trial court's November 17, 2005 order denying his Rule 32 petition until December 1, 2006 when he received the Circuit Court Clerk's response to his inquiry regarding the status of that proceeding.[7]

---

[6]Petitioner indicated that he was seeking information on all of his Rule 32 petitions, of which he "should have a total of 4 or 5."  (*Doc. No. 24 pg. 3.*)

[7]The evidence before the court reflects that the trial court's November 17, 2005 order denying Petitioner's post-conviction petition contains a handwritten designation at the bottom of the order of "C. McCullough, DA." (*See Doc. No. 24, Exh. 2E.*) Such handwritten notations usually indicate to whom a copy of an order is mailed. Parties would receive correspondence at their address of record.

Petitioner also contends that he "repeatedly tried to not only get the results of [his] post-conviction Rule 32s but also went to extreme measure to make them answer them and get the results." (*Doc. No. 24 at pg. 7*.) The "extreme measures" to which Petitioner refers concern his filing of five mandamus petitions in either the Alabama Court of Criminal Appeals or the Supreme Court of Alabama.[8] Of the five mandamus petitions filed by Petitioner, one was filed approximately two weeks after he filed his Rule 32 petition challenging his attempted first degree burglary conviction and one was filed more than one year later, *i.e.,* November 3, 2006. In neither of these two mandamus petitions, however, did Petitioner request information regarding the status of his post-conviction petition

---

[8]Petitioner filed his mandamus petitions in either the Alabama Court of Criminal Appeals or the Supreme Court for Alabama on April 11, 2005, April 14, 2005, April 29, 2005, August 8, 2005, and November 3, 2006. With the exception of the petition filed in November 2006, Petitioner affixed to his pleadings the criminal case number assigned in state court to his conviction for attempted first degree burglary, *i.e,* CC-02-318. (*See Doc. No. 24 at pgs. 8-11*; *Doc. No. 26, Exhs. A, C-E*.) In the mandamus petition filed in November 2006, Petitioner referenced the state court criminal number for his attempted first degree burglary conviction in addition to other convictions previously entered against him by the Chambers County Circuit Court. (*Doc. No. 24 at pg. 14; Doc. No. 26, Exh. B*.) The court notes, however, that Petitioner did not file his post-conviction petition in CC-02-318 (the conviction for attempted first degree burglary) until July 21, 2005. Thus, despite either Petitioner's or the appellate's and/or supreme court's reference in all five mandamus petitions to "CC-02-318" it is clear that only two of the five mandamus petitions could possibly have been in reference to Petitioner's Rule 32 petition challenging his attempted first degree burglary conviction.

Based on previous court filings submitted by Petitioner, the court takes judicial notice that dual references to "CC-02-318" appear to have originated in the state trial court when a Rule 32 petition filed by Petitioner on or about March 24, 2004, in which Petitioner sought to challenge the convictions for first degree burglary and second degree theft of property entered against him by the Circuit Court for Chambers County, was given the case number "CC-02-318.60" rather than the actual criminal case number for those convictions, *i.e.*, "CC-02-189." *See McCullough v. Hetzel, et al*., Civil Action No. 3:07-CV-26-MEF (M.D. Ala. 2009). Thus, when Petitioner filed his Rule 32 petition on July 21, 2005 in which he challenged his attempted first degree burglary conviction, the Circuit Court for Chambers County gave that Rule 32 petition the designation "CC-02-318.61" since "CC-02-318.60" was already being used, albeit incorrectly. (*See Id.; see Doc. No. 24 at pg. 4*.) This erroneous designation by the state court, however, does not affect the court's disposition of the instant matter.

challenging his first degree attempted burglary conviction nor complain that the  trial court

had failed to act on that  Rule 32 petition. Rather, in one of the writs Petitioner essentially

challenged the validity of his conviction for  attempted first degree burglary, (*see Doc. No.*

*26, Exh.  E*), and in the other writ Petitioner requested mandamus relief  due to "judicial

error" committed by the trial judge.[9] (*Id. at Exh. B*.)

      Petitioner has submitted a copy of the letter he sent  to the Chambers County Circuit

Clerk, Charles Story, on November 24, 2006 requesting a status on his various post-

conviction petitions.  Therein he advised the Clerk that he had not received any notification

that his four or five Rule 32 petitions  had been either set for a hearing or been dismissed and

that he needed such information in order to proceed to federal court.  Petitioner noted in his

letter that he had previously attempted to file a federal habeas corpus application but was

informed in 2005 through those proceedings that his Rule 32 petition remained pending.[10]

---

[9]Petitioner listed several different criminal case numbers on this particular request for mandamus
relief, including the case number for his conviction for first degree attempted burglary.

[10]The court takes judicial notice of its own records which show that Petitioner filed a federal habeas
petition on June 28, 2004 seeking to challenge his convictions for first degree burglary and second degree
theft of property, convictions related to the same crime spree from which his attempted first degree burglary
conviction arose.  On August 4, 2004 the undersigned entered a  Recommendation that the petition be
dismissed without prejudice for Petitioner's failure to exhaust state remedies.  Specifically, the pleadings and
documents before the court reflected that Petitioner's Rule 32 petition challenging the first degree burglary
and second degree theft convictions entered against him by the Circuit Court for Chambers County was
pending in the state courts.  Although Petitioner argued in his federal habeas petition that the he had not yet
received a response to that particular  Rule 32 petition, the court found that that fact, without more, did not
make the filing of Petitioner's federal habeas petition at that particular juncture appropriate. The court, in a
footnote, also advised Petitioner that he "may wish to file a request for a status report in the Circuit Court for
Chambers County concerning his Rule 32 petition."  By order entered August 18, 2004 the court adopted the
Recommendation of the Magistrate Judge.  *See McCullough v. Bullard*, 3:04-CV-631-WHA (M.D. Ala.
2004).  Thus, Petitioner's assertion in his letter to the Circuit Clerk that he learned in 2005 that one of his

Thus, Petitioner requested that if any of his Rule 32 petitions were "inactive," he be provided

written notification to that effect. (*See Doc. No. 24 at 3*.) Mr. Story's response, postmarked

November 28, 2006, informed Petitioner that his post-conviction petition filed in CC-02-

318.60 and CC-02-318.61 had been denied on September 26, 2005.[11]  As noted, Petitioner

filed the instant habeas petition one month later on December 28, 2006.

Here, the court finds that Petitioner has failed to demonstrate that he acted diligently

in pursuing his federal claims.  The first inquiry he made with a court that could provide him

with notice of the status of his July 21, 2005 post-conviction petition challenging his first

degree attempted burglary conviction was filed more than sixteen months (491 days) after

he filed that action and more than a year after the trial court entered its decision on the

matter.  Petitioner devotes considerable argument his claim that he filed writs of mandamus

with the Alabama Court of Criminal Appeals and the Alabama Supreme Court for the alleged

purpose of determining the status of his post-conviction pleadings. The only two pleadings,

however, which Petitioner filed with those courts and which could even have encompassed

his July 21, 2005 post-conviction petition did not actually seek any action by those courts

---

Rule 32 petitions was pending, *i.e.,* CC-02-189, was inaccurate, as he was informed of this information in
2004.

[11]Although Mr. Story's letter appears to have been incorrect with respect to the date on which
Petitioner's Rule 32 petition challenging his attempted first degree burglary conviction was denied,  he was
nonetheless correct at the time of his reply that the petition had been denied. As previously noted, the trial
court denied Petitioner's post-conviction challenge to his attempted first degree burglary conviction on
November 17, 2005.  (*See Doc. No. 28 at pgs. 2, 4; Doc. No. 8, Exh. 2E.*)
.

with respect to the status of that proceeding in the trial court.  (*See Doc. No. 26, Exhs. B, E.*)

Whether a habeas petitioner has exercised due diligence is context-specific and requires an inquiry as to "whether the petitioner should be expected to take actions which would lead him to the information."  *Wilson v. Beard*, 426 F.3d 653, 661-62 (3rd Cir. 2005). "Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option."  *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002).  It does, however, require reasonable diligence in the circumstances.  *Id.*

"A lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas petition."  *Drew*, 297 F.3d at 1288.  "[A] prisoner's lack of knowledge that the state courts have reached a final resolution of [his] case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter."  *See Woodward v. Williams*, 263 F.3d 1135, 1143 (10th Cir. 2001).

Under the circumstances of this case, the court finds that Petitioner has not established that the instant habeas corpus petition was timely filed nor has he established that extraordinary circumstances and due diligence require equitable tolling of the limitations period. *See Drew*, 297 F.3d at 1286. Petitioner does not contend that he was ignorant of the one-year limitation period. Rather, he claims he did not receive timely notice of the trial court's November 17, 2005 denial of his Rule 32 petition. Taking as true Petitioner's

assertion that he did not receive such notice, the court finds that nothing other than Petitioner's own lack of due diligence is responsible for the untimeliness of the filing of the instant habeas petition. *See Drew*, 297 F.3d 1288 (Petitioner's evidence in support of his claim of diligent effort "actually cut[] against" such claim where evidence demonstrated that Petitioner only sent one letter to the district court inquiring about his habeas petition and such inquiry was sent sixteen months after the petition was filed.)

This conclusion is further supported by the fact that in August of 2004 this court, through previous court filings, informed Petitioner that he could send an inquiry to the trial court if he wished to check the status of his state court post-conviction proceedings. *See infra at fn. 10*. Nonetheless, the evidence before the court reflects that Petitioner waited more than two years after that advisement before contacting the Circuit Court for Chambers County requesting information on the status of the various post-conviction petitions he had filed with that court. Further, assuming, *arguendo*, that Petitioner's mandamus requests could support his diligent effort argument, as noted, neither of the two mandamus petitions possibly relevant to Petitioner's July 20, 2005 Rule 32 petition sought information or action from either the Alabama Court of Criminal Appeals or the Alabama Supreme Court with respect to any alleged inaction by the trial court with regard to that post-conviction proceeding. Requests for action or information on any state post-conviction petitions Petitioner filed in the Circuit Court for Chambers County should have been directed to that court.

Here, the court "cannot say that [Petitioner] has acted with the conscience, good faith,

14

and reasonable diligence necessary to call into action the powers of the court. This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5 (internal quotations omitted). The burden on petitioner to ascertain the status of his post-conviction petition was "a burden necessary to sustaining [Petitioner's] claim of extraordinary circumstances." *Woodward*, 263 F.3d at 1143.  There is no evidence in the record tending to show that Petitioner's delay in filing the instant § 2254 petition was the result of extraordinary circumstances that were beyond his control and unavoidable with the exercise of diligence.  The extraordinary circumstances standard applied in this Circuit looks at the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction. *See Helton*, 259 F.3d at 1314-15.

Based on the foregoing analysis, the court concludes that Petitioner has failed to assert any credible basis for either equitable or statutory tolling of the limitation period until he filed this cause of action. The reasons set forth by Petitioner for his untimeliness are insufficient to establish the extraordinary circumstances required to toll the limitation period. The factual predicate of the claims were  available to Petitioner at the time of his conviction and sentence. Further, the claims presented in this petition are not based on a newly recognized constitutional right. Because Petitioner has not shown extraordinary circumstances that would prevent a timely filing and fails to establish a basis on which to

15

conclude that he used due diligence in seeking federal habeas corpus relief, *see Sandvik*, 177 F.3d at 1271, he is not entitled to equitable tolling of the limitation period. Petitioner's petition for habeas corpus relief is, therefore, due to be dismissed as time-barred.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that  the petition for habeas corpus relief filed by Christopher McCullough be DENIED and DISMISSED with prejudice as time-barred under 28 U.S.C. § 2244.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 6 , 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 24th day of September, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE